## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY #1, ) | |
| LLC, d/b/a WASHINGTON COUNTY ) | Chapter 11 |
| HOSPITAL, ) | |
| ) | |
| Debtor. ) | |
| ) | |

### TRUSTEE'S MOTION FOR APPROVAL OF STIPULATION AND CONSENT ORDER: (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION

**NOW COMES** Thomas W. Waldrep, Jr., interim Chapter 11 trustee (the "Trustee") for CAH Acquisition Company #1, LLC d/b/a Washington County Hospital (the "Debtor"), by and through undersigned counsel, and pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedures, hereby moves the Court to approve and enter the attached *Stipulation and Consent Order: (I) Authorizing Use of Cash Collateral, and (II) Granting Adequate Protection* (the "Consent Order") between the Debtor and First Capital Corporation ("First Capital"). The Consent Order is being submitted simultaneously with this Motion, attached hereto as Exhibit 1.

If after proper notification to all parties listed on the Certificate of Service no objections are filed, the Debtor and First Capital request the Court enter the Consent Order.

Respectfully submitted this the 22nd day of March, 2019.

**WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440

Telefax: 336-717-1340
Email: notice@waldrepllp.com

- **and** –

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com

*Proposed attorneys for the Trustee*


EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> CAH ACQUISITION COMPANY #1, ) <br> LLC, d/b/a WASHINGTON COUNTY ) <br> HOSPITAL, ) <br> ) <br> Debtor. ) <br> ) | Case No. 19-00730-5-JNC <br><br> Chapter 11 |

**STIPULATION AND INTERIM CONSENT ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION**

Upon the Emergency *Motion Seeking Authorization to Use Cash Collateral and Grant Adequate Protection* [Dkt No. ___] (the "Cash Collateral Motion") filed on March ___, 2019, by Thomas W. Waldrep, Jr., interim trustee in the above-captioned case (the "Trustee"), for authorization to use cash collateral pursuant to Sections 361 and 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure; the Court having reviewed the Cash Collateral Motion and having heard the statements of counsel in support of the relief requested therein at the hearing before the Court on March 27, 2019 (the "Hearing"); Thomas W. Waldrep, Jr. appearing at the Hearing in his capacity as Trustee, Jason L. Hendren appearing as counsel for

the Trustee, and Stephen W. Petersen and Eric L. Johnson appearing as counsel for First Capital Corporation ("First Capital"); the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M), (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of the Cash Collateral Motion was sufficient under the circumstances, and (v) the legal and factual bases set forth in the Cash Collateral Motion and at the Hearing establish just cause for the relief granted herein; and this Court having determined that granting the relief requested in the Cash Collateral Motion is in the best interests of the Debtor, its estate, and its creditors; and after due deliberation and sufficient cause appearing therefore, the Court hereby **FINDS** as follows:

1. On February 19, 2019 ("Petition Date"), an involuntary Chapter 7 Petition was filed against debtor CAH Acquisition Company #1, LLC d/b/a Washington County Hospital ("Debtor"). On February 22, 2019, the Trustee was appointed as interim Chapter 7 Trustee. On March 15, 2019, Debtor filed a Motion to Convert to Chapter 11, and the Court entered its Order converting the case to Chapter 11. The Trustee was appointed interim Chapter 11 Trustee.

2. In light of the circumstances, adequate and sufficient notice of the Hearing and the relief requested in the Cash Collateral Motion, as evidenced by the applicable certificates of service filed with the Court and as stated on the record, have been given in accordance with the provisions of 11 U.S.C. § 363 and Bankruptcy Rules 2002, and 4001(b). Under the circumstances, no further notice is required.

3. Prior to the Petition Date, First Capital asserts that Debtor was indebted to it pursuant to the terms and conditions of various loan agreements and documents (collectively, the "Loan Documents"). As of the Petition Date, First Capital asserts that (i) Debtor was liable to First Capital in excess of $1,198,910.39 in the aggregate principal amount (exclusive of interest

2

and fees accrued and unpaid thereon and other costs, expenses and indemnities), and (ii) pursuant to the Loan Documents, Debtor is liable to the First Capital for accrued and unpaid interest in addition to all applicable fees, costs, and expenses to the extent allowed under the Loan Documents and applicable law, including, but not limited to attorneys' fees and expenses (collectively, subsections (i), and (ii) of this paragraph are the "Pre-Petition Loan Indebtedness").

