UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In the Matter of**<br><br>**CAH Acquisition Company #1, LLC d/b/a Washington County Hospital** | Case No.  19-00730-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company # 3, LLC** | 19-01180-5-JNC<br><br> Chapter 11 |
| **CAH Acquisition Company 16, LLC** | 19-01227-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company # 4, Inc.** | 19-01228-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company 12, LLC** | 19-01229-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company #2** | 19-01230-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company 6, LLC** | 19-01300-5-JNC<br><br>Chapter 11 |
| **CAH Acquisition Company 7, LLC** | 19-01298-5-JNC<br><br>Chapter 11 |

### BANKRUPTCY ADMINISTRATOR'S REPORT AND RECOMMENDATION REGARDING APPOINTMENT OF PATIENT CARE OMBUDSMAN

Now comes the Bankruptcy Administrator and respectfully submits this report and recommendation regarding the appointment of a patient care ombudsman pursuant to 11 U.S.C. §333 as follows:

1. The court has scheduled a hearing to consider the appointment of a patient care ombudsman pursuant to 11 U.S.C. §333(a) in the above-referenced matters on March 28, 2019.

2. These cases involve critical access hospitals located in underserved rural communities in Kansas, Missouri, Oklahoma and North Carolina. The Bankruptcy Administrator believes that the appointment of an ombudsman with the capacity to handle facilities in these states is appropriate and desirable. She has been in discussions with an organization that has the capacity to handle these geographically diverse facilities. However, the piecemeal filing of these matters has been problematic in determining the scope of the engagement and the Bankruptcy Administrator has not finalized her recommendation as of the date of this hearing.

3. In addition, the Bankruptcy Administrator is aware through media accounts found in internet searches that some of these hospitals are closed and there are no current patients. Others are open, but it is unclear if they will continue to care for patients as the source of funding for operations is unknown.

4. The Bankruptcy Administrator requests that she be given an extension of time not to exceed 14 days to determine the scope of the engagement and finalize her recommendation under 11 U.S.C. §333(b).

Wherefore, the Bankruptcy Administrator recommends to the court that a patient care ombudsman be appointed in operating cases and that she be granted fourteen days to finalize a recommendation for a candidate to serve in that capacity and such other and further relief as the court deems just and proper.

Respectfully submitted, this the 28th day of March 2019.

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
Marjorie_lynch@nceba.uscourts.gov
State Bar No. 13594

## **CERTIFICATE OF SERVICE**

I, Marjorie K. Lynch, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon counsel of record by cm/ecf and by hand delivery.

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 28th of March 2019.

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
Marjorie_lynch@nceba.uscourts.gov
State Bar No. 13594