# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CAH ACQUISITION COMPANY #1,<br>LLC, d/b/a WASHINGTON COUNTY<br>HOSPITAL,<br><br>Debtor. | Case No. 19-00730-5-JNC<br><br>Chapter 11 |

## TRUSTEE'S MOTION FOR APPROVAL OF SECOND STIPULATION AND INTERIM CONSENT ORDER: (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION

**NOW COMES** Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH Acquisition Company #1, LLC d/b/a Washington County Hospital (the "Debtor"), by and through undersigned counsel, and pursuant to Rule 4001(d) of the Federal Rules of Bankruptcy Procedures, hereby moves the Court to approve and enter the attached *Second Stipulation and Consent Order: (I) Authorizing Use of Cash Collateral, and (II) Granting Adequate Protection* (the "Consent Order") between the Debtor and First Capital Corporation ("First Capital"). The Consent Order is being submitted simultaneously with this Motion, attached hereto as Exhibit 1.

If after proper notification to all parties listed on the Certificate of Service no objections are filed, the Debtor and First Capital request the Court enter the Consent Order.

Respectfully submitted this the 5th day of April, 2019.

**WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440

Telefax: 336-717-1340
Email: notice@waldrepllp.com

- **and** –

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com

*Proposed attorneys for the Trustee*



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> CAH ACQUISITION COMPANY #1, ) <br> LLC, d/b/a WASHINGTON COUNTY ) <br> HOSPITAL, ) <br> ) <br> Debtor. ) <br> ) | Case No. 19-00730-5-JNC <br><br> Chapter 11 |

**SECOND STIPULATION AND INTERIM CONSENT ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION**

Upon the consent of Thomas W. Waldrep, Jr., interim trustee in the above-captioned case (the "Trustee"), and First Capital Corporation ("First Capital"), the Court, having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M), (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of this *Second Stipulation and Interim Consent Order (I) Authorizing Use of Cash Collateral, and (II) Granting Adequate Protection* was sufficient under the circumstances, (v) the legal and factual bases set forth herein establish just cause for the relief granted herein; and (vi) granting the relief requested herein is in

the best interests of the Debtor, its estate, and its creditors, and after due deliberation and sufficient cause appearing therefore, hereby **FINDS** as follows:

1. On February 19, 2019 ("Petition Date"), an involuntary Chapter 7 Petition was filed against debtor CAH Acquisition Company #1, LLC d/b/a Washington County Hospital ("Debtor"). On February 22, 2019, the Trustee was appointed as interim Chapter 7 Trustee. On March 15, 2019, Debtor filed a Motion to Convert to Chapter 11, and the Court entered its Order converting the case to Chapter 11. The Trustee was appointed interim Chapter 11 Trustee.

2. In light of the circumstances, adequate and sufficient notice of the relief requested herein, as evidenced by the applicable certificates of service filed with the Court and as stated on the record, have been given in accordance with the provisions of 11 U.S.C. § 363 and Bankruptcy Rules 2002, and 4001(b). Under the circumstances, no further notice is required.

3. Prior to the Petition Date, First Capital asserts that Debtor was indebted to it pursuant to the terms and conditions of various loan agreements and documents (collectively, the "Loan Documents"). As of the Petition Date, First Capital asserts that (i) Debtor was liable to First Capital in excess of $1,198,910.39 in the aggregate principal amount (exclusive of interest and fees accrued and unpaid thereon and other costs, expenses and indemnities), and (ii) pursuant to the Loan Documents, Debtor is liable to the First Capital for accrued and unpaid interest in addition to all applicable fees, costs, and expenses to the extent allowed under the Loan Documents and applicable law, including, but not limited to attorneys' fees and expenses (collectively, subsections (i), and (ii) of this paragraph are the "Pre-Petition Loan Indebtedness").

