# AFFIDAVIT

The State of Florida                             )
                                                 ) S.S.
County of Miami-Dade                             )

I, Noel Mijares, of Miami, in Miami-Dade, Florida, MAKE OATH AND SAY THAT:

1. Pursuant to the OBJECTION TO MOTION FOR ENTRY OF ORDER CHANGING VENUE OF AFFILIATED CASES TO THE EASTERN DISTRICT OF NORTH CAROLINA under CHAPTER 11, CASE NO. 19-00730-5-JNC for IN RE: CAH ACQUISITION COMPANY # 1, LLC, d/b/a WASHINGTON COUNTY LAUDERDALE COMMUNITY HOSPITAL, et al., 1 DEBTOR.

2. I am the CEO of iHealthcare, Inc., iHealthcare Management Company, iHealthcare Management II Company and iHealthcare Software Services, collectively (iHealthcare)

3. Pursuant to our SEC 8-K filing, iHealthcare entered into a Management and Administrative Services Agreements with Lauderdale Community Hospital and was announced to the Public on February 6, 2019.

4. Due to open and ongoing Litigation, Court Appointed Receivership and Chapter 11 Bankruptcy filing from the above listed Lauderdale Community Hospital's ownership group, the Management and Administrative Services Agreement between iHealthcare and Lauderdale Community Hospital never materialized and no Change of Control took place.

5. iHealthcare did not have or hire any employees at Lauderdale Community Hospital.

6. iHealthcare is not a related party and is not a principal, owner, shareholder, director, officer, manager, management company or otherwise the responsible party with regards to employee staffing, wages, taxes, benefits, pensions, insurance and withholding's of any type for Lauderdale Community Hospital and/or EmpowerHMS.

7. Noel Mijares is not a related party and is not a principal, owner, shareholder, director, officer, manager, management company or otherwise the responsible party with regards to employee staffing, wages, taxes, benefits, pensions, insurance and withholding's of any type for Lauderdale Community Hospital and/or EmpowerHMS.

8. David Bingaman, iHealthcare's Chief Operating Officer is not a related party and is not a principal, owner, shareholder, director, officer, manager, management company or otherwise the responsible party with regards to employee staffing, wages, taxes, benefits, pensions, insurance and withholding's of any type for Lauderdale Community Hospital and/or EmpowerHMS.

9. iHealthcare did not have access to Lauderdale Community Hospital bank accounts nor did we ever become signators to any of the Lauderdale Community Hospital banking institutions. In addition, all Lauderdale Community Hospital Bank Accounts were frozen during this time frame by Court Order.

10. iHealthcare did not have access to the payroll system of the Lauderdale Community Hospitals nor did we have any W2 employees or 1099 contractors. Lauderdale Community Hospital continued to control all staffing, payroll, insurance, pension, benefits and withholding tax decisions at the facility.

11. iHealthcare did not have access to or control of the above listed Lauderdale Community Hospital revenues.

12. The Lauderdale Community Hospital was directly involved in multiple litigation suits, which resulted in Receivership's and Chapter 11 Bankruptcy filings. These events, outside of our control, effectively disabled the Management and Administrative Services Agreement. In addition, all transfers and activities and other transition plans came to a complete stop.

13. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *Ms. Williams has developed personal relationships with employees, and quite honestly is the only reason Lauderdale survived in February/March when employees were not paid by former management iHealthcare.*

    iHealthcare never had any W2 employees or 1099 contractors at Lauderdale Community Hospital.

14. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *iHealthcare and EmpowerHMS have not paid withholding taxes for said employees since June 2018. This has resulted in the filing of a priority claim by the Internal Revenue Service in the amount of $2,068,258.96.*

    iHealthcare is not a related party to EmpowerHMS. Furthermore, iHealthcare never had employees at Lauderdale Community Hospital and does not owe any withholding taxes to the Internal Revenue Services, or any other Tax Collector.

15. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *Potential witnesses for iHealthcare which replaced EmpowerHMS, LLC in January 2019 (Lauderdale submits that Jorge Perez facilitated the transfer of management, billing and IT services to iHealthcare in exchange for $2,500,000; and it is highly likely, Jorge Perez is involved with iHealthcare) are (1) Noel Mijares, CEO, located in Miami, Florida and (2) Jorge Perez located in Miami, Florida whom to date has evaded all discovery requests in several litigation matters by asserting Fifth Amendment rights*

    iHealthcare reaffirms that it never took Management control of Lauderdale Community Hospital.

    iHealthcare further states that it did not exchange or pay Mr. Jorge Perez $2,500,000 for the management, billing and IT services of Lauderdale Community Hospital.

    Mr. Noel Mijares categorically states for the record that he has never evaded discovery requests and is not a party to or defendant in the "alleged several litigation matters" being described and Mr. Noel Mijares has never plead his Fifth Amendment rights, as falsely claimed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC.

16. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *Lauderdale further submits that iHealthcare has provided no services to Lauderdale, and therefore, iHealthcare is not necessary to the administration of the Lauderdale estate.*

    Lauderdale Community Hospital continues to owe iHealthcare for services rendered, and has refused to pay iHealthcare for the service provided to the Hospital since November 2018 to April 2019. Multiple invoices have been provided to the Receiver, including Post Bankruptcy, none paid.

17. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *Upon information and belief, and consistent with the allegations set out in the Shaffer v. HAC litigation, the Perez ownership group, (including but not limited EmpowerHMS, LLC, iHealthcare, Inc., with other Perez owned and/or controlled entities with connections to Lauderdale Community Hospital, collectively, the "Perez Ownership Group"), orchestrated and controlled the laboratory information system of certain hospital facilities to perpetrate a fraudulent scheme related to Medicare and Medicaid billing*

    iHealthcare is not a related party nor is it controlled or owned by EmpowerHMS, Jorge Perez, Perez Ownership Group or any other Perez Family member or entity. Furthermore, iHealthcare is not part of the Shaffer v. HAC litigation, has never been involved directly or indirectly with

laboratory information systems of certain facilities to perpetrate a fraudulent scheme related to Medicare and Medicaid billing. This is a deliberate false and misleading statement by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC upon this Court.

18. In the Motion filed by BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC they claim that: *In fact, iHealthcare failed to provide minimally necessary services to Lauderdale that resulted in Lauderdale engaging new management, establishing billing mechanisms to support the complete lack of access to any electronic data, patient records and billing systems. Lauderdale has obtained independent services that were previously "provided" by Perez Ownership Group.*

iHealthcare was not hired by the Receiver due to immense pressure that the Receiver was under from Stone Bank and other entities, as it was communicated on several occasions to iHealthcare management by the Receiver. iHealthcare made numerous attempts to move forward with execution of an Interim Management Agreement with the Receiver, and a scheduled meeting to finalize contract was cancelled at the very last minute due to the constant and immense pressure campaign that the Receiver was under from Stone Bank and another entity. This resulted in the Receiver pulling the option away from iHealthcare on the 11th hour and even requesting that iHealthcare remained as the IT Service Provider to Lauderdale Community Hospital. iHealthcare continued to provide services to Lauderdale Community Hospital without compensation.

Again, BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC continue to push the false narrative that iHealthcare is part of the Perez Ownership Group, which is factually false and damaging to iHealthcare.

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

SUBSCRIBED AND SWORN TO BEFORE ME, on the ___9th___ day of April, 2019

Signature ___Rudina Daka___
(Seal)
NOTARY PUBLIC
My Commission expires:
_____

**RUDINA DAKA**
Notary Public - State of Florida
Commission #FF203812
My Commission Expires
April 17, 2019

_____
(Signature)

Noel Mijares