**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| **In the Matter of:**<br>**CAH Acquisition Company #1, LLC**<br>**d/b/a Washington County Hospital**<br>**Debtor** | **Case No. 19-00730-5-JNC**<br><br>**Chapter 11** |

### BANKRUPTCY ADMINISTRATOR'S OBJECTION TO THE DEBTOR'S APPLICATION TO EMPLOY SPILMAN THOMAS & BATTLE PLLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR

Now comes the Bankruptcy Administrator and respectfully objects to the Application to Employ Spilman Thomas & Battle, PLLC and in support thereof shows the court the following:

1. On February 19, 2019, an involuntary petition under chapter 7 was filed against CAH Acquisition Company #1, LLC. On March 15, 2019, the court entered an order for relief and on converted the case to chapter 11. On March 22, 2019, Thomas Waldrep was appointed as chapter 11 trustee. Waldrep has sought to employ two law firms, Hendren Redwine and Malone and Waldrep LP as co-counsel for the trustee in this case.

2. On April 4, 2019, Spilman Thomas & Battle, PLLC (hereinafter "Spilman") filed an application seeking approval of its employment as "Bankruptcy counsel for the Debtor" pursuant to 11 U.S.C. §§327(a) and 328.

3. Spilman seeks to be employed under 11 U.S.C. §327(a) which allows a trustee to employ one or more attorneys to represent it in a bankruptcy proceeding. The debtor-in-possession, which has the powers of a trustee until a trustee is appointed, may also seek to employ counsel under §327. However, once a trustee is appointed, the Debtor may no longer seek to employ estate professionals under §327(a),

4. While Spilman is apparently seeking to represent the Debtor (as opposed to the DIP), its application lists many duties that overlap with the Trustee's duties. The application states that the firm will be "consulting with and working closely with the trustee in this case to efficiently share duties of the administration of the Debtor's chapter 11 case as agreed with (sic) and approved by the court." ¶14(g) of Spilman's Application.

5. In light of the complexity of this case taken in conjunction with the affiliated CAH matters, the Bankruptcy Administrator acknowledges that employment of multiple firms as permitted by the provisions of 11U.S.C. §1102 and §327 is necessary to properly administer the case(s). However, Spilman's employment must be narrow and limited in scope.

      Wherefore, the Bankruptcy Administrator objects to the employment of Spilman, Thomas and Battle PLLC and requests that a hearing be conducted on this matter and such other and further relief as the court deems just and proper.

      Respectfully submitted, this the 16th day of April 2019.

                                      /s/ Marjorie K. Lynch  
                                      Marjorie K. Lynch  
                                      Bankruptcy Administrator  
                                      434 Fayetteville Street, Suite 640  
                                      Raleigh, North Carolina 27601  
                                      (919) 334-3885  
                                      Marjorie_lynch@nceba.uscourts.gov  
                                      State Bar No. 13594

# CERTIFICATE OF SERVICE

I, Marjorie K. Lynch, of 434 Fayetteville Street, Suite 640, Raleigh, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon counsel of record.

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of April 2019

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
Marjorie_lynch@nceba.uscourts.gov
State Bar No. 13594