SO ORDERED.

SIGNED this 8 day of May, 2019.

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY # 1, ) | |
| LLC, d/b/a WASHINGTON COUNTY ) | Chapter 11 |
| HOSPITAL, *et al.*,[1] ) | |
| ) | |
| Debtors. ) | |
| ) | |

**CONSENT ORDER ALLOWING EMPLOYMENT OF SPILMAN THOMAS &
BATTLE, PLLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR
*NUNC PRO TUNC* TO THE PETITION DATE AND
LIMITING DUTIES OF COUNSEL PURSUANT TO 11 U.S.C. §327(e)**

This matter came before the court on the Debtor's Application to Employ Spilman Thomas & Battle, PLLC as Bankruptcy Counsel to the Debtor (the " Application") and the objection of the Bankruptcy Administrator. The court has considered the matter before it and the proposed

---

[1] The Debtors in this case, along with each Debtor's case number are: (i) CAH Acquisition Company #1, LLC, Case No. 19-00730-5-JNC; (ii) CAH Acquisition Company #2, LLC, Case No. 19-01230-5-JNC; (iii) CAH Acquisition Company #3, LLC, Case No. 19-01180-5-JNC; (iv) CAH Acquisition Company #6, LLC, Case No. 19-01300-5-JNC; (v) CAH Acquisition Company #7, LLC, Case No. 19-01298-5-JNC; (vi) CAH Acquisition Company #12, LLC, Case No. 19-01697-5-JNC;  and (vii) CAH Acquisition Company #16, LLC, Case No. 19-01227-5-JNC.

resolution of the parties, including the Bankruptcy Administrator, the Chapter 11 Trustee, and Rayford K. Adams III on behalf of Spilman Thomas & Battle, PLLC and finds as follows:

1. On February 19, 2019, this case was commenced as an involuntary bankruptcy case. On March 19, 2019, this court appointed Thomas Waldrep as Chapter 11 Trustee in this case. Mr. Waldrep has sought to employ two law firms, Hendren Redwine and Malone ("HRM") and Waldrep LLP ("Waldrep") as co-counsel for the trustee in this case.

2. On April 4, 2019, Spilman Thomas & Battle, PLLC (hereinafter "Spilman") filed the Application seeking approval of its employment as "Bankruptcy counsel for the Debtor" pursuant to 11 U.S.C. §§327(a) and 328. Spilman has filed similar applications in seven (7) other affiliated CAH Acquisition cases involving critical access hospitals in North Carolina, Kansas, Oklahoma, and Missouri. These cases were filed by Spilman in consultation with Health Acquisition Company, LLC, ("HAC"), the majority member or shareholder of each Debtor. Mr. Waldrep was appointed as Chapter 11 Trustee in each case upon motion and with the consent of the Debtor(s).

3. The Bankruptcy Administrator objected to the employment of Spilman on the basis that counsel for the Debtor cannot be paid from the estate where a Chapter 11 trustee has been appointed. In addition, Spilman's Application seeks approval to perform services that fall within the normal scope of representation of the debtor-in-possession and which may overlap with the duties being performed by the Trustee and his co-counsel.

4. To resolve the Bankruptcy Administrator's concerns, the Bankruptcy Administrator, Spilman, and the Trustee have agreed to the entry of this order allowing the employment of Spilman to perform the following services in this case on behalf of the bankruptcy estate:

    a. assisting the Debtor in the preparation and filing of the bankruptcy petition, bankruptcy schedules, statement of financial affairs, and related required filings;

    b. filing a motion to appoint a Chapter 11 trustee;

    c. filing motions to extend time to file schedules and continuing 341 meeting;

    d. representation of the Debtor at the §341 meeting(s);

    e. representation of the Debtor in connection with motions to dismiss, motion to transfer cases, and matters related to venue and authority to file;

    f. assisting the Trustee in gathering and providing information, records, documents, and related materials through Spilman's close working relationship with HAC; and

    g. additional representation of the Debtor or the Trustee as requested by the Trustee for discrete matters not otherwise handled by counsel for the Trustee.

5. The court finds that these services are essential to the proper and efficient administration of this case and employment of Spilman for these purposes is in the best interest of the estate. The

court further finds that the complexity of the matters which include the affiliated entities support the employment of Spilman for these limited duties.

6. By entry of this order, Spilman acknowledges that its retention is limited to matters specified in paragraph 4 pursuant to §327(e), for which Spilman may be compensated by the estate after the exhaustion of the prepetition retainer described in the Application and accompanying affidavit and disclosures. Spilman may represent the interests of and be compensated by HAC (only in its capacity as a member of the Debtor) in this matter to the extent that the representation does not conflict with the limited scope of the representation of the Debtor herein. Spilman will not represent HAC or its principals in any capacity they may have as creditors of the Debtor.

7. To the extent necessary due to the entry of this order, Spilman shall supplement its disclosure pursuant to 11 U.S.C. §329 and Federal Rule of Bankruptcy Procedure 2016 (previously filed with the Application) within 7 days after the entry of this order where it will disclose the total payments received and the source of payments.

8. This order shall be without prejudice to Spilman, the Trustee, or the Bankruptcy Administrator to change the scope of Spilman's representation by filing an appropriate pleading with the court.

9. Subject to the terms of this order, the Application is approved, *nunc pro tunc* to the petition date.

**CONSENTED TO:**

*/s/ Rayford K. Adams III*
Rayford K. Adams III
Spilman Thomas & Battle, PLLC
110 Oakwood Drive, Suite 500
Winston-Salem, NC 27103
*Attorney for Debtor*

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr.
Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
*Trustee*

*/s/ Marjorie K. Lynch*
Marjorie K. Lynch
434 Fayetteville St., Suite 640
Raleigh, NC 27601
*Bankruptcy Administrator*

END OF DOCUMENT