UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,<br><br>Debtor. | Case No. 19-00730-5-JNC<br><br>Chapter 11<br>(Jointly Administered) |

## NOTICE OF MOTION

NOW COMES Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital, Case No. 15-01227-5, CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital, Case No. 19-01697-5, CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital, Case No. 19-01298-5 and CAH Acquisition Company #1, LLC, d/b/a Washington County Hospital, Case No. 19-00730-5 (collectively, the "Cases") and has filed papers with the Court submitting a Patient Care Ombudsman's Motion for Entry of Order Permitting Access to Confidential Patient Records (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before **July 30, 2019** at 5:00 p.m., unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

        Clerk's Office
        U.S. Bankruptcy Court
        Eastern District of North Carolina
        P.O. Box 791
        Raleigh, NC 27602

NPGBO1:3004186.1

You must also mail a copy to: Brian R. Anderson
Nexsen Pruet, PLLC
P.O. Box 3463
Greensboro, NC 27402

and to the Debtor, Bankruptcy Administrator, and other parties in interest.

If a response and a request for hearing is filed in writing on or before the date set above the Court will set a hearing date and send out notice thereof.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion for Relief from the Automatic Stay and may enter an order.

This the 12th day of July, 2019.

/s/ Brian R. Anderson
Brian R. Anderson
N.C. State Bar No. 37989
banderson@nexsenpruet.com
*Counsel for the Patient Care Ombudsman*

OF COUNSEL:

NEXSEN PRUET, PLLC
701 Green Valley Road, Suite 100
Post Office Box 3463 (27402)
Greensboro, NC 27408
Telephone: (336) 387-5156
Facsimile: (336) 387-8923

NPGBO1:3004186.1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,<br><br>Debtor. | Case No. 19-00730-5-JNC<br><br>Chapter 11<br>(Jointly Administered) |

**PATIENT CARE OMBUDSMAN'S MOTION FOR ENTRY OF ORDER PERMITTING ACCESS TO CONFIDENTIAL PATIENT RECORDS**

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital, Case No. 15-01227-5, CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital, Case No. 19-01697-5, CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital, Case No. 19-01298-5 and CAH Acquisition Company #1, LLC, d/b/a Washington County Hospital, Case No. 19-00730-5 (collectively, the "**Cases**"), respectfully requests that the Court enter an Order permitting the Ombudsman and her representatives, including, without limitation, SAK Management Services, LLC ("**SAK**"), Greenberg Traurig, LLP ("**Greenberg Traurig**") and Nexsen Pruet, PLLC ("**Nexsen Pruet;**" collectively, with SAK and Greenberg Traurig, the "**Ombudsman's Representatives**") to have access to confidential patient records in accordance with Section 333(c) of the Bankruptcy Code and HIPAA (as defined below).

**PROCEDURAL POSTURE AND RELIEF REQUESTED**

1. On February 19, 2019, CAH Acquisition Company #1, LLC ("**CAH #1**") filed a petition for relief under Chapter 11 of the United Stated Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

2. On March 17, 2019, CAH Acquisition Company 16, LLC ("**CAH 16**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

3. On March 17, 2019, CAH Acquisition Company 12, LLC ("**CAH 12**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

4. On March 17, 2019, CAH Acquisition Company 7, LLC ("**CAH 7**," collectively, with CAH #1, CAH 16, and CAH 12, the "**Debtors**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

5. On April 9, 2019, the Bankruptcy Administrator filed a report and recommendation regarding the appointment of a patient care ombudsman [Docket No. 113].

6. On April 17, 2019, the Court entered an order regarding the appointment of a patient care ombudsman under section 333 of the Bankruptcy Code and appointed Suzanne Koenig of SAK Management Services, LLC ("**SAK**") as the Ombudsman [Docket No. 158] in the Chapter 11 case of CAH 16 (the "**Appointment Order**").

7. On April 26, 2019, in accordance with the Appointment Oder, the Bankruptcy Administrator filed a Notice of Appointment of Patient Care Ombudsman under section 333 of the Bankruptcy Code in the Chapter 11 cases of CAH 12 and CAH 7 appointing Suzanne Koenig of SAK as the Ombudsman in each of these cases [Case No. 19-01697, Dkt. No. 100].

8. On July 1, 2019, in accordance with the Appointment Order, the Bankruptcy Administrator filed a Notice of Appointment of Patient Care Ombudsman under section 333 of the

NPGBO1:3004176.1

Bankruptcy Code in the Chapter 11 case of CAH #1 appointing Suzanne Koenig of SAK as the Ombudsman [Docket No. 303].

9. On June 19, 2019, the Court entered orders authorizing Greenberg Traurig's retention as Counsel to the Ombudsman in the Chapter 11 cases of CAH 16 [Docket No. 169], CAH 12 [Docket No. 175] and CAH 7 [Docket No. 192]. The Ombudsman will be filing an application to retain Greenberg Traurig as her counsel in the CAH #1 case.

