UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL**<br><br>Debtor. | **Case No. 19-00730-5-JNC**<br><br>**Chapter 11** |

### APPLICATION OF PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NEXSEN PRUET, PLLC AS LOCAL COUNSEL, *NUNC PRO TUNC* AS OF JULY 1, 2019

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 case of CAH Acquisition Company #1, Case No. 19-00730-5-JNC (the "**Case**"), submits this application (the "**Application**") for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of the law firm of Nexsen Pruet, PLLC ("**Nexsen Pruet**"), as counsel for the Ombudsman, *nunc pro tunc* as of July 1, 2019. The facts and circumstances supporting this Application are as set forth herein and in the Affidavit of Brian R. Anderson in Support of the Application (the "**Anderson Affidavit**") annexed hereto as **Exhibit A** and incorporated herein by reference. In further support of this Application, the Ombudsman respectfully represents as follows:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105, 330 and 333 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

3. On February 19, 2019, CAH Acquisition Company #1, LLC ("**CAH #1**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. Thomas W. Waldrep, Jr. was appointed as Chapter 11 Trustee on March 18, 2019.

4. On July 1, 2019, the Bankruptcy Administrator filed a Notice of Appointment of Patient Care Ombudsman under section 333 of the Bankruptcy Code and appointed Suzanne Koenig, of SAK Management Services, LLC ("**SAK**") and SAK as the Ombudsman [Docket No. 303] for CAH #1, Case No. 19-00730-5.

## RELIEF REQUESTED

5. By this Application, the Ombudsman respectfully requests that this Court enter an Order authorizing the Ombudsman to employ and retain Nexsen Pruet as her local counsel, pursuant to sections 105, 330 and 333 of the Bankruptcy Code, *nunc pro tunc* as of July 1, 2019.

6. The Ombudsman has determined that Nexsen Pruet has the resources and experience necessary to represent her in this Case. Nexsen Pruet currently represents the Ombudsman in three related, jointly administered cases. Given the nature of this Case and the specific duties of the Ombudsman required under section 333 of the Bankruptcy Code, the Ombudsman believes that retention of Nexsen Pruet is appropriate and will result in efficiencies given these related representations.

## SCOPE OF EMPLOYMENT

7. The professional services that the Ombudsman expects Nexsen Pruet to render include, but shall not be limited to, the following:

    (a) Representing the Ombudsman in any proceeding or hearing in the

        Bankruptcy Court, and in any action in other courts where the rights of the patients may be litigated or affected as a result of this Case;

(b) Advising the Ombudsman concerning the requirements of the Bankruptcy Code and Bankruptcy Rules relating to the discharge of her duties under section 333 of the Bankruptcy Code;

(c) Advising and representing the Ombudsman in evaluating any patient or healthcare related issues, including, in connection with any sale, reorganization or liquidation; and

(d) Performing such other legal services as may be required under the circumstances of this Case in accordance with the Ombudsman's powers and duties as set forth in the Bankruptcy Code, including assisting the Ombudsman with reports to the Court, fee applications or other matters.

8. Subject to the Court's approval of this Application, Nexsen Pruet has indicated that it is willing to serve as the Ombudsman's counsel in this Case to perform the services described above.

9. To the best of the Ombudsman's knowledge, based upon the AndersonAffidavit and except as set forth herein, Nexsen Pruet does not hold or represent any interest adverse to the Debtor or its chapter 11 estate and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

## COMPENSATION AND REIMBURSEMENT OF EXPENSES

10. Subject to the Court's approval, and in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, orders of the Court and the rules and other procedures that may be fixed by the Court, the Ombudsman requests that Nexsen Pruet be compensated on an hourly basis, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered (except as noted below), plus reimbursement of the actual and necessary expenses Nexsen Pruet incurs, including, but not limited to, photocopies, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges,

ADMIN 35485173v2

and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Nexsen Pruet clients. In addition, Nexsen Pruet has advised the Ombudsman that it intends to seek compensation for all time and expenses associated with its retention and SAK's retention as a professional, including the preparation of this Application, the Anderson Affidavit, and related documents, as well as any monthly, interim or final fee applications for Nexsen Pruet, Greenberg Traurig, and SAK.

11. Nexsen Pruet has advised the Ombudsman that its hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Brian Anderson (Member) | $375 |
| Associates and Paralegals | $130-210 |

12. The Ombudsman understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. The hourly rates may be adjusted upward as of January 1, 2020 and annually thereafter.

**BASIS FOR RELIEF**

13. Courts have approved the engagement of professionals by the court-appointed Ombudsman pursuant to sections 330 and 333 of the Bankruptcy Code. *See In re Illinois Skin, Inc.,* Chapter 7 Case No. 06-16098 (MB) (Bankr. N.D. Ill.); *In re Dari Ann Ungaretti,* Chapter 7 Case No. 06-16094 (MB) (Bankr. N.D. Ill.); *In re Bayonne Medical Center*, Chapter 11 Case No. 07-15195 (Bankr. D. N.J.); *In re New York Westchester Square Medical Center*, Chapter 11 Case No. 06-13050 (Bankr. S.D.N.Y.); *In re Atlantic Health Services, Inc.,* Chapter 11 Case No. 06-10356 (PM) (Bankr. D. Md.); *In re Upland Surgical Institute*, Chapter 11 Case No. 06-11298 (Bankr. S.D. Cal.); *In re Brotman Medical Center Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.); *In re Meridian Behavioral Health, LLC*, Case No. 11-10860 (Bankr. S.D.N.Y.); *In re Christ Hospital,*

Case No. 12-12906 (Bankr. D. NJ); *In re ICL Holding Company, Inc., et al.*, Case No. 12-13319 (Bankr. D. Del.); *In re Horizon Health Center, Inc.*, Case No. 13-26348 (Bankr. D. N.J.); *In re Fairmont General Hospital, Inc., et al.*, Case No. 13-01054 (Bankr. N.D. W. Va.) and *In re Curae Health, Inc.*, Case No. 18-05665 (Bankr. M.D. Tenn.).

