UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE:<br>CAH ACQUISITION COMPANY #1, LLC<br>d/b/a WASHINGTON COUNTY<br>HOSPITAL, *et al.*,<br><br>    DEBTORS. | CASE NO. 19-00730-5-JNC<br>CHAPTER 11 |

**RESPONSE AND RESERVATION OF RIGHTS REGARDING THE SECOND APPLICATION FOR APPROVAL TO PAY CO-COUNSEL FOR THE TRUSTEE'S FEES AND THE SECOND APPLICATION BY WALDREP LLP AS CO-COUNSEL FOR THE TRUSTEE FOR ALLOWANCE OF INTERIM COMPENSATION AND <u>REIMBURSEMENT OF EXPENSES</u>**

First Capital Corporation ("First Capital"), by and through its undersigned counsel, for its Reservation of Rights (the "Reservation of Rights") Regarding the Second Application for Approval to Pay Co-Counsel for the Trustee's Fees (Doc. 312) (the "Hendren Fee App") and the Second Application by Waldrep LLP as Co-Counsel for the Trustee for Allowance of Interim Compensation and Reimbursement of Expenses (Doc. 313) (the "Waldrep Fee App") states as follows:

**BACKGROUND**

1.      On February 19, 2019 ("Petition Date"), an involuntary Chapter 7 Petition was filed against debtor CAH Acquisition Company #1, LLC d/b/a Washington County Hospital ("CAH #1"). On February 22, 2019, the Trustee was appointed as interim Chapter 7 Trustee.

2.      On March 15, 2019, Debtor filed a Motion to Convert to Chapter 11, and the Court entered its Order converting the case to Chapter 11 (Doc. 28). The Trustee was appointed interim Chapter 11 Trustee.

3.  Prior to the Petition Date, CAH #1 was indebted to First Capital pursuant to the terms and conditions of various loan agreements and documents (collectively, the "<u>Loan Documents</u>").[1] As of the Petition Date, (i) CAH #1 was liable to First Capital in excess of $1,198,910.39 in the aggregate principal amount (exclusive of interest and fees accrued and unpaid thereon and other costs, expenses and indemnities), and (ii) pursuant to the Loan Documents, CAH #1 is liable to the First Capital for accrued and unpaid interest in addition to all applicable fees, costs, and expenses to the extent allowed under the Loan Documents and applicable law, including, but not limited to attorneys' fees and expenses (collectively, subsections (i), and (ii) of this paragraph are the "<u>Pre-Petition Loan Indebtedness</u>").

4.  As security for repayment of the Pre-Petition Indebtedness, CAH #1 granted First Capital security interests in, and liens upon, substantially all of their assets, as more fully described in the Loan Documents, including, without limitation, CAH #1's inventory, chattel paper, accounts receivable, equipment, general intangibles, and the proceeds thereof (collectively, including Cash Collateral (as defined below), the "<u>Collateral</u>"). Further, CAH #1's cash constitutes proceeds of the Collateral and, therefore, is cash collateral of First Capital within the meaning of 11 U.S.C. § 363(a) ("<u>Cash Collateral</u>").

5.  On the petition date, the Trustee was in possession and/or control of approximately $2.2 million in cash of the CAH #1 (the "<u>Debtor's Cash</u>"). First Capital asserts that the Debtor's Cash constitutes its Cash Collateral. The Trustee is still in the process of verifying the nature, extent and validity of First Capital's liens and security interests.

6.  On April 26, 2019, the Court approved the Third Stipulation and Consent Order (I) Authorizing Use of Cash Collateral and (ii) Granting Adequate Protection (Doc. 186) ("<u>Cash</u>

---

[1] First Capital's key loan documents have been provided in an attachment to its Proof of Claim (Claim No. 68).

Collateral Order"). The Cash Collateral Order, among other things, authorized Trustee to use Cash Collateral in accordance with Section 363 for the period through and including October 25, 2019, in amounts and for the purposes set forth in the budget attached thereto. The Cash Collateral Order also required Trustee to provide First Capital a monthly report and provide additional Adequate Protection Liens, as defined in the Cash Collateral Order.

7. In the Hendren Fee App, Co-Counsel Hendren, Redwine & Malone, PLLC seeks an order allowing CAH #1 to pay to co-counsel for out-of-pocket expenses and services rendered to the bankruptcy Estate from April 1, 2019 through May 31, 2019.

8. In the Waldrep Fee App, Co-Counsel Waldrep LLP seeks an order granting interim compensation to Waldrep LLP as co-counsel and reimbursement for actual expenses incurred for the period of April 1, 2019 through May 31, 2019.

9. Subsequent to filing the Reservation of Rights, counsel for First Capital and Trustee's co-counsel have been in discussions regarding the use of Cash Collateral to make payments for professional fees. Trustee's counsel has clarified that any payments for professional fees would either be paid in accordance with the Cash Collateral Order or would be paid with funds that do not constitute Cash Collateral. However, out of the abundance of caution and for the avoidance of doubt, First Capital requests that any Order approving the Hendren Fee App or Waldrep Fee App expressly clarify that any payments shall not be permitted to be paid from Cash Collateral without the written consent of the relevant secured creditor or further Court Order. First Capital further requests that the Order with respect to the Hendren Fee App or Waldrep Fee App be without prejudice to First Capital's ability to contest the CAH #1's use of Cash Collateral to exercise its rights and remedies with respect to Debtor's Cash including, without limitation, the right to demand and/or receive adequate protection.

WHEREFORE, the First Capital respectfully requests:

a.  that any Order approving the Hendren Fee App or Waldrep Fee App expressly clarify that no payments shall be permitted to be paid from the Debtor's Cash without the written consent of First Capital or requested by separate motion to the Court under the applicable Bankruptcy Rules;

b.  that any Order with respect to the Hendren Fee App or Waldrep Fee App be without prejudice to First Capital's ability to contest the Trustee's use of the Debtor's Cash and to seek additional adequate protection; and

c.  such other and further relief as is just and necessary.

This the 24th day of July, 2019.

/s/Eric L. Johnson
Eric L. Johnson
ejohnson@spencerfane.com
Missouri Bar No. 53131

SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 292-8267
Facsimile: (816) 474-3216


/s/Stephen W. Petersen
Stephen W. Petersen
N.C. State Bar No. 23462
spetersen@foxrothschild.com

FOX ROTHSCHILD LLP
434 Fayetteville Street, Suite 2800 (27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 755-8800

*Attorneys for First Capital Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing Response and Reservation of Rights Regarding the Second Application for Approval to Pay Co-Counsel for the Trustee's Fees and the Second Application by Waldrep LLP as Co-Counsel for the Trustee for Allowance of Interim Compensation and Reimbursement of Expenses was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to registered CM/ECF users.

This the 24th day of July, 2019.

/s/Eric L. Johnson
Eric L. Johnson
ejohnson@spencerfane.com
Missouri Bar No. 53131

SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 292-8267
Facsimile: (816) 474-3216