**SO ORDERED.**

**SIGNED this 4 day of September, 2019.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAH ACQUISITION COMPANY #1, LLC d/b/a ) | Case No.  19-00730-5-JNC |
| WASHINGTON COUNTY HOSPITAL, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**CONSENT ORDER GRANTING IN PART SECOND APPLICATION BY WALDREP
LLP AS CO-COUNSEL FOR THE TRUSTEE FOR ALLOWANCE OF INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES
[APRIL 1, 2019 THROUGH MAY 31, 2019]**

**THIS MATTER** came before the United States Bankruptcy Judge for the Eastern District of North Carolina, upon the *Second Application by Waldrep LLP as Co-Counsel for the Trustee for Allowance of Interim Compensation and Reimbursement of Expenses [April 1, 2019 Through May 31, 2019]* (the "Application") [Dkt. No. 313] filed on July 3, 2019 by Waldrep LLP (the "Applicant") and served with due and proper notice on all required parties.  This Court, with the consent of the Bankruptcy Administrator for the Eastern District of North Carolina (the "BA") and First Capital Corporation ("First Capital," and together with the BA, the "Objecting

1

Parties"), hereby makes the following Findings of Fact and Conclusions of Law on an interim basis:

1. On March 19, 2019, the Court entered its *Order Allowing Motion to Employ Waldrep LLP as Counsel to the Trustee* [Dkt. No. 40], which permitted the Applicant's employment as counsel to the Trustee pursuant to 11 U.S.C. § 327(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 330.

3. The Applicant has performed necessary and valuable legal services for the Trustee.

4. The Application seeks interim allowance of compensation in the amount of $80,699.38, which represents $74,722.00 for fees and $5,977.39 for expenses. A detailed description of the legal services rendered, including time expended and the dates rendered, was attached to the Application as filed with the Court.

5. On July 24, 2019, First Capital filed its Response and Reservation of Rights to the Application [Dkt. No. 340] (the "First Capital Response") seeking, first, that any Order approving the Application clarifies that the Trustee must have the written consent of First Capital or must request authority by separate motion authority to make any payments from the Debtor's Cash, as that term is defined in the First Capital Response, and second, that any Order approving the Application shall not prejudice First Capital's ability to contest the Trustee's use of the Debtor's Cash and to seek additional adequate protection.

6. On August 5, 2019, the BA filed her Objection to the Application [Dkt. No. 362]. On the same date the BA subsequently filed her amended objection [Dkt. No. 363] (the "BA Objection," and together with the First Capital Response, the "Objections") asserting that a "significant amount of time" billed in the Application more properly relates to the performance of

trustee duties as defined by 11 U.S.C. § 1106 and is thus noncompensable to the Applicant under 11 U.S.C. § 330. Furthermore, among the expenses billed in the Application were items that were noncompensable in this Application because they are either (a) for meals during travel within the Eastern District, which are not normally reimbursed, or (b) that should be borne by the Trustee and requested in a separate application filed by the Trustee.

7. In addition to the objections listed above, the BA also identified several fee line items that properly pertained to other CAH cases for which the Trustee is the appointed Chapter 11 Trustee and the Applicant is counsel to the Trustee.

8. In response to those of the BA's objections that required splitting and redistribution of certain amounts erroneously billed to this case in the Application, the Applicant corrected errors in line items to the extent possible, adjusting the total amount billed to this case and assigning certain fees to the other cases as appropriate. These adjustments resulted in decreased billing for this case of $4,821.00 in fees. The amount of compensation agreed to by the Applicant and the BA reflects these adjustments.

9. Notwithstanding the Objections, the Objecting Parties and the Applicant have agreed that the Applicant shall be awarded compensation and reimbursement of expenses pursuant to the Application on an interim basis in the amount of $48,569.69, which represents $46,267.50 in fees and $2,302.19 in expenses.

10. The Objecting Parties and the Applicant have also agreed that no payments shall be permitted to be paid from the Debtor's Cash without the written consent of First Capital or requested by separate motion to the Court under the applicable Bankruptcy Rules and that the relief granted in any Order granting the Application is without prejudice to First Capital's ability to contest the Trustee's use of the Debtor's Cash and to seek additional adequate protection.

Based upon the foregoing findings of fact and conclusions of law, **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. Pursuant to 11 U.S.C. § 331, for the period of April 1, 2019 Through May 31, 2019, Waldrep LLP as co-counsel for the Trustee is permitted and allowed interim compensation in the amount of $46,267.50, and recovery of expenses of $2,302.19, for a total of $48,569.69 as a Chapter 11 administrative claim in this case.

2. The approved administrative claim amount may be paid by the Trustee from funds available in the case upon entry of this Order.

3. In the event that the approved administrative claim amount paid by the Trustee is to be paid from the Debtor's Cash, as defined in First Capital's Response, the Trustee shall first obtain the written consent of First Capital or request by separate motion to the Court the authority to make such payment, and the rights of First Capital to contest the Trustee's use of the Debtor's Cash or seek additional adequate protection shall not be prejudiced or impaired.

4. This interim award is subject to this Court's final review and approval including but not limited to its determination of whether disgorgement is warranted under Section 726 of the Bankruptcy Code.

AGREED TO BY:

| **WALDREP LLP** | **SPENCER FANE, LLP** |
|---|---|
| */s/ Jennifer B. Lyday.* | /s/ Matthew Petersen |
| Jennifer B. Lyday (NC State Bar No. 39871) | Eric L. Johnson (MO State Bar No. 53131) |
| 101 S. Stratford Road, Suite 210 | Matthew Petersen (MO State Bar No. 71122) |
| Winston-Salem, NC 27104 | 1000 Walnut, Suite 1400 |
| Telephone: 336-717-1440 | Kansas City, MO 64106 |
| Telefax: 336-717-1340 | Telephone: 816-292-8267 |
| Email: notice@waldrepllp.com | Email: ejohnson@spencerfane.com |
|  | Email: mpetersen@spencerfane.com |
| *Co-Counsel for the Chapter 11 Trustee* | *Attorneys for First Capital Corporation* |

**BANKRUPTCY ADMINISTRATOR FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

*/s/ Marjorie K. Lynch*
Marjorie K. Lynch (State Bar No. 13594)
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
Telephone: (919) 334-3885
Marjorie_lynch@nceba.uscourts.gov

*Bankruptcy Administrator*

**END OF DOCUMENT**