**BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | **Case No. 19-00730-5-JNC** |
| | ) | |
| **CAH Acquisition Company #1, LLC d/b/a** | ) | **Chapter 11** |
| **Washington County Hospital,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**MOTION FOR AUTHORITY TO FILE A LATE PROOF OF CLAIM**

COMES NOW Blue Cross Blue Shield of North Carolina ("Blue Cross NC"), by and through its undersigned counsel, and hereby files this motion seeking authority to file a late-filed claim. In support thereof, Blue Cross NC respectfully shows the Court as follows:

BACKGROUND

1. On or about February, 19, 2019, an involuntary petition was filed against debtor CAH Acquisition Company #1, LLC d/b/a Washington County Hospital (the "Debtor").

2. Thomas W. Waldrep, LLP (the "Trustee") was appointed chapter 7 trustee for the Debtor's estate on February 22, 2019.

3. On March 15, 2019, the Debtor converted its case to one under chapter 11. The Trustee remains in service as the Chapter 11 Trustee.

4. Prior to the bankruptcy, on or about August 29, 2012, Blue Cross NC and the Debtor entered into a Network Participation Agreement (the "Agreement") under which the Debtor agreed to participate in Blue Cross NC's benefit plan and provide certain acute hospital covered services to Blue Cross NC's members and Blue Cross NC agreed to reimburse the Debtor for such services. Pursuant to Paragraph 4.5.5 of the Agreement, the Debtor agreed "not to bill, charge, seek compensation, remuneration, or reimbursement from any Member, [Blue

Cross NC], or any third party for health care services and/or supplies provided to Members which are determined by [Blue Cross NC] not to be Medically Necessary, or are not payable due to [the] failure to follow [Blue Cross NC's] applicable Policies and Procedures . . . ."

5. Under the Agreement, only certain services were required to be reimbursed by Blue Cross NC. Section 4.7 of the Agreement states that "You agree that in the event of any overpayment, duplicate payment, or other payment by us in excess of the member's benefits payable according to the member's benefit plan ("Overpayment"), you will promptly remit payment to us. In addition to other remedies, if within forty-five (45) days of a request for refund by us, the requested refund has not been made and you have not appealed the Overpayment, we may recover this amount by offset[1] of future amounts payable to you."

6. Blue Cross NC's Special Investigations Unit reviewed claims for laboratory services that the Debtor submitted to Blue Cross NC from January 1, 2016 to June 30, 2017 under all lines of business. This analysis identified improper billing of laboratory services using the Debtor's National Provider Identifier ("NPI") or Proprietary Provider Number ("PPN"), which resulted in overpayments of charges for excluded laboratory services totaling $1,085,827.13. By letter dated November 13, 2017 (the "11/13/17 Letter"), Blue Cross NC requested that the Debtor refund that amount.

7. After the 11/13/17 Letter, Blue Cross NC identified and reviewed claims for laboratory services that the Debtor had submitted to Blue Cross NC from July 1, 2017 through

---

[1] Although the language in the Agreement uses the word "offset," North Carolina allows Blue Cross NC to exercise the right of recoupment against amounts due to the Debtor under the Agreement. See, e.g., In re District Mem. Hosp. of Southwestern N.C., Inc., 297 B.R. 451 (Bankr. W.D.N.C. 2002) (allowing recoupments of overpayments for medical claims); Crescent Foods v. Evason Pharmacies, Inc., 15 CVS 1852, 2016 WL 6270257, at *6 (N.C. Super. Ct. Oct. 5, 2016) ("North Carolina has long recognized recoupment as a valid counterclaim under the proper circumstances . . . . Defendant has properly asserted a claim for recoupment because the claim arises from the same transaction as Plaintiff's claims." (citing Fields v. Brown, 160 N.C. 295, 298, 76 S.E. 8, 10 (1912); Hurst v. Miller & Co. v. Everett & Everett, 91 N.C. 399 (1884))).

November 30, 2017, and identified additional overpayments for excluded laboratory services totaling $769,674.05. By letter dated January 29, 2018 (the "01/29/18 Letter"), Blue Cross NC demanded that the Debtor refund $1,855,501.18 (comprised of the $1,085,827 overpayments made from January 1, 2016 to June 30, 2017 and the $769,674.05 overpayments made from July 1, 2017 through November 30, 2017).

