IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN THE MATTER OF: )
) CASE NO.: 19-00730-5-JNC
CAH ACQUISITION COMPANY 1, LLC )
d/b/a WASHINGTON COUNTY HOSPITAL, ) CHAPTER 11
)
)
DEBTOR. )

## OBJECTION TO DISCLOSURE STATEMENT FOR AMENDED CHAPTER 11 PLAN FOR ORDERLY LIQUIDATION

Complete Business Solutions Group, Inc. (hereinafter "CBSG"), by and through counsel, hereby responds and objects to the Trustee's Disclosure Statement for Amended Plan of Orderly Liquidation and Amended Chapter 11 Plan of Orderly Liquidation (Doc #480 and 481) filed herein by the Chapter 11 Trustee, pursuant to Rule 3020(b) of the Federal Rules of Bankruptcy Procedure, and respectfully shows as follows:

1.      The Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on April 1, 2019 (hereinafter "Petition Date") in the United States Bankruptcy Court for North District of Oklahoma. On April 12, 2019, the case was transferred to the Eastern District of North Carolina.

2.      Thomas W. Waldrep, Jr. was appointed as Trustee on April 12, 2019. The Trustee is the duly appointed, qualified, and acting trustee of the Debtor's estate.

3.      As shown by the claims registry, CBSG timely filed a Proof of Claim herein (Claim #29-2) which sets forth that CBSG purchased all of the accounts and contracts rights of the Debtor as of the date of execution of each Factoring Agreement or December 7, 2018 and December 10, 2018.  CBSG also claims a lien on certain personal property as shown in a Security Agreement (i.e.; accounts, equipment, inventory, etc.) and a lien on three tracts of

improved real property owned by CAH Acquisition Company 12, LLC, Regional Health Partners, LLC and DeQueen Medical Center, Inc. (collectively "tracts of real property").

4.      To date, the Proof of Claim filed by CBSG has not been objected to by any party in interest and remains an allowed claim.

5.      11 U.S.C. § 1125(a) provides that the Disclosure Statement must contain adequate information which means information of a kind, and in sufficient detail, as far as is reasonably practical in light of the nature and history of the Debtor and the condition of the Debtor's books and records that would enable a hypothetical investor to make an informed judgment about the Amended Plan. Based on the Proof of Claim filed herein by CBSG and CBSG's rights as owner of all accounts and contract rights as of the date of each Factoring Agreement and claiming a security interest on the personal property and lien on the tracts of real property, the Disclosure Statement should, at a minimum, disclose and discuss how the Plan will impact CBSG and other claimants.

6.      Based on the foregoing, CBSG raises the following objections to confirmation of the Amended Plan as follows:

a.      "In order for a plan of reorganization to be confirmable, the plan must satisfy the thirteen requirements set forth in Section 1129. The proponent of the plan bears the burden of proof as to introduction and persuasion that each of these requirements has been satisfied." In re Radco Props., Inc., 402 B.R. 666, 671 (Bankr. E.D.N.C. 2009). Furthermore, "the Court has an independent obligation to review the Plan to make sure that it satisfies the standards for plan confirmation in section 1129." In re Ion Media Networks, Inc., 419 B.R. 585, 598 (Bankr. S.D.N.Y. 2009); see also 11 U.S.C. § 1129(a) (The court shall confirm a plan only if all of the following requirements are met: (1)…(16)…).

b. The Trustee's Plan has not been proposed in good faith as required by 11 U.S.C. § 1129(a)(3). In support thereof, CBSG states that the Trustee must show that the Amended Plan will achieve a result consistent with the standards prescribed by the Code. Even if the Trustee could sell the accounts and contract rights owned by CBSG under 11 U.S.C. § 363(f), CBSG at a minimum would be entitled to the value of the property which was sold. In addition, CBSG claims a consensual lien on personal property and on the tracts of real property. The Amended Plan does not make any provision for the treatment of this claim.

c. Neither the Amended Plan nor the proponent of the Amended Plan has complied with the applicable provisions of 11 U.S.C. § 1129(a)(1) and (2). More specifically, the Trustee does not propose to treat CBSG as a secured creditor to the extent of its secured claim. Also, CBSG incorporates the provisions of paragraph 6.b. hereinabove in support hereof.

