UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

In Re:

CAH ACQUISITION COMPANY #1, LLC,
d/b/a Washington County Hospital,

Debtor.

Case No. 19-00730-5-JNC

Chapter 11

**BANKRUPTCY ADMINISTRATOR'S RESPONSE TO COURT'S SHOW CAUSE ORDER OF DECEMBER 17, 2019**

Now comes the Bankruptcy Administrator and herewith responds to the Order to Show Cause issued by the court on December 17, 2019:

1. This case was initiated as an involuntary chapter 7 by Washington County, Medline Industries and Dr. Robert Venable on February 19, 2019. Subsequently and with the consent of the petitioning creditors, CAH Acquisition Company #1, LLC d/b/a Washington County Hospital converted its case to a voluntary Chapter 11 on March 21, 2019. On March 29, 2019, the court appointed Thomas W. Waldrep, Jr. as chapter 11 trustee ("Trustee"). At the time of the appointment of the Trustee, the hospital was closed, and necessary emergency services were suspended.

2. The Trustee reopened the hospital in May and retained the services of Affinity Healthcare Partners, a management company to operate the hospital on May 13, 2019. According to the monthly operating reports filed in this case, the hospital has, until recently, been able to maintain its operations and generate the necessary cash flow to pay essential expenses, including payroll. The October monthly operating report shows that the Debtor's disbursements exceeded its receipts, but it had $1,529,721 in current (30 days or less) receivables and that it was current on its operational accounts payable. The total receivables 90 days or less is $2,685,440. No DIP financing was required in order to maintain the hospital until December.

3. On December 13, 2019, Affinity was not able to make payroll to the staff of the hospital. On December 17, 2019, the court issued a show-cause order to determine whether the case should be dismissed, converted or administrative sanctions issued for the failure of the Trustee to make payroll to the hospital staff. The court conducted a hearing on December 19, 2019, on the show cause and heard from several witnesses from the hospital regarding the conditions of the hospital and efforts being undertaken by Affinity to expand services and shore up operations. The court continued the hearing until December 30, 2019.

4. On December 23, 2019, the Trustee filed an emergency motion to obtain approval of DIP financing in the amount of $525,000 to permit the Debtor to pay the December 13

payroll and to pay the payroll due on December 27, 2019. No hearing has been conducted on this motion as of the time of this response.

5. Washington County is a critical access hospital and serves an economically disadvantaged and medically underserved area of Northeastern North Carolina. As noted in the Patient Care Ombudsman report filed on December 16, 2019, the nearest trauma center is 55 miles away. According to testimony of staff members offered at the hearing on December 19, the previous closure of the hospital may have resulted in premature deaths of individuals who were unable to receive emergency care in a timely fashion. In addition, highway signs direct visitors to the hospital in Plymouth for emergency cases.

6. On December 19, four witnesses who are currently staff members at the hospital provided testimony to the court. Many of the witnesses had been at the hospital for more than a decade and had worked for prior management companies. All the witnesses described the efforts of Affinity to expand the hospital's services to the community and spoke positively of the working environment under the current management of the hospital. In the view of the Bankruptcy Administrator, the staff exhibited a commitment to making the hospital a success and were eloquent in their testimonies on the close-knit relationship with their fellow staff members and the importance of the hospital to the community. The witnesses also offered testimony that the lab and radiology services being provided to the medical community in the area are the sole source of these services in the area.

7. The Patient Care Ombudsman visited the hospital on November 21, 2019. Her report was filed on December 16, 2019, Within the report, the ombudsman noted the issues with the billing software with which the court is familiar as well as facilities repairs which have been made. The ombudsman concluded that the hospital was operating properly, and patients are receiving appropriate care.

8. Trustee Efforts to Address Payroll: The Trustee has been aware of the cash flow problems at the hospital and has been actively engaged in obtaining interim financing to assist Affinity in covering payroll.[1] Several lenders were located but backed out at the last minute. Literally within hours of the deadline for issuing payroll checks, the Trustee had a good faith belief that a lender was willing to make a loan to Affinity Health Partners to cover the payroll due on December 13. By the time the Trustee was made aware that there was no loan to be made, it was too late to obtain alternative funding. The Trustee notified the BA immediately on the afternoon of December 13 (a Friday) and indicated that his efforts to locate funding were continuing. It is apparent that on December 13, 2019, the Trustee was presented with a Hobson's choice of closing the hospital immediately or allowing the staff to work without pay in the hope of locating financing to cover the payroll. The BA was of the belief that so long as some hope remained that such financing could be procured, it was appropriate for the hospital to continue to remain open.

---

[1] Staff at Washington Regional Medical Center are considered employees of Affinity Health Partners under the management agreement. As a result, the Trustee was assisting Affinity with finding a loan rather than a DIP loan to the Debtor.

9. Subsequent to the court's emergency status conference on Tuesday, December 17, Washington County Board of Commissions gave preliminary approval for a bridge loan to fund payroll while the sale of the hospital was concluded. The loan carried certain conditions and as of December 19, these conditions had not yet been met. Upon information and belief, representatives of Affinity, the County and the Trustee were working on meeting these conditions even as the Trustee explored alternative funding sources.

10. At the December 19 hearing, the President of Affinity Health Partners, Mr. Frank Avignone, appeared and testified regarding the current financial circumstances of the hospital. According to Mr. Avignone, there is a payroll due every two weeks of $210,000. He testified that there were approximately 1200 reimbursement claims in the amount of approximately $450,000 that are "processing". The root of the problem in Mr. Avignone's view is the failure of the third-party administrator, Wisconsin Physician Services, to process the claims in a timely fashion. There is also a Medicaid cost report for $900,000 that has been submitted for payment. Mr. Avignone testified that the payment of either of these amounts would resolve the cash flow crunch and enable the hospital to make its December payrolls.

11. Mr. Avignone further testified that he was prepared to put his house up for collateral to obtain the necessary funds to make payroll and that he has established and funded an emergency fund for employees in distress to access which would not have to be repaid if employees are paid.

12. The BA believes that it would not be in the best interests of the community, Washington County or the creditors for the court to dismiss or convert this case if an alternative source of funding for the missed payroll can be found. Presently a motion for emergency DIP financing awaits action by this court. If this loan is made, the immediate payroll needs of the hospital will be met. The BA does not underestimate the seriousness of the missed payroll considering the history of this and other CAH hospitals and does not condone non-payment of employees. However, it appears to the BA from the evidence before the court that the Trustee and Affinity Health Partners have acted in good faith and have made every effort to ensure that the needs of the hospital are met while the Trustee is working to sell the hospital. As a result, the BA opposes any administrative sanction against the Trustee or Affinity at this juncture.

13. If a funding source for the payroll and other expenses is not approved, the BA suggests that the court allow interim measures to reduce the expenses of operation of the hospital in a methodical manner to minimize the adverse impact on the community.

Respectfully submitted, this the 23rd day of December 2019.

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator

434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
marjorie_lynch@nceba.uscourts.gov
State Bar No. 13894

## CERTIFICATE OF SERVICE

I, Marjorie K. Lynch, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon the following via electronic mail:

Rayford K. Adams, III
Spilman Thomas & Battle, PLLC
110 Oakwood Dr., Suite 500
Winston-Salem, NC 27103

Jason L. Hendren
Hendren Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612

Thomas W. Waldrep, Jr.
Waldrep LLP
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 23rd day of December 2019.

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885