UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY #1, ) | |
| LLC, d/b/a WASHINGTON COUNTY ) | Chapter 11 |
| HOSPITAL[1], *et al.* ) | |
| ) | |
| Debtors. ) | |
| ) | |

**MOTION TO COMPEL DEBTORS THROUGH TRUSTEE TO FILE PRE-PETITION TAX RETURNS AND TO PAY DELINQUENT POST-PETITION WITHHOLDING TAXES OR, ALTERNATIVELY, TO CONVERT/DISMISS SUCH CASES**

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, on behalf of the Internal Revenue Service ("IRS"), respectfully moves the Court pursuant to 11 U.S.C. § 521(j)(1), 1106(a)(6), and 1112(b)(4)(I), for an order compelling the Trustee to: (i) furnish financial information and file delinquent federal tax returns reflected in the IRS's proofs of claim relating to each debtor; and (ii) to pay delinquent post-petition employment taxes. Alternatively, the IRS moves to dismiss or convert the case. In support of this motion, the IRS alleges:

1. Debtors filed Chapter 11 bankruptcy petitions on or after February 19, 2019.[1]

---

[1] The Debtors in this jointly administered case include: (i) CAH Acquisition Company #1, LLC, Case No. 19-00730-5-JNC (Washington County, NC); (ii) CAH Acquisition Company #2, LLC, Case No. 19-01230-5-JNC (Oswego, KS); (iii) CAH Acquisition Company #3, LLC,

1

2. The IRS filed the following proofs of claim in these cases: (a) CAH 1-$1,611,257.50 [Claim No. 18-2]; (b) CAH 2-$812,212.50 [Claim No. 8-1]; (c) CAH 3-$1,129,754.09 [Claim No. 29-3]; (d) CAH 6-$866,485.75 [Claim No. 4-2]; (e) CAH 7-$1,118,481.95 [ Claim No. 6-3]; (f) CAH 12-$836,203.78 [Claim No. 54-2]; and (g) CAH 16-$869,124.58 [Claim No. 11-4]. Nearly all of these claims relate to unpaid employment taxes and are entitled to priority pursuant to 11 U.S.C. § 507(a)(7).

3. On October 18, 2019, in an effort to resolve this matter without involving the Court, the undersigned counsel contacted the Trustee's Office and requested request that it file all delinquent prepetition tax returns. The undersigned attorney also obtained assurance that all post-petition taxes were timely paid or about to be timely paid. On October 24, 2019, the undersigned memorialized these conversations with a letter summarizing the outstanding issues and requesting that the Trustee's Office provide written confirmation that all post-petition tax payments were timely. The IRS recently became aware that CAH 1 and CAH 3 each have unpaid post-petition federal withholding taxes. Consequently, on December 26, 2019, the IRS filed  administrative claims of $160,171.84 against CAH 1 [Claim No. 81-1] and of $26,999.03 against CAH 3 [Claim No. 69-1].

---

Case No. 19-01180-5-JNC (Horton, KS); (iv) CAH Acquisition Company 6, LLC, Case No. 19-01300-5-JNC (I-70 Community Hospital); (v) CAH Acquisition Company 7, LLC, Case No. 19-01298-5-JNC (Prague, OK); (vi) CAH Acquisition Company 12, LLC, Case No. 19-01697-5-JNC (Fairfax, OK); and (vii) CAH Acquisition Company #16, LLC, Case No. 19-01227-5-JNC (Haskell, OK).

4.  Pursuant to 11 U.S.C. § 1106(a)(6), the Trustee's Office has a duty to furnish information necessary to complete pre-petition tax returns. This was the basis of the Government's request made to the Trustee's Office in October of 2019. As of the date of this filing, undersigned counsel has not received returns or other information relating to the unfiled pre-petition tax returns. This information is needed in order for the IRS to make any necessary amendments to its proofs of claim.

