UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY 1, LLC, ) | |
| d/b/a WASHINGTON COUNTY ) | Chapter 11 |
| COMMUNITY HOSPITAL, et al,[1] ) | |
| ) | |
| **Debtors.** ) | |
| ) | |

**OBJECTION AND RESPONSE TO MOTION TO COMPEL DEBTORS THROUGH TRUSTEE TO FILE PRE-PETITION TAX RETURNS AND TO PAY DELINQUENT POST-PETITION WITHHOLDING TAXES OR, ALTERNATIVELY, TO CONVERT/DISMISS SUCH CASES**

**NOW COMES** Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for the above-captioned Debtors (each a "Debtor", and collectively, the "Debtors"), by and through undersigned counsel, and hereby files this Objection and Response (the "Objection") to the *Motion to Compel Debtors Through Trustee to File Pre-Petition Tax Returns and to Pay Delinquent Post-Petition Withholding Taxes or, Alternatively, to Convert/Dismiss Such Cases* (the "Motion") [Dkt. No. 630] filed by the United States of America, by and through the United States Attorney for the Eastern District of North Carolina, on behalf of the Internal Revenue Service (the "IRS") on December 31, 2019.  In support of this Objection, the Trustee respectfully states as follows:

1.   The CAH 1 Case began as an involuntary case filed by three creditors on February 19, 2019.  The CAH 1 Case was converted to a Chapter 11 Case on March 15, 2019, and the

---

[1] The Court has entered orders directing the procedural consolidation and joint administration of the following debtors; cases: CAH Acquisition Company #1, LLC, d/b/a Washington County Hospital, Case No. 19-00730 (the "CAH 1 Case"); CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital, Case No. 19-01230 (the "CAH 2 Case"); CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital, Case No. 19-01180 (the "CAH 3 Case"); CAH Acquisition Company 6, LLC, d/b/a I-70 Community Hospital, Case No. 19-01300 (the "CAH 6 Case"); CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital, Case No. 19-01298 (the "CAH 7 Case"); CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital, Case No. 19-01697 (the "CAH 12 Case"); and CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital, Case No. 19-01227 (the "CAH 16 Case").

1

Trustee was appointed the same day. The remaining cases were filed as voluntary cases: the CAH 3 Case was filed on March 14, 2019; the CAH 2 Case and CAH 16 Case were filed on March 17, 2019; the CAH 6 Case and CAH 7 Case were filed on March 21, 2019; and the CAH 12 Case was filed on April 1, 2019.

2. In all of the above cases, the Trustee has retained Grant Thornton LLP ("GT") as Financial Consultant and Arnett Carbis Toothman LLP ("ACT," and together with GT, the "Financial Professionals") as Certified Public Accountant.

3. On December 31, 2019, the IRS filed the Motion seeking:

>   a. entry of an order compelling the Trustee to file the Debtors' outstanding pre-petition tax returns as well as paying all post-petition federal withholding taxes; or
>
>   b. entry of an order converting or dismissing the Debtors' cases for the failure to file pre-petition tax returns and remit all post-petition federal withholding taxes.

4. Prior to their respective bankruptcy petition dates, the Debtors were part of a larger network of affiliated hospitals with common ownership and management. Upon information and belief, the Debtors and their various affiliates are owned by two companies: Health Acquisition Company, LLC, which holds an eighty percent (80%) ownership interest, and HMC/CAH Consolidated, Inc., which holds a twenty percent (20%) ownership interest. Upon information and belief, the Debtors and their various affiliates were all managed by EmpowerHMS and related entities ("Empower") from March or April of 2017 until their respective petition dates. Prior to that time, the Debtors and their various affiliates were wholly owned subsidiaries of HMC/CAH Consolidated, Inc. and managed by Rural Community Hospitals of America.

5. As the Trustee came to learn throughout this case, and as the Trustee and his agents have stated in open court time and again, a universal aspect of the Empower management scheme

was centralized financial and administrative control of substantially all of the Debtors' information at off-site servers in Kansas City, Missouri (the "Servers"). In the years preceding the petitions, the Debtors' bank accounts were swept daily to accounts held by Empower, and the administrative employees of each Debtor had no access to any of their respective facilities' financial records. The Trustee has faced various roadblocks and delays to obtaining control over and access to the financial records of the Debtors, including, and not limited to, unauthorized access to the Servers by third parties early in the case; the post-petition failure of a main hard drive at the Servers; the termination of access credentials to the Servers for certain former Empower personnel assisting the Trustee; and the pervasive commingling of large amounts of non-debtor data and the Debtors' data throughout the Servers.