4. As security for repayment of the Pre-Petition Indebtedness, First Capital asserts that Debtor granted First Capital security interests in, and liens upon, substantially all of their assets, as more fully described in the Loan Documents, including, without limitation, Debtors' inventory, chattel paper, accounts receivable, equipment, general intangibles, and the proceeds thereof (collectively, including Cash Collateral (as defined below), the "Collateral"). Further, First Capital asserts Debtor's cash constitutes proceeds of the Collateral and, therefore, is cash collateral of First Capital within the meaning of 11 U.S.C. § 363(a) ("Cash Collateral").

5. The Trustee is in possession and/or control of approximately $2.2 million in cash of the Debtor (the "Debtor's Cash"). First Capital asserts that the Debtor's Cash constitutes its Cash Collateral. The Trustee is still in the process of verifying the nature, extent and validity of First Capital's liens and security interests.

6. An immediate need, however, exists for the Trustee to use the Debtor's Cash in order to continue Debtor's operations, specifically the Trustee needs to make payroll on Friday, March 21, 2019, for employees that have been working after the Petition Date to preserve the Debtor's value (total payment of $37,937.90, which includes the necessary payroll deductions). Additionally, the Trustee needs to pay an amount up to $1,500 for a year's worth of VPN access so that the Trustee can access patient data that is stored remotely ("VPN Expense," together with the Payroll Expense, the "Emergency Expenses"). The Trustee asserts that the failure of the Trustee to use Debtor's Cash (which First Capital asserts is Cash Collateral) to pay the

3

Emergency Expenses would immediately and irreparably harm the bankruptcy estate and its creditors.

7.  Subsequent to the Petition Date, but prior to the entry of this Order, the Trustee required the immediate use of cash in the amount of $24,257.41 in order to pay certain employees and purchase necessary services (the "Immediate Expenses"). The Trustee used the Debtor's Cash to pay the Immediate Expenses. First Capital was not aware of such expenditures and did not consent to the same, but does so now subject to the conditions set forth in this Order.

8.  To the extent it constitutes its Cash Collateral, First Capital has consented to the limited and interim use of Debtor's Cash to pay for the Emergency Expenses pursuant to the conditions set forth in this Order and on the condition that First Capital receive the same protections afforded to it under this Order with respect to the Trustee's use of Debtor's Cash for the Immediate Expenses. The Trustee has agreed to such conditions.

9.  Pursuant to 11 U.S.C. § 363(c), to the extent applicable, the Trustee seeks authority to use $50,000 of Debtor's Cash on an interim basis. Good cause has been shown for the immediate entry of this Order. Among other things, the entry of the Order: (i) will enable the Trustee to continue the operation of the hospital and avoid immediate and irreparable harm to the bankruptcy estate; (ii) will allow the parties more time to determine the cash collateral issues in a thoughtful manner; and (iii) is in the best interests of the bankruptcy state and its creditors.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that Trustee is granted the use of Debtor's Cash on a temporary basis up to $50,000 in order to pay the Emergency Expenses, unless specifically prohibited by this Order.

**IT IS FURTHER ORDERED** that the Trustee shall not use any of Debtor's Cash except as expressly authorized and permitted herein or by subsequent order of the Court or by further Stipulation with First Capital.

**IT IS FURTHER ORDERED**, that the Trustee's interim use of the Debtor's Cash is expressly conditioned upon the following:

a. Nothing in this Order shall prejudice rights or remedies of First Capital to assert that the Debtor's Cash constitutes the Cash Collateral of First Capital or seeking an official determination from the Court that the Debtor's Cash is its Cash Collateral or the right and ability of the Trustee to assert a contrary position;

b. The Trustee shall within seven (7) days of this Order provide First Capital an accounting of the Debtor's Cash including the sources of such cash;

c. The Trustee shall segregate and shall not commingle the Debtor's Cash with cash from related debtors or entities;

d. The Trustee shall provide a monthly report to First Capital of the bankruptcy estate's accounts receivable, cash funds, and inventory. First Capital shall have the right to examine all of Debtor's books and records and the Collateral, including bank records relating to prepetition and post-petition time periods, upon five (5) business days advance notice, during normal business hours;

e. As adequate protection for the use of First Capital's Collateral, First Capital shall be granted the following Replacement and Additional Liens subject to the limitations as imposed by this Order (the "Adequate Protection Liens"):

(i) Replacement Liens. First Capital is hereby granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that First Capital's holds a duly perfected pre-Petition Date lien including, without limitation, accounts, inventory, equipment, and proceeds (the "Replacement Liens"). The amount of First Capital's Replacement Liens shall be up to the amount of its indebtedness. The priority of the Replacement Liens shall be in the same priority as First Capital's pre-Petition liens and security interests on similar collateral.