4. As security for repayment of the Pre-Petition Indebtedness, First Capital asserts that Debtor granted First Capital security interests in, and liens upon, substantially all of their assets, as more fully described in the Loan Documents, including, without limitation, Debtors' inventory, chattel paper, accounts receivable, equipment, general intangibles, and the proceeds

2

thereof (collectively, including Cash Collateral (as defined below), the "Collateral"). Further, First Capital asserts Debtor's cash constitutes proceeds of the Collateral and, therefore, is cash collateral of First Capital within the meaning of 11 U.S.C. § 363(a) ("Cash Collateral").

5. The Trustee is in possession and/or control of approximately $2.2 million in cash of the Debtor (the "Debtor's Cash"). First Capital asserts that the Debtor's Cash constitutes its Cash Collateral. The Trustee is still in the process of verifying the nature, extent and validity of First Capital's liens and security interests.

6. An immediate need, however, exists for the Trustee to use the Debtor's Cash in order to reopen Washington County Hospital pursuant to the attached two-week expense budget (the "Reopening Expenses"). The Trustee asserts that the failure of the Trustee to use Debtor's Cash (which First Capital asserts is Cash Collateral) to pay the Reopening Expenses would immediately and irreparably harm the bankruptcy estate and its creditors.

7. To the extent it constitutes its Cash Collateral, First Capital has consented to the limited and interim use of Debtor's Cash to pay for the Reopening Expenses pursuant to the conditions set forth in this Order. The Trustee has agreed to such conditions.

8. Pursuant to 11 U.S.C. § 363(c), to the extent applicable, the Trustee seeks authority to use Debtor's Cash to pay the Reopening Expenses on an interim basis. Good cause has been shown for the immediate entry of this Order. Among other things, the entry of the Order: (i) will enable the Trustee to reopen Washington County Hospital and avoid immediate and irreparable harm to the bankruptcy estate; (ii) will allow the parties more time to determine the cash collateral issues in a thoughtful manner; and (iii) is in the best interests of the bankruptcy state and its creditors.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that Trustee is granted the use of Debtor's Cash on a temporary basis to pay

the Reopening Expenses, unless specifically prohibited by this Order.

**IT IS FURTHER ORDERED** that the Trustee shall not use any of Debtor's Cash except as expressly authorized and permitted herein or by subsequent order of the Court or by further Stipulation with First Capital.

**IT IS FURTHER ORDERED**, that the Trustee's interim use of the Debtor's Cash is expressly conditioned upon the following:

a. Nothing in this Order shall prejudice rights or remedies of First Capital to assert that the Debtor's Cash constitutes the Cash Collateral of First Capital or seeking an official determination from the Court that the Debtor's Cash is its Cash Collateral or the right and ability of the Trustee to assert a contrary position;

b. The Trustee shall within seven (7) days of this Order provide First Capital an accounting of the Debtor's Cash including the sources of such cash;

c. The Trustee shall segregate and shall not commingle the Debtor's Cash with cash from related debtors or entities;

d. The Trustee shall provide a monthly report to First Capital of the bankruptcy estate's accounts receivable, cash funds, and inventory. First Capital shall have the right to examine all of Debtor's books and records and the Collateral, including bank records relating to prepetition and post-petition time periods, upon five (5) business days advance notice, during normal business hours;

e. As adequate protection for the use of First Capital's Collateral, First Capital shall be granted the following Replacement and Additional Liens subject to the limitations as imposed by this Order (the "Adequate Protection Liens"):

    (i) Replacement Liens. First Capital is hereby granted replacement security interests in, and liens on, all post-Petition Date acquired property of the Debtor and the Debtor's bankruptcy estate that is the same type of property that First Capital's holds a

4

duly perfected pre-Petition Date lien including, without limitation, accounts, inventory, equipment, and proceeds (the "Replacement Liens"). The amount of First Capital's Replacement Liens shall be up to the amount of its indebtedness. The priority of the Replacement Liens shall be in the same priority as First Capital's pre-Petition liens and security interests on similar collateral.