10. On June 19, 2019, the Court entered orders authorizing Nexsen Pruet's retention as Counsel to the Ombudsman in the Chapter 11 cases of CAH 16 [Docket No. 167], CAH 12 [Docket No. 173] and CAH 7 [Docket No. 193]. The Ombudsman will be filing an application to retain Nexsen Pruet as her counsel in the CAH #1 case.

11. On June 20, 2019, the Court entered orders authorizing SAK's retention as Medical Operations Advisor to the Ombudsman in the Chapter cases of CAH 16 [Docket No. 169], CAH 12 [Docket No. 175] and CAH 7 [Docket No. 196]. The Ombudsman will be filing an application to retain SAK as her medical operations consultant in the CAH #1 case.

## BANKRUPTCY AND HIPPA REGULATIONS

12. Section 333(c) of the Bankruptcy Code provides:

> (1) An ombudsman appointed under subsection (a) shall maintain any information obtained by such ombudsman under this section that relates to patients (including information relating to patient records) as confidential information. Such ombudsman may not review confidential patient records unless the court approves such review in advance and imposes restrictions on such ombudsman to protect the confidentiality of such records.
>
> (2) An ombudsman appointed under subsection (a)(2)(B) shall have access to patient records consistent with authority of such ombudsman under the Older Americans Act of 1965 and under non-Federal laws governing the State Long-Term Care Ombudsman program.

NPGBO1:3004176.1

13. The Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act, provides privacy and security standards for the safeguarding of protected health information (collectively referred to hereinafter as "**HIPAA**"). "Protected Health Information" ("**PHI**") is defined as "individually identifiable health information" that is (1) transmitted by electronic media; maintained in electronic media; or transmitted or maintained in any other form or medium (with some specific exception). 45 C.F.R. § 160.103. "Individually identifiable health information" is defined as health information, including demographic information collected from an individual, that is:

(1) Created or received by a health care provider, health plan employer, or healthcare clearinghouse; and

(2) Related to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and

    (i) That identifies the individual; or

    (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

*Id.* For purposes of this Motion, the word "patient" is synonymous with "individual" as used in the HIPPA regulations.

14. Generally, under HIPPA, a "covered entity," or its "business associates," may not use or disclose "protected health information" except as otherwise permitted or required by the HIPAA regulations. 45 C.F.R. § 164.502. A "covered entity" is defined as a health plan, a health clearinghouse, or a health care provider who transmits any health information in electronic form

4

in connection with specific types of transactions[1]. Id. § 160.103; 160.104. A "business associate" is generally, any person or entity that provides services for or on behalf of a covered entity and accesses, creates, receives, maintains, or transmits PHI; one covered entity can be the business associate of another covered entity. See id. In this case, the Debtors are covered entities or business associates.

15. However, HIPAA provides certain permissions pursuant to which PHI may be disclosed, which are divided into the following general categories:

(1) Uses and disclosures to carry out treatment, payment or health care operations, which do not require a patient authorization. 45 C.F.R. § 164.508.

(2) Uses and disclosures for which a patient authorization is required. 45 C.F.R. § 164.508.

(3) Uses and disclosures requiring an opportunity for the patient to agree or to object to the use or disclosure. 45 C.F.R. § 164.510.

(4) Uses and disclosures for which a patient authorization or opportunity to agree or object to the use or disclosure is not required. 45 C.F.R. § 164.512.

Pursuant to 45 C.F.R. § 164.512(a)–(1), one of these permissions permits a covered entity to use and disclose PHI without the written authorization of a patient for judicial and administrative proceedings, and specifically provides as follows:

---

[1] "Transactions" are defined as "the transmission of information between two parties to carry out financial or administrative activities related to health care," and includes the following types of information transmissions: (1) health care claims or equivalent encounter information; (2) health care payment and remittance advice; (3) coordination of benefits; (4) health care claim status; (5) enrollment and disenrollment in a health plan; (6) eligibility for a health plan; (7) health plan premium payments; (8) referral certification and authorization; (9) first report of injury; (10) health claim attachments; (11) health care electronic funds transfers ("**EFT**") and remittance advices; and (12) other transactions that the Secretary may prescribe by regulation. *Id.* § 160.103.

(1) A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the PHI expressly authorized by such order; or

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if

(A) The covered entity receives satisfactory receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section. *Id.* § 164.512(e)(1)(emphasis added).

16. For purposes of section 164.512(e)(1)(ii)(B) permission, a covered entity receives satisfactory assurances from a party seeking PHI if it provides the covered entity a written statement and accompanying documentation demonstrating that:

NPGBO1:3004176.1

    (A)    The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or

    (B)    The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

Id. § 164.512(e)(1)(iv)(emphasis added). A "qualified protective order" means an order of a court or an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

    (A)    Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

    (B)    Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

Id. § 164.512(e)(1)(v).[2]

17.    In order to comply with the regulations set forth in HIPAA, the Ombudsman requests that the Court enter a qualified protective order that allows the Ombudsman and the Ombudsman's Representatives to access and review confidential patient information, in order to fulfill the Ombudsman's responsibilities under the appointment orders. Should the Ombudsman submit reports that include confidential patient information to this Court, such confidential patient