14. Furthermore, section 330 specifically provides that the Court may award an ombudsman appointed under section 333 "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person." Section 333 specifically grants bankruptcy courts authority to compensate the professionals of the Ombudsman.

15. Other authority exists to grant this Application and approve counsel for the Ombudsman. The appointment of a patient care ombudsman is analogous to the appointment of an examiner, and, in many cases, courts have routinely authorized examiners to employ professionals notwithstanding the absence of express authorization in the Bankruptcy Code for such employment, pursuant to section 105. *See, e.g., In re Tribune Co.*, Case No. 08-1311 (KJC) *Order Authorizing the Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Counsel to the Examiner Nunc Pro Tunc to April 30, 2010* [Docket No. 4498] (Bankr. D. Del., May 19, 2010); *In re Southmark Corp.*, 113 B.R. 280, 283 (Bankr. N.D. Tex. 1990) (authorizing examiner to retain professionals where appropriate to carry out the provisions of the Bankruptcy Code); *In re Tighe Mercantile, Inc.*, 62 B.R. 995, 1000 (Bankr. S.D. Cal. 1986) ("This Court holds that in appropriate circumstances, a bankruptcy court may rely on § 105(a) to authorize examiners to employ professional persons."); *7 Collier on Bankruptcy*, ¶ 1104.03[5], at 1104-49-50 (15th ed. rev. 2006) (Recognizing that, although the Bankruptcy Code does not expressly authorize examiners to retain

professionals to assist in investigations, "it may be preferable to authorize an examiner to retain professionals when necessary for a complete investigation.").

16. Thus, the Application should be granted by this Court to allow the Ombudsman to employ Nexsen Pruet to assist her in the fulfillment of her duties in this Case. *See generally* 3 *Collier on Bankruptcy,* ¶ 333.05[1], at 1 (15th ed. rev. 2006) ("If the healthcare business is large or complicated, the ombudsman could be expected to retain professionals to assist in the discharge of the ombudsman's duties.").

### *NUNC PRO TUNC* RETENTION AS OF JULY 1, 2019

17. The Ombudsman requests that Nexsen Pruet's retention be made *nunc pro tunc* as of July 1, 2019 in order to allow Nexsen Pruet to be compensated for the work it has performed for the Ombudsman since her appointment, but prior to the Court's consideration of this Application.

### NOTICE

18. Notice of this Application has been provided to all parties who (a) receive notice in this case via electronic ECF notification, (b) the Bankruptcy Administrator; (c) the Trustee; (d) counsel for the Trustee; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

19. No previous motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, based upon the foregoing, the Ombudsman respectfully requests that the Court enter an order (a) granting this Application, (b) authorizing the Ombudsman to retain and employ Nexsen Pruet, *nunc pro tunc* as of July 1, 2019, and (c) granting such other and further relief as this Court may deem just and proper.

ADMIN 35485173v2

Dated: July 12, 2019

        **SUZANNE KOENIG, AS COURT APPOINTED PATIENT CARE OMBUDSMAN**

        By:   /s/ *Suzanne A. Koenig*
              Suzanne A. Koenig, solely in her capacity as Patient Care Ombudsman

# EXHIBIT A
# ANDERSON AFFIDAVIT

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL**<br><br>**Debtor.** | **Case No. 19-00730-5-JNC**<br><br>**Chapter 11** |

### AFFIDAVIT OF BRIAN R. ANDERSON IN SUPPORT OF THE APPLICATION OF THE PATIENT CARE OMBUDSMAN FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF NEXSEN PRUET, PLLC AS COUNSEL, *NUNC PRO TUNC* AS OF July 1, 2019

I, Brian R. Anderson, being duly sworn, depose and say:

1. I am a member at the law firm of Nexsen Pruet, PLLC ("**Nexsen Pruet**"). I submit this affidavit (the "**Affidavit**") on behalf of Nexsen Pruet in support of the application (the "**Application**")[1] of Suzanne Koenig as Patient Care Ombudsman (the "**Ombudsman**") appointed in the Chapter 11 case of CAH Acquisition Company #1, LLC, Case No. 19-00730-5 (the "**Case**"), for entry of an Order, pursuant to sections 105, 330 and 333 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Nexsen Pruet, as counsel for the Ombudsman, *nunc pro tunc* as of July 1, 2019.

2. I am an attorney duly licensed to practice law in the State of North Carolina. I am a member with the law firm of Nexsen Pruet, PLLC. I am admitted to practice before the U.S. Bankruptcy Courts and the U.S. District Courts for all the districts in North Carolina, and the U.S. Court of Appeals for the Fourth Circuit.

---

[1] Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

3. I wish to be employed by the Ombudsman as local counsel with respect to the specific tasks listed in the Application to Employ our firm filed herewith.

4. To the best of my knowledge, neither I nor Nexsen Pruet, PLLC hold or represent any interest adverse to the above-entitled estates and are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of July, 2019.

*[Signature]*
Brian R. Anderson
N.C. State Bar No. 37989
banderson@nexsenpruet.com
Nexsen Pruet, PLLC
701 Green Valley Road, Suite 100
Greensboro, NC 27402
(336) 373-1600

Sworn to and subscribed before me
this the 12 day of July, 2019.

*[Signature]*
Notary Public

Stacy Royea
Typed Name of Notary

My Commission Expires: 10/31/2023

*[Notary seal: STACY ROYEA, NOTARY PUBLIC, GUILFORD COUNTY, NC]*