8. After the 01/29/18 Letter, Blue Cross NC identified and reviewed claims for laboratory services that the Debtor submitted to Blue Cross NC from December 1, 2017 to November 27, 2018 and identified additional overpayments for excluded laboratory services totaling $633,881.77. By letter dated November 27, 2018 (the "11/27/18 Letter"), Blue Cross NC demanded that the Debtor refund $2,489,382.95 (comprised of the $1,085,827 overpayments made from January 1, 2016 to June 30, 2017 and the $769,674.05 overpayments made from July 1, 2017 through November 30, 2017, and the $633,881.77 overpayments made from December 1, 2017 to November 27, 2018).

9. Despite the multiple demand letters, the Debtor did not refund any of the Overpayments requested.

10. Since the 11/27/18 Letter, Blue Cross NC has discovered $1,739,477.75 in additional claims that should have been included in the 11/27/18 Letter for $2,489,382.95. Thus, there are currently a total of $4,228,860.70 in overpayments (the "Overpayment Arrearage") that the Debtor must reimburse Blue Cross NC under the Agreement.

11. The Overpayment Arrearage, however, includes $124,312.76 of Overpayments that were for the North Carolina State Health Plan, which has filed a separate claim for that amount. Thus, the amount of pre-petition Overpayments that the Debtor currently owes Blue

Cross NC is $4,104,547.94, and Blue Cross NC seeks to file a claim for this amount (the "Claim"). A copy of the proposed Claim is attached hereto as Exhibit A.

12. Blue Cross NC is continuing to perform its obligations under the Agreement and has paid the Debtor approximately $37,764.36 for services provided post-petition.

13. As discussed *supra*, Blue Cross NC has the contractual right to recoup the Claim against any amounts due the Debtor. Blue Cross NC has not, to date, exercised its right to recoup, but reserves the right to do so.

14. The Debtor filed its Schedules and Statement of Financial Affairs on May 15, 2019. The Debtor did not list Blue Cross NC as having a general unsecured claim, nor as being party to an executory contract with the Debtor.

15. On or about March 15, 2019, the Court entered a Notice of Creditors Meeting (the "Bar Date Notice"), setting the 341 Creditors' Meeting for April 16, 2019 and setting the bar date for filing proofs of claims for July 15, 2019. As shown by the Certificate of Service attached hereto as Exhibit B, Blue Cross NC was not served with or even given notice of the Bar Date Notice or the Bar Date.

16. At no time during the period from the Petition Date until the Bar Date did the Debtor inform Blue Cross NC of the Bar Date or the Bar Date Order, notwithstanding that the Debtor and Blue Cross NC were operating under and in frequent communication regarding the Agreement during this time.

## ARGUMENT

17. Pursuant to Rules 3002(c)(3) and 9006(b) of the Federal Rules of Bankruptcy Procedure, the Court may, for cause, extend the deadline for filing claims in a Chapter 11 proceeding upon a finding by the Court of "excusable neglect" on the part of the creditor. Under this standard, courts have consistently held that creditors who are not provided timely and reasonable notice of the claims bar date are entitled to file late claims. See, e.g., Pioneer Inv. Servs.

Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993) (finding deficient notice of claims bar date and allowing late filed claim under excusable neglect standard); In re O'Shaughnessy, 252 B.R. 722, 734 (Bankr. N.D. Ill. 2000) (finding excusable neglect and allowing late filed claim where creditor was not provided with reasonable or timely notice of claims bar date); In re Thomson McKinnon Sec. Inc., 130 B.R. 717, 720-21 (Bankr. S.D.N.Y. 1991) (allowing late filed claim where debtor failed to provide notice to known creditor of claims bar date).

18.  Based upon the failure to serve Blue Cross NC, a creditor known to the Debtor, with a copy of the Bar Date Order or otherwise inform Blue Cross NC of the Bar Date, Blue Cross NC should be permitted to file a proof of claim after the Bar Date.

19.  Allowing Blue Cross NC to file and assert an unsecured claim will not prejudice the Debtor or any other creditor in the case. To the contrary, bringing the claim to the attention of all parties is in everyone's best interests as it allows the Debtor and Blue Cross NC to continue operating under the Agreement.

WHEREFORE, Blue Cross NC respectfully requests that the Court:

1)  grant the Motion;
2)  authorize Blue Cross NC to file a late Proof of Claim;
3)  provide that such Proof of Claim shall be treated in all respects as timely filed; and
4)  grant such further relief as the Court deems just and appropriate.

Respectfully submitted this 6th day of September, 2019.