d. The Trustee's Plan fails to satisfy the best interests of creditors' test as set forth in U.S.C. § 1129(a)(7). Simply put, CBSG is entitled to receive in the Trustee's Amended Plan as much as it would receive in a Chapter 7 liquidation. In this event, CBSG would be entitled to be paid the value of the property which it owned as of the petition date of each Factoring Agreement along with the value of its secured claim should it prevail in the adversary proceeding

e. The Trustee's Plan does not comply with the provisions of U.S.C. § 1129(b)(1). More specifically, the Amended Plan unfavorably discriminates against CBSG, is not fair and equitable, and does not provide CBSG the indubitable equivalent of its interests in personal property that it owns, or its lien on the personal property or the tracts of real property.

f.  The Trustee's Plan also violates the provisions of 11 U.S.C. § 1129(b)(2)(a)(i)(II) in that CBSG will not receive the amount of its claim and deferred cash payments totaling at least the allowed amount of said claim as of the effective date of the Plan of at least CBSG's interest in the property which it owns or its lien on the personal property or the tracts of real property.

g.  CBSG owns the accounts and contract rights of the Debtor as of the date of the execution of each Factoring Agreement.  Notwithstanding, the value of the property either utilized by the Trustee or in which CBSG has a lien may be less than the allowed claim of CBSG. As such, CBSG could make an election under 11 U.S.C. § 1111(b). However, such election must be made prior to the conclusion of the hearing on the Disclosure Statement pursuant to Rule 3014 of the Federal Rules of Bankruptcy Procedure.

h.  CBSG requests that the Court allow CBSG up to and including resolution of the adversary proceeding filed by the Trustee against CAH Acquisition Company 12, LLC, case #19-00139-5JNC to make an election under 11 U.S.C. § 1111(b). Until CBSG's rights are determined, CBSG will not be in a position to determine if it is partially or fully secured.

i.  CBSG reserves the right to amend and supplement this Objection.

WHEREFORE, CBSG prays the Court as follows:

1.      That the Court require that the Trustee revise the Disclosure Statement to provide that CBSG has or may have an ownership interest in the accounts and a security interest in personal property and lien on the tracts of real property, to explain how the Trustee proposes to treat CBSG's claim and to show it could affect the distribution to other creditors;

2.      That the Court determine that since the Trustee seeks to alter the legal, equitable and contractual rights of CBSG, CBSG's claim is impaired and CBSG has the right to object to and vote against the Amended Plan; and

3.      That the Court allow CBSG up to and including the resolution of the adversary proceeding referenced herein to make an election under 11 U.S.C. § 1111(b);

4.      That the Court deny confirmation of the Trustee's Amended Plan for the reasons set forth herein; and

5.      For such other and further relief as the Court may deem just and proper.

This the _2nd_ day of December, 2019.


HUTCHENS LAW FIRM LLP
Attorneys for Complete Business Solutions Group, Inc.

By:_____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Ste. 315
Charlotte, NC  28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN THE MATTER OF:                          )
                                           )         CASE NO.: 19-00730-5-JNC
CAH ACQUISITION COMPANY 1, LLC             )
d/b/a WASHINGTON COUNTY HOSPITAL,          )         CHAPTER 11
                                           )
            DEBTOR.                        )

## CERTIFICATE OF SERVICE

     I, William Walt Pettit, as attorney of record for Complete Business Solutions Group, Inc., hereby certify that on the _____ day of December, 2019, I served a copy of the Response and Objection to Disclosure Statement for Amended Chapter 11 Plan for Orderly Liquidation by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

CAH Acquisition Company 1, LLC d/b/a          Rayford K. Adams, III
Washington County Hospital                    (by ECF service)
958 U.S. Highway 64 East
Plymouth, NC 27962

Thomas W. Waldrep, Jr.
U.S. Bankruptcy Administrator's Office
(by ECF service)

HUTCHENS LAW FIRM LLP
Attorneys for Complete Business Solutions Group, Inc.

By:_____
    William Walt Pettit
    NC Bar No.: 9407
    6230 Fairview Road, Ste. 315
    Charlotte, NC  28210
    Telephone: (704) 362-9255
    Email: walt.pettit@hutchenslawfirm.com

Official Form 314  (12/15)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| In re CAH Acquisition Company #1, LLC<br>d/b/a Washington County Hospital, | ) | |
| | ) | |
| | ) | Case No. 19-5-00730-5-JNC |
| Debtor. | ) | |
| | ) | Chapter 11 |
| Address:   958 U.S. Hwy 64 East | ) | |
|            Plymouth, NC 27962 | ) | |
| | ) | |
| EIN:       61-1524473 | ) | |
| | ) | |