5.  In addition to Trustee's obligation to provide such information pursuant to 11 U.S.C. § 1106, it also has an obligation to file certain returns pursuant to 11 U.S.C. § 521(j). The IRS requests that the Trustee be compelled to file such returns. According to Section 521(j)(2):

> If the debtor does not file the required return or obtain the extension referred to in paragraph (1) within 90 days after a request is filed by the taxing authority under that paragraph, the court shall convert or dismiss the case, whichever is in the best interests of creditors and the estate.

6.  The undersigned attorney fully appreciates the benefit that the successful resolution of these bankruptcies through liquidating Chapter 11 Plans will have for creditors and the local communities that rely on such facilities. Consequently, when the Government informed the Trustee's Office earlier today of its intent to file this motion, it also reaffirmed its willingness to work with the Trustee's Office in connection with the unfiled pre-petition returns. However, this can only be done if the Trustee's Office provides information required by Sections

3

1106 and 521(j) as soon as possible and quickly resolves its delinquent post-petition withholding tax situation. If these matters cannot be resolved, the Court should either converted or dismissed pursuant to 11 U.S.C. § 521(j)(1) and 1112(b)(4)(I).

WHEREFORE, the United States of America, for cause, prays for an order compelling the Trustee to: (i) furnish financial information and file delinquent federal tax returns reflected in the IRS's proofs of claim relating to each debtor by mailing said returns and information, via overnight mail, to Insolvency Section, IRS (Attn: D. Harris), 4905 Koger Boulevard, Suite 102, Greensboro, North Carolina 27407; and (ii) to pay delinquent post-petition employment taxes, or, in the alternative, for dismissal or conversion of this case.

Respectfully submitted this 31st day of December, 2019.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>/s/ Dennis M. Duffy
>DENNIS M. DUFFY
>Assistant United States Attorney
>Attorney for IRS
>150 Fayetteville Street, Suite 2100
>Raleigh, NC  27601
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>dennis.duffy@usdoj.gov
>N.C. Bar No. 27225

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 31st day of December, 2019, served a copy of the foregoing upon the below-listed parties electronically and/or by placing a copy of the same in the U.S. Mail, addressed as follows:

CAH Acquisition Company 1, LLC
d/b/a Washington County Hospital
958 U.S. Highway 64 East
Plymouth, NC 27962

CAH Acquisition Company 2, LLC
d/b/a Oswego Community Hospital
PO Box 953412
Saint Louis, MO 63195

CAH Acquisition Company 3, LLC
d/b/a Horton Community Hospital
PO Box 953296
Saint Louis, MO 63195

CAH Acquisition Company 6, LLC
d/b/a I-70 Community Hospital
PO Box 953241
Saint Louis, MO 63195-3241

CAH Acquisition Company 7, LLC
d/b/a Prague Community Hospital
PO Box 953446
Saint Louis, MO 63195

CAH Acquisition Company 12, LLC
d/b/a Fairfax Community Hospital
PO Box 955734
Saint Louis, MO 63195

CAH Acquisition Company 16, LLC
d/b/a Haskell County Community Hospital
PO Box 955745
Saint Louis, MO 63195

**Served by CM/ECF system:**

Rayford K. Adams, III
Attorney for Debtors

Sam G. Bratton, II
Attorney for Debtor CAH Acquisition Company 12

Thomas W. Waldrep, Jr.
Trustee

Jason L. Hendren
Attorney for the Trustee

                                          ROBERT J. HIGDON, JR.
                                          United States Attorney

                                          /s/ Dennis M. Duffy
                                          DENNIS M. DUFFY
                                          Assistant United States Attorney
                                          Attorney for IRS
                                          150 Fayetteville Street, Suite 2100
                                          Raleigh, NC  27601
                                          Telephone: (919) 856-4530
                                          Facsimile: (919) 856-4821
                                          dennis.duffy@usdoj.gov
                                          N.C. Bar No. 27225