6.   The above pre-bankruptcy context is relevant to the Motion because, during the period in which the Debtors were wholly-owned subsidiaries of HMC/CAH Acquisition Company, those entities, as single-member LLCs, were disregarded for tax purposes. The period thereafter, when the Debtors became responsible for the filing of tax returns, coincides with centralized Empower management. Substantial portions of the Debtors' pre-petition financial information are, or were initially, inaccessible, and the Trustee has expended substantial time and resources in this case procuring records through various complications outlined above that, based on the various ongoing state and federal investigations into Empower of which the Trustee and all parties involved are aware, are not entitled to a presumption of reliability.

7.   The IRS is correct that it contacted counsel for the Trustee in mid-October to discuss the Debtors' unfiled pre-petition tax returns. Counsel for the Trustee responded to such request by explaining the above issues and agreeing that the Trustee would attempt to have all pre-petition tax returns filed at some point, but the Trustee could not commit to any specific timeline

3

due to (a) the issues set forth above, (b) the Financial Professionals' ongoing audits of the Debtors' books and records to correct certain issues, and (c) the Financial Professionals' ongoing commitments and efforts to keep post-petition filings up-to-date.

8. The first basis for objection to the Motion is its misstatement of the requirements of Section 1106(a)(6) of the Bankruptcy Code. To date and through all prior communications with the IRS, the IRS has stated that Section 1106(a)(6) requires the Trustee to file such returns. The Trustee agrees as much. However, the plain language of Section 1106(a)(6) does not set out a specific timeline or deadline for such filing. See In re Champion Excavation, Inc., Case No. 17-61839, 2018 WL 722460, at *10 (Bankr. D. Or. Feb. 5, 2018) (noting that, while Section 1106(a)(6) creates an obligation to file unfiled pre-petition returns in Chapter 11 cases, "it does not specify a deadline for those returns (which by definition are past-due as of the petition date)[,]" whereas Congress clearly created a deadline for pre-petition returns in the Chapter 13 provisions of the Bankruptcy Code).

9. Thus, with respect to the IRS's demands for the filing of unfiled pre-petition returns, such demands are over-inclusive to the extent they request filings from the period of time in which the Debtors were disregarded entities, and, for the periods thereafter, the IRS cites no provisions of the Bankruptcy Code purporting to set a deadline for the pre-petition returns. The Trustee will cause such returns to be filed as soon as practicable.

10. Further, the IRS's attempt to invoke Section 521(j)(2) of the Bankruptcy Code, which outlines the duties of a <u>debtor</u>, to create a deadline where none exists under Section 1106, is inapplicable to this case. The Trustee's duties are outlined in Section 1106 of the Bankruptcy Code, which incorporates, *inter alia*, portions of Section 704 and a single subpart of Section 521, the requirement to file schedules under Section 521(a)(1). Section 521(j)(2) does not apply to a

4

Chapter 11 trustee—only to a "debtor." The IRS is certainly entitled to the submission of pre-petition tax returns as soon as practicable, but the IRS cannot impose an inapplicable deadline against the Trustee.

11. With respect to the post-petition returns, the IRS asserts that two of the Debtors, CAH 1 and CAH 3, owe unpaid post-petition federal withholding tax payments, and that Section 1112(b)(4)(I) requires conversion or dismissal of these cases for such arrearages.

12. As to the application of Section 1112(b) to the Trustee, the language of 1112(b)(1) seems to indicate that the appointment of a Chapter 11 trustee under Section 1104 is an available *remedy* to actions or omissions of a *debtor* under 1112(b), so the Trustee is not willing to concede that the provisions of Section 1112(b) apply to his conduct as Trustee. Nevertheless, the Trustee agrees with the IRS that he is required to timely file post-petition federal withholding returns and make the associated payments. However, the requested conversion or dismissal cannot overcome the defense to such remedies established in Section 1112(b)(2) of the Bankruptcy Code. Additionally, conversion of either the CAH 1 Case or the CAH 3 Case to Chapter 7 or dismissal of these cases is clearly not in the best interests of creditors.