(ii) Senior Additional Liens on Unencumbered Property. First Capital is hereby granted senior additional first priority security interests in and liens upon ("Senior

Additional Liens") all pre-petition and post-petition property of Debtor and Debtor's bankruptcy estate of any nature whatsoever and wherever located, tangible or intangible, whether now or hereafter acquired, whether existing on the Petition Date or thereafter acquired and all proceeds thereof (the "Additional Collateral"), that, on or as of the Petition Date, is not already subject to (1) an existing valid lien or security interest not otherwise subject to avoidance ("Existing Liens"); or (2) a Replacement Lien. For the avoidance of doubt, Additional Collateral shall not include Chapter 5 causes of action.

(iii) Junior Additional Liens on Encumbered Property. First Capital is hereby granted junior additional security interests in and liens upon on all Additional Collateral that is subject to an Existing Lien or Replacement Lien ("Junior Additional Liens", together with the Senior Additional Liens, the "Additional Liens"); provided, however, that to the extent that the obligations owed to First Capital are secured by liens that are senior to the Existing Liens that such liens will retain their senior and superior status over the Existing Liens.

(iv) Amount and Priority of Additional Liens. The Additional Liens shall be up to the amount of any diminution of First Capital's respective collateral position from the Petition Date. The Adequate Protection Liens shall not be (i) subject and subordinate to any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board, or court for any liability of the Debtor or (ii) subordinated to or made pari passu with any other lien or security interest including those granted under 11 U.S.C. §§ 363 or 364 without the consent of First Capital.

(v) Automatic Perfection. The Adequate Protection Liens shall be effective and perfected upon the date of entry of this Order without necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge agreements, financing statements or similar documents, or the possession or control by First Capital of, or over, any property subject to the Adequate Protection Liens. First Capital is hereby authorized, but not required, to file or record financing statements, intellectual property filings, mortgages, depository account control agreements, notices of lien or similar instruments in any jurisdiction in order to validate and perfect the liens and security interests granted to them hereunder. Any error or omission in such documents shall in no way affect the validity, perfection or priority of the Adequate Protection Liens. Whether or not First Capital shall, in its sole discretion, choose to file such financing statements, intellectual property filings, mortgages, notices of lien or similar instruments, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the date of entry of this Interim Order. If First Capital determines to file or execute any financing statements, agreements, notice of liens or similar instruments, the Trustee will cooperate and assist in any such execution and/or filings as reasonably requested by First Capital, and the automatic stay shall be modified to allow such filings.

f. To the extent that the liens granted in subparagraph (e) above prove inadequate to protect First Capital from a demonstrated diminution in value of collateral position from the

6

Petition Date, First Capital is hereby granted an administrative expense claim under Section 503(b) of the Bankruptcy Code with priority in payment under Section 507(b), to the fullest extent allowed under applicable law, over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including Sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114, and shall at all times be senior to the rights of the Trustee, Debtor, and any successor trustee or any creditor, in the Chapter 11 Case or any subsequent proceeding, including without limitation a Chapter 7 proceeding, under the Bankruptcy Code ("Superpriority Claims").

g.  Nothing herein shall prohibit any party, including the Trustee, from challenging the amount of First Capital's claims or the nature, extent, and priority of First Capital's pre-petition security interests in, and liens on, the Debtor's property. The Trustee and First Capital anticipate that they may disagree upon the proper manner of calculating or ascertaining the diminution of the value of First Capital's collateral position. The Trustee and First Capital have agreed to keep the manner of calculating or ascertaining the diminution in value of First Capital's collateral an open question and nothing in this Order waives, restricts, or prejudices the ability of any otherwise appropriate party to raise issues regarding diminution of value should such be asserted by First Capital for purposes of asserting an Additional Lien or a Superpriority Claim.

h.  The adequate protection granted in this Interim Order is without prejudice to First Capital seeking further and other adequate protection to the extent it deems the same necessary and appropriate. Further, this Order is without prejudice to (i) First Capital seeking the early termination of Trustee's use of Debtor's Cash prior to the expiration/termination of this Order for cause, including lack of adequate protection; or (ii) Trustee opposing such early termination.

i.  The Trustee shall continue to maintain the types and amounts of insurance on all

7

its property and assets as required by the Loan Documents. Further, the Trustee shall continue and maintain, in substantially similar fashion, all the types and amounts of insurance that are currently in place as such insurance relates to liability for professional or medical negligence, misconduct and/or malpractice.