(ii) Senior Additional Liens on Unencumbered Property. First Capital is hereby granted senior additional first priority security interests in and liens upon ("Senior Additional Liens") all pre-petition and post-petition property of Debtor and Debtor's bankruptcy estate of any nature whatsoever and wherever located, tangible or intangible, whether now or hereafter acquired, whether existing on the Petition Date or thereafter acquired and all proceeds thereof (the "Additional Collateral"), that, on or as of the Petition Date, is not already subject to (1) an existing valid lien or security interest not otherwise subject to avoidance ("Existing Liens"); or (2) a Replacement Lien. For the avoidance of doubt, Additional Collateral shall not include Chapter 5 causes of action.

(iii) Junior Additional Liens on Encumbered Property. First Capital is hereby granted junior additional security interests in and liens upon on all Additional Collateral that is subject to an Existing Lien or Replacement Lien ("Junior Additional Liens", together with the Senior Additional Liens, the "Additional Liens"); provided, however, that to the extent that the obligations owed to First Capital are secured by liens that are senior to the Existing Liens that such liens will retain their senior and superior status over the Existing Liens.

(iv) Amount and Priority of Additional Liens. The Additional Liens shall be up to the amount of any diminution of First Capital's respective collateral position from the Petition Date. The Adequate Protection Liens shall not be (i) subject and subordinate to any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board, or court for any liability of the Debtor or (ii) subordinated to or made pari passu with any other lien or security interest including those granted under 11 U.S.C. §§ 363 or 364 without the consent of First Capital.

(v) Automatic Perfection. The Adequate Protection Liens shall be effective and perfected upon the date of entry of this Order without necessity for the execution or recordation of filings of deeds of trust, mortgages, security agreements, control agreements, pledge agreements, financing statements or similar documents, or the possession or control by First Capital of, or over, any property subject to the Adequate Protection Liens. First Capital is hereby authorized, but not required, to file or record financing statements, intellectual property filings, mortgages, depository account control agreements, notices of lien or similar instruments in any jurisdiction in order to validate and perfect the liens and security interests granted to them hereunder. Any error or omission in such documents shall in no way affect the validity, perfection or priority of the Adequate Protection Liens. Whether or not First Capital shall, in its sole discretion, choose to file such financing statements, intellectual property filings, mortgages, notices of lien or similar instruments, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the date of entry of this Interim Order. If First Capital determines

5

to file or execute any financing statements, agreements, notice of liens or similar instruments, the Trustee will cooperate and assist in any such execution and/or filings as reasonably requested by First Capital, and the automatic stay shall be modified to allow such filings.

f. To the extent that the liens granted in subparagraph (e) above prove inadequate to protect First Capital from a demonstrated diminution in value of collateral position from the Petition Date, First Capital is hereby granted an administrative expense claim under Section 503(b) of the Bankruptcy Code with priority in payment under Section 507(b), to the fullest extent allowed under applicable law, over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including Sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114, and shall at all times be senior to the rights of the Trustee, Debtor, and any successor trustee or any creditor, in the Chapter 11 Case or any subsequent proceeding, including without limitation a Chapter 7 proceeding, under the Bankruptcy Code ("Superpriority Claims").

g. Nothing herein shall prohibit any party, including the Trustee, from challenging the amount of First Capital's claims or the nature, extent, and priority of First Capital's pre-petition security interests in, and liens on, the Debtor's property. The Trustee and First Capital anticipate that they may disagree upon the proper manner of calculating or ascertaining the diminution of the value of First Capital's collateral position. The Trustee and First Capital have agreed to keep the manner of calculating or ascertaining the diminution in value of First Capital's collateral an open question and nothing in this Order waives, restricts, or prejudices the ability of any otherwise appropriate party to raise issues regarding diminution of value should such be asserted by First Capital for purposes of asserting an Additional Lien or a Superpriority Claim.

h. The adequate protection granted in this Interim Order is without prejudice to First

6

Capital seeking further and other adequate protection to the extent it deems the same necessary and appropriate. Further, this Order is without prejudice to (i) First Capital seeking the early termination of Trustee's use of Debtor's Cash prior to the expiration/termination of this Order for cause, including lack of adequate protection; or (ii) Trustee opposing such early termination.

  i. The Trustee shall continue to maintain the types and amounts of insurance on all its property and assets as required by the Loan Documents. Further, the Trustee shall continue and maintain, in substantially similar fashion, all the types and amounts of insurance that are currently in place as such insurance relates to liability for professional or medical negligence, misconduct and/or malpractice.