---

[2] See also U.S. Department of Health and Human Services, Health Information Privacy, HHS.gov, available at https://www.hhs.gov/hipaa/for-professionals/faq/711/may-a-covered-entity-not-party-to-legal-proceedings-discloseinformation-by-court-order/index.html (providing that a covered entity that is not a party to a legal proceeding may disclose PHI in response to a subpoena, discovery request or other lawful process not accompanied by a court order, if, for instance, a qualified protective order is sought or obtained by the party seeking the PHI).

information shall be protected under seal. Moreover, the Ombudsman and the Ombudsman's Representatives are prohibited from using or disclosing the PHI for any purpose other than this bankruptcy proceeding. The Ombudsman and the Ombudsman's Representatives must implement appropriate safeguards to prevent unauthorized review, use, or disclosure of PHI, including subjecting the Ombudsman and the Ombudsman's Representatives to the same standards regarding confidentiality of patient records as the Debtors under all applicable laws, including HIPAA. The Ombudsman and the Ombudsman's Representatives must not make any paper or electronic copies of, or otherwise acquire, any PHI in the course of their duties, such that it is not necessary for them to return or destroy such PHI at the end of the bankruptcy cases.

**WHEREFORE**, the Ombudsman seeks the entry of an order (in substantially in the form attached as "**Exhibit A**").

Dated: July 12, 2019

**NEXSEN PRUET, PLLC**

/s/ Brian R. Anderson
Brian R. Anderson
N.C. State Bar No. 37989
banderson@nexsenpruet.com
701 Green Valley Road, Suite 100
Greensboro, NC 27402 (336) 373-1600

*Counsel for the Patient Care Ombudsman*

Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL, Debtor. | Case No. 19-00730-5-JNC<br><br>Chapter 11<br>(Jointly Administered) |
|---|---|

**ORDER GRANTING THE PATIENT CARE OMBUDSMAN'S MOTION FOR ENTRY OF ORDER PERMITTING ACCESS TO CONFIDENTIAL PATIENT RECORDS**

THIS MATTER came before the Court upon the *Patient Care Ombudsman's Motion for Entry of Order Permitting Access to Confidential Patient Records* and for Clarification of Notice of Appointment (the "**Motion**"). Through the Motion, the Patient Care Ombudsman (the "**Ombudsman**") seeks the entry of an Order (as described in the Motion) to enable the Ombudsman and the Ombudsman's Representatives (as defined in the Motion) to review, use, and disclose confidential patient records of the Debtors in order to fulfill the Ombudsman's duties and responsibilities under § 333 of the Bankruptcy Code. The Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**") prohibits any person from using or disclosing protected health information ("**PHI**"), including confidential patient records, unless the Court approves such use in advance and imposes restrictions on the Ombudsman and the Ombudsman's Representatives to protect the confidentiality of such records. *See* 45 C.F.R. § 164.512(e). The Court enters this Order to satisfy the conditions for the Ombudsman and the Ombudsman's Representatives to

review confidential records in accordance with the Ombudsman's duties defined in the Bankruptcy Code.

Accordingly, it is ORDERED:

1. The Motion is **GRANTED**.

2. This Order constitutes a Protective Order under the Health Insurance Portability and Accountability Act of 1996, as amended.

3. The Ombudsman and the Ombudsman and the Ombudsman's Representatives shall be permitted to access and review confidential information in order to perform the Ombudsman's duties under the Bankruptcy Code and the Appointment Order.

4. The Ombudsman shall implement the following procedures to safeguard the confidentiality of the PHI:

   (a) <u>Use and Disclosure</u>. The Ombudsman and the Ombudsman's Representatives shall be prohibited from using or disclosing the PHI for any purpose other than for these cases. The Ombudsman and the Ombudsman's Representatives shall use only the minimum necessary confidential information for purposes of these bankruptcy cases. If the Ombudsman must disclose any PHI in a report, the report must be filed under seal.

   (b) <u>Appropriate Safeguards</u>. The Ombudsman and the Ombudsman's Representatives shall implement appropriate safeguards to prevent review, use, or disclosure of PHI, including subjecting the Ombudsman and the Ombudsman's Representatives to the same standards regarding confidentiality of patient records as the Debtor under applicable laws, including HIPAA.

   (c) <u>Reporting and Mitigation</u>. The Ombudsman and the Ombudsman's Representatives shall mitigate (to the extent reasonably practicable) any harmful effect that is

NPGBO1:3004176.1

known to them from a use or disclosure of PHI by them in violation of the requirements of this Order.

      (d)    <u>Conclusion of Litigation</u>.   The Ombudsman and the Ombudsman's Representatives must not make any paper or electronic copies of, or otherwise acquire, any PHI in the course of their duties, such that it is not necessary for them to return or destroy the PHI received at the end of all litigation.

      (e)    <u>Agents</u>.   Any person with whom the Ombudsman retains, employs, or contracts, or who otherwise acts as an agent for the Ombudsman, shall abide by the same restrictions and conditions that apply to the Ombudsman with respect to PHI.

[END OF DOCUMENT]

NPGBO1:3004176.1