      /s/ Joseph S. Dowdy
Joseph S. Dowdy
NC Bar No. 31941
Kilpatrick Townsend & Stockton LLP
Raleigh, NC 27609
(919) 420-1718
jdowdy@kilpatricktownsend.com

Julie B. Pape, Esq.
NC Bar No. 27674

US2008 15857690 1

>Kilpatrick Townsend & Stockton LLP
>1001 Fourth Street
>Winston-Salem, NC 27101
>(336) 607-7356
>jpape@kilpatricktownsend.com

US2008 15857690 1

## BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| In Re: ) | Case No. 19-00730-5-JNC |
| ) | |
| CAH Acquisition Company #1, LLC d/b/a ) | Chapter 11 |
| Washington County Hospital, ) | |
| ) | |
| Debtor. ) | |
| _____) | |

### NOTICE OF MOTION FOR AUTHORITY TO FILE A LATE PROOF OF CLAIM

NOTICE IS HEREBY GIVEN OF THE Motion for Authority to File a Late Proof of Claim (the "Motion") filed by Blue Cross Blue Shield of North Carolina.

If you do not want the court to grant the relief sought in the motion or objection, or if you want the court to consider your views on the Motion, then, on or before September 23, 2019, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court
P.O. Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified. If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Date: September 6, 2019

                                                              /s/ Joseph S. Dowdy
                                                             Joseph S. Dowdy
                                                             NC Bar No. 31941
                                                             Kilpatrick Townsend & Stockton LLP
                                                             Raleigh, NC 27609
                                                             (919) 420-1718
                                                             jdowdy@kilpatricktownsend.com

US2008 15857690 1

Julie B. Pape, Esq.
NC Bar No. 27674
Kilpatrick Townsend & Stockton LLP
1001 Fourth Street
Winston-Salem, NC 27101
(336) 607-7356
jpape@kilpatricktownsend.com

CERTIFICATE OF SERVICE

I, Julie Pape, of the law firm of Kilpatrick Stockton & Petree LLP, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:

That on September 6, 2019, I electronically filed the foregoing Motion for Authority to File a Late Proof of Claim with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties listed below on Exhibit A. I further certify that I have mailed the document to the non CM/ECF participants as set out below on Exhibit A by first class/certified mail.

I certify under penalty of perjury that the foregoing is true and correct.

This the 6th day of September, 2019.

/s/ Joseph S. Dowdy
Joseph S. Dowdy
NC Bar No. 31941
Kilpatrick Townsend & Stockton LLP
Raleigh, NC 27609
(919) 420-1718
jdowdy@kilpatricktownsend.com

Julie B. Pape, Esq.
NC Bar No. 27674
Kilpatrick Townsend & Stockton LLP
1001 Fourth Street
Winston-Salem, NC 27101
(336) 607-7356
jpape@kilpatricktownsend.com

US2008 15857690 1

Exhibit A

Thomas W. Waldrep  (via CM/ECF)
Chapter 11 Trustee

Benjamin E.B. Waller  (via CM/ECF)
James Lanik
Counsel for the Chapter 11 Trustee

Rayford K. Adams  (via CM/ECF)
Counsel for the Debtor

Marjorie K. Lynch  (via CM/ECF)
United States Bankruptcy Administrator

Ryan J. Adams  (via CM/ECF)
Counsel for Aspitar Medical Lab, LLC

Brian R. Anderson (via CM/ECF)
Nancy A. Peterman  (via CM/ECF)
Counsel for Health Care Ombudsman

John Paul H. Cournoyer  (via CM/ECF)
Counsel for Paul Nussbaum, Steven F. White, Rural Community Hospitals of America, LLC, and Sun Finance, Inc.

Jonathan E. Friesen (via CM/ECF)
Counsel for Wendy C. Phillips

Matthew A. Petersen  (via CM/ECF)
Stephen W. Petersen  (via CM/ECF)
Counsel for First Capital Corporation

Katherine McCraw  (via CM/ECF)
Counsel for NC DHHS

Brian H. Smith  (via CM/ECF)
Counsel for Complete Business Solutions Group, Inc.

John M. Sperati  (via CM/ECF)
Counsel for Somerset Capital Group, Ltd.

Christopher A. McElgvin  (via CM/ECF)
Felton Parrish  (via CM/ECF)
Counsel for Security Bank of Kansas City

US2008 15857690 1

W. Tyler Chastain, Esq. (via United States Post Service)
Bernstein, Stair & McAdams, LLP
116 Agnes Road
Knoxville, TN 37919
Counsel for ERx, LLC

US2008 15857690 1