## Class [ 3 ] Ballot for Accepting or Rejecting Plan of Reorganization

Thomas W. Waldrep, Jr., Chapter 11 Trustee for the above-captioned Debtor (the *Trustee*), filed a plan of reorganization dated October 17, 2019 (the *Plan*) [Docket No. 480] for the Debtor in this case. The Court has conditionally approved a disclosure statement with respect to the Plan (the *Disclosure Statement*) [Docket No. 481] by entry of the Order on October 18, 2019 (the *Disclosure Statement Order*) [Docket No. 481]. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from:

Thomas W. Waldrep, Jr.
Chapter 11 Trustee for CAH Acquisition Company #1, LLC
101 South Stratford Road, Suite 210
Winston-Salem, NC 27104
Phone: (336) 717-1440
Telefax: (336) 717-1340

Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. You should review any proof(s) of Claim you may have filed in the Debtor's case as well as the Debtor's Schedules of Assets and Liabilities [Docket No. 231] alongside the Plan to determine the Class or Classes of Claims may you hold, and whether those Classes are entitled to vote on the Plan.  Fill in the Class of your Claim entitled to vote in all sections of this Ballot in each blank, set apart by brackets, "[   ]," including the title of this Ballot.  If you hold more than one Claim or Equity Interest that is entitled to vote, you must submit a separate Ballot for each such Claim or Equity Interest.**

If your Ballot is not received by Thomas W. Waldrep, Jr. at 101 South Stratford Road, Suite 210, Winston-Salem, NC 27104 on or before December 2, 2019, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots must be submitted by U.S. First Class Mail, by hand delivery, or by the use of a courier service.

Ballots transmitted by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court will not be accepted except at the Trustee's discretion.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT**

**Acceptance or Rejection of the Plan**

Capitalized terms used in this Ballot not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable. The Plan, the Disclosure Statement, and the Disclosure Statement Order are enclosed with this Ballot.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each Impaired Class entitled to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (the *Bankruptcy Code*). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

PLEASE COMPLETE ITEMS 1, 2, AND 4 BELOW. ITEM 3 IS OPTIONAL. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST, <u>EXCEPT AT THE TRUSTEE'S DISCRETION</u>

<u>Item 1. Unsecured Class Election.</u>  Under the Plan, holders of General Unsecured Claims (Class 4) may elect to have their claims treated instead as Convenience Claims (Class 5). In the event that the holder of a General Unsecured Claim elects to have its Claim treated as a Convenience Claim, the Claim will be deemed allowed under the Plan in the amount of one thousand dollars ($1,000.00) and, subject to the limitations set forth in section IV(B)(5) of the Plan, receive, in full and final satisfaction of its Claim, <u>cash in an amount equal to the lesser</u> <u>of (i) one thousand dollars ($1,000.00) and (ii) the allowed amount of such Claim. If you are a holder of a Class 4</u> <u>General Unsecured Claim, please indicate your class election below.  Ballots submitted without a class</u> <u>election, or with an ambiguous class election (e.g., a Ballot on which the boxes for both class elections</u> <u>have been checked), will be treated as Ballots for Class 4 General Unsecured Claims.  If you are not a</u> <u>holder of a General Unsecured Claim, please select the box indicating that this Item is not applicable to your Claim.</u>

The undersigned elects to have such claim treated as follows (check <u>one</u> box only):

☐ **A Class 4 General Unsecured Claim** in the voting amount of:

☐ **A Class 5 Convenience Claim** in the amount of one thousand dollars ($1,000.00).

☒ **Not applicable.**

$_____$ *.

* For voting purposes only, please see Section I of the Additional Instructions attached to this Ballot.

<u>Item 2.  Class Vote.</u>  This Item provides the option for you to accept or reject the Plan. If any Claim or Equity Interests you hold falls within a Class entitled to vote under the Plan, please indicate your vote below.

[Voting Options Continue on Next Page]

The undersigned, the holder of a Class [ 3 ] Claim against the Debtor in the unpaid amount of Dollars:

$ 6,113,514.70_____ ; or, the undersigned, the holder of a Class 6 Equity Interest in the Debtor, consisting of:

_____ shares, and / or (circle one) another form of interest described below:

_____

_____, votes to:

*Check one box only*

☐  Accept the Plan.

☒  Reject the Plan.

If you have checked the "Accept the Plan" box above, you cannot elect to opt out of the releases contained in Section XI(E) of the Plan, and you will be deemed to consent to such releases.

If you have not checked the "Accept the Plan" box above, <u>you will be deemed to consent to the releases</u> contained in Section XI(E) of the Plan <u>unless you elect to opt out of the releases</u> by checking the box in Item 2 below.