13. As to the application of Section 1112(b)(2), if the debtor "or any other party in interest" establishes that a plan is likely to be confirmed in a reasonable time; that there is a reasonable justification for the failure to pay taxes under Section 1112(b)(4)(I), and that such failure to pay will be cured in a reasonable period of time to be fixed by the Court, then this Court may not convert the case.

14. Here, all timely received ballots accepted the Chapter 11 plan filed by the Trustee in the CAH 3 Case. No meritorious objections to such confirmation have been filed. The reasons for non-payment set forth above apply here, and the closing of the sale, already approved by this

Court, will provide immediately-available funds to pay the IRS for post-petition federal withholding taxes. Therefore, under Section 1112(b)(2), the CAH 3 Case should not be converted or dismissed as sought by the IRS.

15. The same arguments for denying the conversion or dismissal of the CAH 3 Case apply to the CAH 1 Case. The Court has approved the sale of the CAH 1 Debtor's assets to the current management company pursuant to a stalking horse bid of $3,500,000.00. Due to that sale, the Trustee believes the Chapter 11 plan proposed in the CAH 1 Case can, and should, be confirmed over any objections. The closing of such sale would allow the immediate reconciliation of any post-petition federal withholding taxes that remain due. Therefore, under Section 1112(b)(2), the CAH 1 Case should be neither converted nor dismissed.

16. Finally, conversion or dismissal of either the CAH 1 Case or the CAH 3 Case is clearly not in the best interests of creditors to the estates, including the IRS. The impending sales of the Debtors, as proposed by the Trustee and as approved by the Court, will allow the Trustee to cure, as soon as possible, any outstanding post-petition federal withholding tax obligations owed by the estates. Introducing further delay and uncertainty into this process would negatively impact the IRS's recovery of such post-petition federal withholding taxes, but that delay and uncertainty are the inevitable results of the relief sought by the IRS.

17. Further, the sales, as conducted and proposed by the Trustee, are predicted to produce dividends to creditors that will be distributed in an orderly procedure, an outcome not guaranteed outside of bankruptcy in a foreclosure proceeding or similar action. Finally, the plan proposed by the Trustee involves the establishment of a litigation trust to pursue the causes of action held by the estate for the benefit of all creditors—causes of action with which the Trustee and his professionals are already familiar. The current and former employees of these Debtors,

and the various other debtors, stand to see further delay in the recovery of monies owed to them—and likely reductions in long-term recoveries due to the increased administrative costs created by the involvement and familiarization of new professionals to pursue such causes of action, should that outcome remain a possibility—if the relief requested by the IRS is granted.

18. In conclusion, the IRS has not established that the Trustee has failed to satisfy the duties imposed under the Bankruptcy Code with respect to the pre-petition returns. The Bankruptcy Code imposes no such deadlines, and the IRS cannot create a timeline for the Trustee under Section 521(j). The Trustee agrees that the pre-petition returns must be filed as soon as practicable, but failure to do so at this point does not create an actionable basis for the requested relief. An order compelling such conduct is unwarranted, and conversion or dismissal is inappropriate.

19. With respect to the post-petition federal withholding tax payments in the CAH 3 Case and the CAH 1 Case, the Trustee agrees that the IRS should, and will, be paid such arrearages from the closing of the sales of those Debtors' assets. Conversion or dismissal of either case, however, is inappropriate. The elements set forth in Section 1112(b)(2) of the Bankruptcy Code apply to both cases. Further, conversion or dismissal of either case is not in the best interests of creditors—including the IRS.

WHEREFORE, the Trustee objects to the IRS's Motion and respectfully requests such Motion be denied and any such other and further relief that the Court deems just and proper.

Respectfully submitted, this the 24th day of January, 2020.

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)

Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
        rredwine@hendrenmalone.com

*Attorneys for the Trustee*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **OBJECTION AND RESPONSE TO MOTION TO COMPEL DEBTORS THROUGH TRUSTEE TO FILE PRE-PETITION TAX RETURNS AND TO PAY DELINQUENT POST-PETITION WITHHOLDING TAXES OR, ALTERNATIVELY, TO CONVERT/DISMISS SUCH CASES** was filed electronically in accordance with the local rules and was served upon those listed on **Exhibit A** attached hereto on the date set forth by first class mail or by electronic service through CM/ECF.