**IT IS FURTHER ORDERED** that this Order shall expire and Debtors' right to use Cash Collateral shall terminate, unless extended by further order of this Court or by express written consent of First Capital, on the earlier of (i) April 15, 2019; (ii) the failure of the Trustee or Debtor to comply with any provision of this Order; (iii) the entry of an order authorizing, or there shall occur, a conversion or dismissal of this under Section 1112; (iv) the closing of a sale of all or a substantial portion of the assets of the Debtor; (v) entry of an order granting, or there shall arise, a security interest, mortgage, lien, claim, charge, or encumbrance which is equal or senior to the Adequate Protection Liens; (vi) entry of an order granting, or there shall arise, a claim that is equal or senior to the Superpriority Claim; or (viii) any material provision of this Order for any reason ceases to be enforceable, valid, or binding upon the Trustee, Debtor, or any party so asserts in writing. Notwithstanding the occurrence of a Termination Event, the rights and remedies of First Capital with respect to all transactions which have arisen prior to the termination date including, without limitation, any liens, security interests, or claims granted by this Interim Order, shall remain unimpaired and unaffected by any such expiration and shall survive such expiration.

**IT IS FURTHER ORDERED** that to be effective any waiver by First Capital of the provisions of this Order or consent required under this Order must be in writing, which includes electronic mail.

**IT IS FURTHER ORDERED** that the provisions of this Order and the adequate protection granted herein shall also extend to any Cash Collateral used by the Trustee or Debtor

8

WA 12705940.3

subsequent to the Petition Date, but prior to entry of this Order.

**IT IS FURTHER ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of First Capital, the Trustee, the Debtor, and their respective successors and assigns (including without limitation, any subsequent or successor Chapter 11 or Chapter 7 trustee, examiner, or other fiduciary hereafter appointed for the Debtor or with respect to any of the Debtor's property); provided, however, nothing herein shall prohibit any party from challenging the nature, extent and priority of First Capital's security interests in, and liens on, the Collateral.

**IT IS FURTHER ORDERED** that this Interim Order shall become effective and enforceable upon approval and entry as an order of the Bankruptcy Court. If any provision of this Interim Order is hereafter modified, vacated, or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established, nor the validity, priority, or enforceability of any lien or claim granted by Debtors to First Capital. The liens and claims granted to First Capital under this Interim Order, and the priority thereof, shall be binding (subject to the terms of this Interim Order) on the Trustee, the Debtor, the bankruptcy estate, any subsequent trustee or examiner, and all creditors of the Debtor.

WE CONSENT:

**WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com
*Attorneys for the Trustee*

**SPENCER FANE, LLP**

/s/ *Eric L. Johnson*
Eric L. Johnson (MO State Bar No. 53131
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: 816-292-8267
Email: ejohnson@spencerfane.com
Attorney for First Capital Corporation

-END OF DOCUMENT-

WA 12705940.3

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE: )
)
) Case No. 19-00730-5-JNC
CAH ACQUISITION COMPANY #1, )
LLC, d/b/a WASHINGTON COUNTY ) Chapter 11
HOSPITAL, )
)
)
Debtor. )
)

## NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the **TRUSTEE'S MOTION FOR APPROVAL OF STIPULATION AND CONSENT ORDER: (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION** ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court by **5:00p.m. on March 26, 2019**; and,

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the motion and any response thereto on **Wednesday, March 27, 2019 at 11:00 a.m. at the United States Bankruptcy Court, 150 Reade Circle, Greenville, North Carolina**. Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice. Any party filing an objection requesting a hearing, shall appear at said hearing or they may be taxed with Court costs

DATED: March 22, 2019      **WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com
*Attorneys for the Trustee*

- and -

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com

*Proposed Attorneys for the Trustee*

## CERTIFICATE OF SERVICE

I, Thomas W. Waldrep, Jr., 101 S. Stratford Road, Suite 210, Winston Salem, North Carolina 27104, certify:

That I am, at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on the 22nd day of March, 2019, I served copies of the foregoing pleading on the parties listed below and attached Exhibit "A", by depositing a copy of the same in the United States mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is turn and correct.