**IT IS FURTHER ORDERED** that this Order shall expire and Debtors' right to use Cash Collateral shall terminate, unless extended by further order of this Court or by express written consent of First Capital, on the earlier of (i) April 30, 2019; (ii) the failure of the Trustee or Debtor to comply with any provision of this Order; (iii) the entry of an order authorizing, or there shall occur, a conversion or dismissal of this under Section 1112; (iv) the closing of a sale of all or a substantial portion of the assets of the Debtor; (v) entry of an order granting, or there shall arise, a security interest, mortgage, lien, claim, charge, or encumbrance which is equal or senior to the Adequate Protection Liens; (vi) entry of an order granting, or there shall arise, a claim that is equal or senior to the Superpriority Claim; or (viii) any material provision of this Order for any reason ceases to be enforceable, valid, or binding upon the Trustee, Debtor, or any party so asserts in writing. Notwithstanding the occurrence of a Termination Event, the rights and remedies of First Capital with respect to all transactions which have arisen prior to the termination date including, without limitation, any liens, security interests, or claims granted by this Interim Order, shall remain unimpaired and unaffected by any such expiration and shall survive such expiration.

**IT IS FURTHER ORDERED** that to be effective any waiver by First Capital of the provisions of this Order or consent required under this Order must be in writing, which includes electronic mail.

**IT IS FURTHER ORDERED** that the provisions of this Order and the adequate protection granted herein shall also extend to any Cash Collateral used by the Trustee or Debtor subsequent to the Petition Date, but prior to entry of this Order.

**IT IS FURTHER ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of First Capital, the Trustee, the Debtor, and their respective successors and assigns (including without limitation, any subsequent or successor Chapter 11 or Chapter 7 trustee, examiner, or other fiduciary hereafter appointed for the Debtor or with respect to any of the Debtor's property); provided, however, nothing herein shall prohibit any party from challenging the nature, extent and priority of First Capital's security interests in, and liens on, the Collateral.

**IT IS FURTHER ORDERED** that this Interim Order shall become effective and enforceable upon approval and entry as an order of the Bankruptcy Court. If any provision of this Interim Order is hereafter modified, vacated, or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established, nor the validity, priority, or enforceability of any lien or claim granted by Debtors to First Capital. The liens and claims granted to First Capital under this Interim Order, and the priority thereof, shall be binding (subject to the terms of this Interim Order) on the Trustee, the Debtor, the bankruptcy estate, any subsequent trustee or examiner, and all creditors of the Debtor.

WE CONSENT:

**WALDREP LLP**

/s/*Thomas W Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
101 S. Stratford Road, Suite 210, Winston-Salem, NC 27104
Telephone: 336-717-1440
Email: notice@waldrepllp.com
*Attorneys for the Trustee*

**SPENCER FANE, LLP**

/s/*Eric L. Johnson*
Eric L. Johnson (MO State Bar No. 53131)
1000 Walnut, Suite 1400, Kansas City, MO 64106
Telephone: 816-292-8267
Email: ejohnson@spencerfane.com
Attorney for First Capital Corporation