<u>Item 3 (Optional).  Release Disclosure and Election.</u>  COMPLETE THIS ITEM 3 ONLY IF YOU DID NOT VOTE TO ACCEPT THE PLAN IN ITEM 2.  Section XI(E) of the Plan includes a release from the Debtor's creditors in favor of certain Released Parties (as defined below, the *Released Parties*) to the fullest extent permitted by applicable law (the *Section XI(E) Release*).  As a creditor of the Debtor, you should read Section XI(E) of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.  If you have checked the Accept the Plan" box above, you are deemed to have consented to the Section XI(E) Release.  If you have not checked the "Accept the Plan" box above, you should check the box below if you <u>do consent</u> to the Section XI(E) Release notwithstanding your rejection of the Plan.  If you have not checked the "Accept the Plan" box above and you fail to return this Ballot with the box set forth below checked, you will be deemed not to have consented to the Section XI(E) Release.

<u>Definitions:</u>

*Released Parties"* means, collectively and individually, the Trustee and the Trustee's attorneys, accountants, agents, and other Professionals.

We do not release the Released Parties as defined and thus we did not check the box.

☐      The undersigned did not vote to accept the Plan and opts out of the Section XI(E) Release.

[Acknowledgments on Following Page]

**Item 4. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

Complete Business Solutions Group, Inc.
_____
Name of Creditor

_____
Signature

William Walt Pettit Attorney
_____
If by Authorized Agent, Name and Title

Hutchens Law Firm LLP
_____
Name of Institution

6230 Fairview Road Suite 315
_____
Street Address

Charlotte,   NC   28210
_____
City, State, Zip Code

704-362-9255
_____
Telephone Number

walt.pettit@hutchenslawfirm.com
_____
Email Address

December 2, 2019
_____
Date Completed

Return this Ballot to:

Thomas W. Waldrep, Jr.
Chapter 11 Trustee for CAH Acquisition Company #1, LLC
101 South Stratford Road, Suite 210
Winston-Salem, NC 27104

## ADDITIONAL INSTRUCTIONS FOR COMPLETING THE BALLOT

I.        If you hold a Claim or Equity Interest in a Class that is entitled to vote, such Claim or Equity Interest has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan only in the amount of your filed proof of Claim or Equity Interest or, if no proof of Claim was filed, then in the amount of any such Claim listed in the Debtor's Schedules of Assets and Liabilities.  The temporary allowance of your Claim  for  voting purposes **does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context** (*e.g.*, the right of the Trustee to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Trustee so that it is received no later than **December 2, 2019** (the *Voting Objection Deadline*); provided, that if your Claim is the subject of a Determination Motion you shall have until the later of (i) the Voting Objection Deadline or (ii) 7 days after the filing of such Determination Motion to file a response to such Determination Motion.   Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount temporarily allowed, regardless of the amount identified in Item 2 of the Ballot.

II.       The Ballot does not constitute and will not be deemed a proof of Claim or an assertion of a Claim.

III.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

IV.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

V.       PLEASE RETURN YOUR BALLOT PROMPTLY.   THE TRUSTEE WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE COURT EXCEPT AT THE TRUSTEE'S DISCRETION.

VI.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, PLEASE CONTACT THE TRUSTEE AT:

Thomas W. Waldrep, Jr.
Chapter 11 Trustee for CAH Acquisition Company #1, LLC
101 South Stratford Road, Suite 210
Winston-Salem, NC 27104
Phone: (336) 717-1440
Telefax: (336) 717-1340