Dated: January 24, 2020

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

*Attorneys for the Trustee*

**EXHIBIT A**

**VIA Electronic Service**

**VIA CM/ECF**

Rayford K. Adams, III on behalf of Debtors

Jason L. Hendren on behalf of Trustee Thomas W. Waldrep, Jr.

Rebecca F. Redwine on behalf of Trustee Thomas W. Waldrep, Jr.

Benjamin E.F.B. Waller on behalf of Trustee Thomas W. Waldrep, Jr.

James C. Lanik on behalf of Trustee Thomas W. Waldrep, Jr.

Jennifer B. Lyday on behalf of Trustee Thomas W. Waldrep, Jr.

Francisco T. Morales on behalf of Trustee Thomas W. Waldrep, Jr.

Thomas W. Waldrep, Jr. on behalf of Trustee Thomas W. Waldrep, Jr.

Marjorie K. Lynch on behalf of Bankruptcy Administrator Marjorie K. Lynch

Brian Behr on behalf of Bankruptcy Administrator Marjorie K. Lynch

Kirstin E. Gardner on behalf of Bankruptcy Administrator Marjorie K. Lynch

Ryan J. Adams on behalf of Creditor Aspirar Medical Lab, LLC

Brian R. Anderson on behalf of Health Care Ombudsman Suzanne Koenig

Sam G. Bratton, II on behalf of Debtor CAH Acquisition Company 12, LLC and Interested Party Doerner, Saunders, Daniel & Anderson, LLP

E. Franklin Childress on behalf of Creditor CAH Acquisition Company 11, LLC

John Paul H. Cournoyer on behalf of Creditor Sun Finance, Inc., Creditor Paul L. Nusbaum, Creditor Steven F. White, and Interested Party Rural Community Hospitals of America, LLC

Jonathan E. Friesen on behalf of Creditor Wendy C. Phillips

Terri L. Gardner on behalf of Petitioning Creditor Medline Industries, Inc., Petitioning Creditor Washington County, NC, and Petitioning Creditor Robert Venable, M.D.

Steven A. Ginther on behalf of Creditor Missouri Department of Revenue

David J Haidt on behalf of Creditor Fairfax Healthcare Authority, Creditor First Liberty Bank, Interested Party City of Drumright, Oklahoma, Interested Party Cohesive Healthcare Management and Consulting, Interested Party Fairfax Healthcare Authority, Interested Party Brent King, and Other Professional C. David Rhoades

Patricia E. Hamilton on behalf of Interested Party Brent King

Tyler E. Heffron on behalf of Interested Party City of Hillsboro, Kansas and the Public Building Commission of Hillsboro, Kansas

Eric L. Johnson on behalf of Creditor First Capital Corporation

Katherine Montgomery McCraw on behalf of NC Dept of Health and Human Services, DHB

Felton E. Parrish on behalf of Interested Party Bank of Hays, Interested Party City of Hillsboro, Kansas, and the Public Building Commission of Hillsboro, Kansas, Interested Party Security Bank of Kansas City, Interested Party Brent King

Nancy A. Peterman on behalf of Health Care Ombudsman Suzanne Koenig

Mathew A. Petersen on behalf of Creditor First Capital Corporation

Stephen W. Petersen on behalf of Creditor First Capital Corporation

Brian H. Smith on behalf of Creditor Complete Business Solutions Group, Inc.

Wesley F. Smith on behalf of Interested Party Brent King

John M. Sperati on behalf of Creditor Somerset Capital Group, Ltd.

Sharon L. Stolte on behalf of Interested Party Brent King

Jeffrey R. Whitley on behalf of Creditor First Capital Corporation

Nicholas Zluticky on behalf of Creditor First Liberty Bank and Interested Party Bank of Hays

William Walt Petitt on behalf of Creditor Complete Business Solutions Group, Inc.

Paul A. Fanning on behalf of Cohesive Healthcare Management & Consulting, LLC

Byron L. Saintsing on behalf of Siemens Financial Services, Inc.

Katherine M. McCraw on behalf of Creditor NC Dept. of Health and Human Services, DHB

Dennis M. Duffy on behalf of Creditors United States Department of Health and Human Services; United States Internal Revenue Service