Dated: March 22, 2019      **WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

*Attorneys for the Trustee*

- and -

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com

*Proposed Attorneys for the Trustee*

To:
Marjorie K. Lynch (via CM/ECF)
Office of the Bankruptcy Administrator

Rayford K. Adams (via CM/ECF)
Counsel for the Debtor

Terri L. Gardner (via CM/ECF)
Counsel for Medline Industries, Inc.
Counsel for Washington County, NC
Counsel for Robert Venable, M.D.

Katherine M. McCraw (via CM/ECF)
Counsel for NC DHHS

Stephen W. Petersen (via CM/ECF)
Jeffrey R. Whitley
Counsel for First Capital Corporation

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0417-5<br>Case 19-00730-5-JNC<br>Eastern District of North Carolina<br>Raleigh<br>Fri Mar 22 15:25:28 EDT 2019 | Rayford K. Adams III<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Dr., Suite 500<br>Winston-Salem, NC 27103-1958 | App Group International, LLC<br>Jason Gang, Esq<br>1245 Hewlett Plaza, #478<br>Hewlett, NY 11557-4021 |
| (p)BANKRUPTCY ADMINISTRATOR EDNC<br>434 FAYETTEVILLE STREET<br>SUITE 640<br>RALEIGH NC 27601-1888 | Bankruptcy Administrator<br>Two Hannover Square, Ste. 640<br>434 Fayetteville Street<br>Raleigh, NC 27601-1701 | Baxter Healthcare<br>1 Baxter Pkwy, DF3-2E<br>Deerfield, IL 60015-4633 |
| CAH Acquisition Company # 1, LLC<br>c/o Corporation Service Co. Reg. Agent<br>2626 Glenwood Avenue Suite 550<br>Raleigh, NC 27608-1370 | CAH Acquisition Company #1, LLC d/b/a W<br>958 U.S. Highway 64 East<br>Plymouth, NC 27962-9216 | Employment Security Commission<br>PO Box 26504<br>Raleigh, NC 27611-6504 |
| Terri L. Gardner<br>Nelson Mullins Riley & Scarborough, LLP<br>4140 Parklake Avenue, Suite 200<br>Raleigh, NC 27612-3731 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Marjorie K. Lynch<br>Bankruptcy Administrator<br>434 Fayetteville Street, Suite 640<br>Raleigh, NC 27601-1888 |
| Katherine Montgomery McCraw<br>North Carolina Department of Justice<br>PO Box 629<br>Courier Number 51-41-22<br>Raleigh, NC 27602-0629 | Medline Industries, Inc.<br>Three Lakes Drive<br>Northfield, IL 60093-2753 | Francisco T. Morales<br>Waldrep LLP<br>101 S. Stratford Road, Suite 210<br>Winston-Salem, NC 27104-4224 |
| NC Department of Revenue<br>Office Services Div., Bankruptcy Unit<br>PO Box 1168<br>Raleigh, NC 27602-1168 | Jorge Perez<br>PO Box 953296<br>Saint Louis, MO 63195-3296 | Stephen W. Petersen<br>Smith Moore Leatherwood LLP<br>PO Box 27525<br>Raleigh, NC 27611-7525 |
| Curtis S. Potter<br>Washington County, County Manager/Atty<br>PO Box 1007<br>Plymouth, NC 27962-1007 | Quest Diagnostics Clinical Laboratories Inc.<br>c/o Melody Graden MR 481<br>1001 Adams Ave<br>Norristown, PA 19403-2401 | Shane Reed<br>Director/Credit A/R Escalation Finance<br>Three Lakes Drive<br>Northfield, IL 60093-2753 |
| US Attorney<br>310 New Bern Avenue, Suite 800<br>Federal Building<br>Raleigh, NC 27601-1461 | Robert Venable, M.D.<br>Post Office Box 1026<br>Plymouth, NC 27962-1026 | Thomas W. Waldrep Jr.<br>Waldrep LLP<br>101 S. Stratford Road, Suite 210<br>Winston-Salem, NC 27104-4224 |
| Waldrep LLP<br>101 S. Stratford Road, Suite 210<br>Winston-Salem, NC 27104-4224 | Washington County, NC<br>Post Office Box 1007<br>Plymouth, NC 27962-1007 | Jeffrey R. Whitley<br>Smith Moore Leatherwood LLP<br>Post Office Box 27525<br>Raleigh, NC 27611-7525 |

15

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).