-END OF DOCUMENT-

|   | A | B | C |
|---|---|---|---|
| 1 | **Washington County** | | |
| 2 | **April 2019 2 week Expenses** | | |
| 3 | | | |
| 4 | | | |
| 5 | **Expenses** | | |
| 6 | *Payroll:* | **Weekly** | **Pay Period** |
| 7 | Admin | $10,108 | $20,215 |
| 8 | Clinical | $1,262 | $2,523 |
| 9 | Providers | $5,560 | $11,120 |
| 10 | **Total Payroll:** | **$16,930** | **$33,858** |
| 11 | | | |
| 12 | *Supplies:* | | |
| 13 | All Medical Supplies--syringes, bandaids, tape, 2x2, 4x4, basins, urinals, fracture pans, suction supplies, primary/secondary lines, J-lubes, trach care kits, central line kits, chest tube drainage system (2),suture kits, suture removal kits, | $6,800 | |
| 14 | Pharmacy Medications, oral and IV Contrast for Xray | $6,539 | |
| 15 | Intraosseous needles for the ER | $1,000 | |
| 16 | Oxygen | $2,000 | |
| 17 | Linen Services--50 towels=22.50; 50 Washcloth=7.00; 50 microfiber mop=25.00; 6 Dust mop=6.60; 50 Microfiber cleaning cloths=11.00;125 Thermal blanks=162.50;150 Flat sheets=72.00;150 Fitted sheets=72.00;3 Wet mop handle=0.75; 3 Wet mop frame=1.20; 3 Ped Small Gown=1.38; 3 Ped Med Gown=1.38; 3 Ped Large Gown=1.38;150 Pillow cases=36.00; | $516 | |
| 18 | Paper towels, toilet paper, and hand soap--380, Office supplies--60, Postage--110 | $550 | |
| 19 | **Supplies Total** | **$17,405** | |
| 20 | | | |
| 21 | *LAB Operations:* | | |
| 22 | Chemistry Reagents/Maintenance Supplies | $10,000 | |
| 23 | Medical Review Officer | $188 | |
| 24 | Serology reagents and collection supplies | $10,000 | |
| 25 | Coagulation supplies | $1,100 | |
| 26 | Hematology reagents | $2,000 | |
| 27 | O Negative Blood | $2,000 | |
| 28 | Blood gas and backup chemistry cartridges & controls | $3,260 | |
| 29 | Coagulation reagents for 1 year | $8,327 | |
| 30 | Lab Proficiency Testing | $1,446 | |
| 31 | **Total Lab Expenses** | **$38,321** | |
| 32 | | | |
| 33 | | | |

|    | A | B | C |
|----|---|---|---|
| 34 | *Professional Fees:* | | |
| 35 | Dr. William Balance--Lab Medical Director | $1,500 | |
| 36 | Dr. Robert Venable--Medical Director | $2,500 | |
| 37 | **Total Professional Fees** | **$4,000** | |
| 38 | | | |
| 39 | *Purchased Services:* | | |
| 40 | Documentation Templates | $400 | |
| 41 | Transcription Services | $800 | |
| 42 | Background checks | $210 | |
| 43 | Drug screenings | $261 | |
| 44 | Clearinghouse Activation Fee | $2,500 | |
| 45 | Pest Control | $186 | |
| 46 | **Total Purchased Services** | **$4,357** | |
| 47 | | | |
| 48 | *Maintenance:* | | |
| 49 | Gas for mowers-100, ceiling tiles--120, ink cartridges-500 | $720 | |
| 50 | Hot water heater replacement for RHC | $440 | |
| 51 | Physicist Inspection | $1,701 | |
| 52 | Maintenance--CT Scanner PM | $2,000 | |
| 53 | Portable Xray equipment PM | $1,400 | |
| 54 | Equipment inspections | $1,700 | |
| 55 | AC repair | $2,000 | |
| 56 | Mammo equipment repairs | $4,973 | |
| 57 | FDA Inspection for Mammo | $1,400 | |
| 58 | Telemetry System Lease | $2,260 | |
| 59 | **Total Maintenance** | **$18,594** | |
| 60 | | | |
| 61 | *Utilities:* | | |
| 62 | LP Gas | $500 | |
| 63 | Electricity | $2,393 | |
| 64 | **Total Utilities** | **$2,893** | |
| 65 | | | |
| 66 | *Compliance:* | | |
| 67 | Damper Repairs-Fire Door Solutions is holding the reports of their inspection until the 2550 is paid. To prevent paying for Schneider to do another inspection. | $2,550 | |
| 68 | Fire Extinguishers | $226 | |
| 69 | **Total Compliance** | **$2,776** | |
| 70 | | | |
| 71 | *Community Outreach:* | | |
| 72 | Opening Day Refreshments - Community Participation | $1,000 | |
| 73 | | | |
| 74 | **Total Operating Expenses** | **$123,204** | |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE: )
 )
CAH ACQUISITION COMPANY #1, )
LLC, d/b/a WASHINGTON COUNTY )
HOSPITAL, )
 )
      Debtor. )
 )