DO NOT CONTACT THE TRUSTEE FOR LEGAL ADVICE.  THE TRUSTEE CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**

VII.     PLEASE BE ADVISED THAT THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:

**Section XI(E) of the Plan contains the following releases by Holders of Claims:**

ON THE EFFECTIVE DATE, EXCEPT AS OTHERWISE PROVIDED HEREIN AND EXCEPT FOR THE RIGHT TO ENFORCE THIS PLAN, ALL

PERSONS WHO HAVE (I) (A) VOTED TO ACCEPT THIS PLAN OR WHO ARE PRESUMED OR DEEMED TO HAVE VOTED TO ACCEPT THIS PLAN UNDER SECTION 1126(f) OF THE BANKRUPTCY CODE AND/OR (B) ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THIS PLAN AND WHO VOTE TO REJECT THIS PLAN OR ABSTAIN FROM VOTING, AND (II) DO NOT MARK THEIR BALLOTS AS OPTING OUT OF THE RELEASES GRANTED UNDER THIS SECTION OR OTHERWISE OPT OUT OF THE RELEASES GRANTED UNDER THIS SECTION IN WRITING BY THE DEADLINE TO VOTE TO ACCEPT OR REJECT THIS PLAN, AS APPLICABLE, SHALL, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE THE RELEASED PARTIES AND EACH OF THEIR RESPECTIVE CONSTITUENTS, PRINCIPALS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, REPRESENTATIVES, ATTORNEYS, PROFESSIONALS, ADVISORS, AFFILIATES, FUNDS, SUCCESSORS, PREDECESSORS, AND ASSIGNS, OF AND FROM ALL LIENS, CLAIMS, CAUSES OF ACTION, LIABILITIES, ENCUMBRANCES, SECURITY INTERESTS, INTERESTS, OR CHARGES OF ANY NATURE OR DESCRIPTION WHATSOEVER RELATING TO THE DEBTOR, THE CHAPTER 11 CASE, OR AFFECTING PROPERTY OF THE ESTATES, WHETHER KNOWN OR UNKNOWN, SUSPECTED OR UNSUSPECTED, SCHEDULED OR UNSCHEDULED, CONTINGENT OR NOT CONTINGENT, UNLIQUIDATED OR FIXED, ADMITTED OR DISPUTED, MATURED OR UNMATURED, SENIOR OR SUBORDINATED, WHETHER ASSERTABLE DIRECTLY OR DERIVATIVELY BY, THROUGH, OR RELATED TO THE DEBTOR, AGAINST SUCCESSORS OR ASSIGNS OF THE DEBTOR AND THE INDIVIDUALS AND ENTITIES LISTED ABOVE WHETHER AT LAW, IN EQUITY OR OTHERWISE, BASED UPON ANY CONDITION, EVENT, ACT, OMISSION OCCURRENCE, TRANSACTION OR OTHER ACTIVITY, INACTIVITY, INSTRUMENT, OR OTHER AGREEMENT OF ANY KIND OR NATURE OCCURRING, ARISING, OR EXISTING PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO OR ARISING OUT OF, IN WHOLE OR IN PART, THE DEBTOR, THE TRUSTEE, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE NEGOTIATION AND CONSUMMATION OF THE SALE, THE CONSUMMATION OF THIS PLAN OR THE ADMINISTRATION OF THIS PLAN, INCLUDING WITHOUT LIMITATION, THE NEGOTIATION AND SOLICITATION OF THIS PLAN, ALL REGARDLESS OF WHETHER (A) A PROOF OF CLAIM HAS BEEN FILED OR IS DEEMED TO HAVE BEEN FILED, (B) SUCH CLAIM IS ALLOWED OR (C) THE HOLDER OF SUCH CLAIM HAS VOTED TO ACCEPT OR REJECT THIS PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE.   FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED HEREIN SHALL IMPACT THE RIGHT OF ANY HOLDER OF AN ALLOWED CLAIM TO RECEIVE A DISTRIBUTION ON ACCOUNT OF ITS ALLOWED CLAIM IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THIS PLAN.

<u>Applicable Definitions:</u>

*Released Parties* means, collectively and individually, the Trustee;s attorneys, accountants, agents, and other Professionals.

OTHER RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS ARE FOUND IN SECTION XI OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
OTHER DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | CASE NO.: 19-01300-5-JNC |
| CAH ACQUISITION COMPANY 1, LLC | ) | |
| d/b/a I-70 COMMUNITY HOSPITAL, | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

## CERTIFICATE OF SERVICE

I, William Walt Pettit, as attorney of record for Complete Business Solutions, Group, Inc., hereby certify that on the _2ⁿᵈ_ day of December, 2019, I served a copy of the Ballot for Accepting or Rejecting Plan of Reorganization  by either electronic notice in accordance with the local rules or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

CAH Acquisition Company 1, LLC
d/b/a I-70 Community Hospital
PO Box 953241
Saint Louis, MO 63195

Rayford K. Adams, III
(by ECF service)

Thomas W. Waldrep, Jr.
U.S. Bankruptcy Administrator's Office
(by ECF service)

HUTCHENS LAW FIRM LLP
Attorneys for Complete Business Solutions, Group, Inc.

By: _____
William Walt Pettit
NC Bar No.: 9407
6230 Fairview Road, Ste. 315
Charlotte, NC  28210
Telephone: (704) 362-9255
Email: walt.pettit@hutchenslawfirm.com