Case No. 19-00730-5-JNC

Chapter 11

### NOTICE OF MOTION

NOTICE IS HEREBY GIVEN of the **TRUSTEE'S MOTION FOR APPROVAL OF SECOND STIPULATION AND INTERIM CONSENT ORDER: (I) AUTHORIZING USE OF CASH COLLATERAL, AND (II) GRANTING ADEQUATE PROTECTION** ("Motion") filed simultaneously herewith in the above captioned case; and,

FURTHER NOTICE IS HEREBY GIVEN that this Motion may be allowed provided no responses and request for a hearing is made by a party in interest in writing to the Clerk of this Court by **4:00p.m. on April 9, 2019**; and,

FURTHER NOTICE IS HEREBY GIVEN, that a hearing will be conducted on the motion and any response thereto on **Wednesday, April 10, 2019 at 1:00 p.m. at the United States Bankruptcy Court, 150 Reade Circle, Greenville, North Carolina.** Any party requesting a hearing shall appear at said hearing in support of such request or he may be assessed Court costs. If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto *ex parte* without further notice. Any party filing an objection requesting a hearing, shall appear at said hearing or they may be taxed with Court costs

DATED: April 5, 2019     **WALDREP LLP**

                                  /s/ *Thomas W. Waldrep, Jr.*
                                Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
                                Jennifer B. Lyday (NC Bar No. 39871)
                                Francisco T. Morales (NC Bar No. 43079)
                                101 S. Stratford Road, Suite 210
                                Winston-Salem, NC 27104
                                Telephone: 336-717-1440
                                Telefax: 336-717-1340
                                Email: notice@waldrepllp.com
                                *Attorneys for the Trustee*

- and -

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
      rredwine@hendrenmalone.com

*Proposed Attorneys for the Trustee*

# CERTIFICATE OF SERVICE

I, Thomas W. Waldrep, Jr., 101 S. Stratford Road, Suite 210, Winston Salem, North Carolina 27104, certify:

That I am, at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on the 5th day of April, 2019, I served copies of the foregoing pleading on the parties listed below and attached Exhibit "A", by depositing a copy of the same in the United States mail bearing sufficient postage.

I certify under penalty of perjury that the foregoing is turn and correct.

Dated: April 5, 2019     **WALDREP LLP**

/s/ *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

*Attorneys for the Trustee*

- **and** -

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com

*Proposed Attorneys for the Trustee*

To:
Marjorie K. Lynch                                    (via CM/ECF)
Office of the Bankruptcy Administrator

Rayford K. Adams                                     (via CM/ECF)
Counsel for the Debtor

Terri L. Gardner                                     (via CM/ECF)
Counsel for Medline Industries, Inc.
Counsel for Washington County, NC
Counsel for Robert Venable, M.D.

Katherine M. McCraw                                  (via CM/ECF)
Counsel for NC DHHS

Stephen W. Petersen                                  (via CM/ECF)
Jeffrey R. Whitley
Counsel for First Capital Corporation

```
Label Matrix for local noticing            Rayford K. Adams III                       App Group International, LLC
0417-5                                     Spilman Thomas & Battle, PLLC              Jason Gang, Esq
Case 19-00730-5-JNC                        110 Oakwood Dr., Suite 500                 1245 Hewlett Plaza, #478
Eastern District of North Carolina         Winston-Salem, NC 27103-1958               Hewlett, NY 11557-4021
Raleigh
Fri Apr  5 14:34:59 EDT 2019

(p)BANKRUPTCY ADMINISTRATOR EDNC           Bankruptcy Administrator                   Baxter Healthcare
434 FAYETTEVILLE STREET                    Two Hannover Square, Ste. 640              1 Baxter Pkwy, DF3-2E
SUITE 640                                  434 Fayetteville Street                    Deerfield, IL 60015-4633
RALEIGH NC 27601-1888                      Raleigh, NC 27601-1701


Beckman Coulter, Inc                       CAH Acquisition Company # 1, LLC           CAH Acquisition Company #1, LLC d/b/a W
250 S Kraemer Blvd- D1. NW. 03             c/o Corporation Service Co. Reg. Agent     958 U.S. Highway 64 East
Brea, CA 92821-6232                        2626 Glenwood Avenue Suite 550             Plymouth, NC 27962-9216
                                           Raleigh, NC 27608-1370


City of Drumright, Oklahoma                Employment Security Commission             Terri L. Gardner
c/o Ayers & Haidt, PA                      PO Box 26504                               Nelson Mullins Riley & Scarborough, LLP
PO Box 1544                                Raleigh, NC 27611-6504                     4140 Parklake Avenue, Suite 200
New Bern, NC 28563-1544                                                               Raleigh, NC 27612-3731


David J Haidt                              IHealthcare Management II Company          IHealthcare Software Services, Inc.
Ayers & Haidt, P.A.                        Attn: Noel Mijars                          Attn: Noel Mijares
PO Box 1544                                3901 SW 28th Street                        3901 SW 28th Street
New Bern, NC 28563-1544                    2nd Floor                                  2nd Floor
                                           Miami, FL 33142                            Miami, FL 33142


(p)INTERNAL REVENUE SERVICE                Marjorie K. Lynch                          Maxim Healthcare Services, Inc.
CENTRALIZED INSOLVENCY OPERATIONS          Bankruptcy Administrator                   John Campbell
PO BOX 7346                                434 Fayetteville Street, Suite 640         7227 Lee DeForest Drive
PHILADELPHIA PA 19101-7346                 Raleigh, NC 27601-1888                     Columbia, MD 21046-3236


Katherine Montgomery McCraw                Medline Industries, Inc.                   Francisco T. Morales
North Carolina Department of Justice       Three Lakes Drive                          Waldrep LLP
PO Box 629                                 Northfield, IL 60093-2753                  101 S. Stratford Road, Suite 210
Courier Number 51-41-22                                                               Winston-Salem, NC 27104-4224
Raleigh, NC 27602-0629


NC Department of Revenue                   Jorge Perez                                Stephen W. Petersen
Office Services Div., Bankruptcy Unit      PO Box 953296                              Fox Rothschild, LLP
PO Box 1168                                Saint Louis, MO 63195-3296                 Post Office Box 27525
Raleigh, NC 27602-1168                                                                Raleigh, NC 27611-7525


Curtis S. Potter                           Quest Diagnostics Clinical Laboratories Inc.   Shane Reed
Washington County, County Manager/Atty     c/o Melody Graden MR 481                   Director/Credit A/R Escalation Finance
PO Box 1007                                1001 Adams Ave                             Three Lakes Drive
Plymouth, NC 27962-1007                    Norristown, PA 19403-2401                  Northfield, IL 60093-2753


Tracey M. Ohm                              US Attorney                                Robert Venable, M.D.
Stinson Leonard Street LLP                 310 New Bern Avenue, Suite 800             Post Office Box 1026
1775 Pennsylvania Ave. NW                  Federal Building                           Plymouth, NC 27962-1026
Suite 800                                  Raleigh, NC 27601-1461
Washington, DC 20006-4760
```

Thomas W. Waldrep Jr.
Waldrep LLP
101 S Stratford Road, Suite 210
Winston-Salem, NC 27104-4224

Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104-4224

Washington County Tax Department
PO Box 1007
Plymouth, NC 27962-1007

Washington County, NC
Post Office Box 1007
Plymouth, NC 27962-1007

Jeffrey R. Whitley
Fox Rothschild, LLP
Post Office Box 27525
Raleigh, NC 27611-7525

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bankruptcy Administrator
434 Fayetteville Street, Ste. 640
Raleigh, NC 27601

Internal Revenue Service
Insolvency Support Services
320 Federal Place, Room 335
Greensboro, NC 27401

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First Capital Corporation

(u)NC Dept of Health and Human Services, DHB

(d)Thomas W. Waldrep Jr.
Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104-4224

End of Label Matrix
Mailable recipients    34
Bypassed recipients     3
Total                  37