UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL** | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,**<br><br>Debtors. | **Case No. 19-00730-5-JNC**<br><br>**Chapter 11** |

## NOTICE OF MOTION

Suzanne Koenig, Patient Care Ombudsman, filed a Motion for Entry of Order (A) Extending the Deadline to File Reports and (B) Terminating and Discharging the Patient Care Ombudsman Upon a Sale Closing (hereinafter the "Motion") with the court on April 1, 2020.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)

If you do not want the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then on or before **APRIL 17, 2020**, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

U.S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602.

If you mail your Objection to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also send a copy to:

> Brian R. Anderson
> Fox Rothschild LLP
> 300 N. Greene St., Suite 1400
> Greensboro, NC 27401

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified accordingly.

109157691.v1

     If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Date: April 1, 2020

By: /s/ *Brian R. Anderson*
Brian R. Anderson
N.C. State Bar No. 37989
Fox Rothschild, LLP
BRAnderson@FoxRothschild.com
300 N. Greene St., Suite 1400
Greensboro, NC 27401
(336) 378-5205

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | Case No. 19-01227-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL** | Case No. 19-01298-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,**<br><br>**Debtors.** | Case No. 19-00730-5-JNC<br><br>Chapter 11 |

**PATIENT CARE OMBUDSMAN'S MOTION FOR ENTRY OF ORDER (A) EXTENDING THE DEADLINE TO FILE REPORTS AND (B) TERMINATING AND DISCHARGING THE PATIENT CARE OMBUDSMAN UPON A SALE CLOSING**

Suzanne Koenig, the patient care ombudsman (the "**Ombudsman**") appointed in the Chapter 11 cases of CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital, Case No. 19-01227-5-JNC; CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital, Case No. 19-01298-5-JNC; and CAH Acquisition Company #1, LLC, d/b/a Washington County Hospital, Case No. 19-00730-5-JNC (collectively, the "**Cases**"), respectfully requests that the Court enter an Order (a) extending the deadline to file her next reports in each of the Cases by sixty days to and including June 15, 2020 (to the extent her appointment has not been terminated as requested herein upon a sale closing) and (b) terminating and discharging the Ombudsman upon the closing of a sale transaction. In support of the Motion, the Ombudsman moves as follows:

1. On February 19, 2019, CAH Acquisition Company #1, LLC ("**CAH #1**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On March 17, 2019,

CAH Acquisition Company 16, LLC ("**CAH 16**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On March 21, 2019, CAH Acquisition Company 7, LLC ("**CAH 7**") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On April 17, 2019, based upon the recommendation of the Bankruptcy Administrator, the Court entered an order regarding the appointment of the Ombudsman. [Case No. 19-01227-5-JNC, Docket No. 52]. The Ombudsman's appointment initially required her to oversee and monitor patient care at CAH Acquisition Company 4, Inc. d/b/a Drumright Regional Hospital ("**CAH 4**") and CAH 16. [*Id.*]. During these bankruptcy proceedings, however, the Court entered an order dismissing the case of CAH 4 [Case No. 19-01228-5-JNC, Docket No. 84].

3. On March 28, 2019 and subsequently on April 9, 2019, the Bankruptcy Administrator filed a report and recommendation regarding the appointment of the Ombudsman for CAH #1 [Case No. 19-00730-5-JNC, Docket Nos. 66 and 113].

4. On April 26, 2019, the Bankruptcy Administrator filed the *Notice of Appointment of Ombudsman* appointing the Ombudsman to oversee and monitor patientcare at CAH 7 [Case No. 19-01298-5-JNC, Docket No. 98].

5. During her appointment, the Ombudsman has monitored patient care at each of the hospitals for the Cases (the "**Hospitals**"). Due to cost constraints and in light of travel restrictions relating to COVID-19, the Ombudsman has primarily monitored patient care at the Hospitals through telephonic interviews of the Hospital's management team and selective site visits prior to travel restrictions due to COVID-19.

6. The Ombudsman's next reports in each of these Cases are due on April 15, 2020 and notice of such reports is to be provided today, April 1, 2020.

7.	Based upon the status hearing last week, it appears that sale transactions should be closing within the next few weeks in each of CAH #1, CAH 7 and CAH 16 (collectively, the "**Hospitals**").

### RELIEF REQUESTED

8.	By this Motion, the Ombudsman is seeking a sixty (60) day extension of the deadline to file reports in the Cases to and including June 15, 2020.

9.	Furthermore, by this Motion, the Ombudsman seeks to be terminated and discharged as the Ombudsman in any one or more of the Cases, thereby relieving her of any further duties and responsibilities with respect to such Cases, upon the closing of a sale transaction for the Hospital at issue in any such Case(s).  To the extent that the Ombudsman's appointment is terminated, the Ombudsman also seeks entry of an Order addressing a number of substantive and procedural issues relating to her role in such Case(s):

   a.	The Ombudsman seeks exculpation for herself, as well as her professionals, in a manner that is consistent with provisions typically approved by bankruptcy courts in connection with plan confirmation providing for the exculpation of certain persons representing or employed in bankruptcy cases.  As set forth below, strong policy reasons support exculpation in order to preclude needless collateral litigation with respect to the Ombudsman's evaluation of patient care and the reports thereof.

   b.	In order to avoid needless future motion practice with respect to the discoverability of information obtained or opinions formed by the Ombudsman, the Ombudsman also seeks a prohibition of any discovery of the Ombudsman or her professionals with respect to the discharge of their duties in connection with such Case, absent further order of the Court.  The Ombudsman respectfully requests that the Court issue an order precluding any third party from issuing or

      serving upon the Ombudsman or her professionals any formal or informal discovery requests, including but not limited to, any subpoena, request for production of documents, request for admissions, interrogatories, subpoenas *duces tecum,* requests for testimony or any other discovery of any kind whatsoever in any way related to the Hospitals, the Cases or the reports with respect to any knowledge or documents or any other material in the possession, custody or control of the Ombudsman or her professionals, without first seeking leave to do so from this Court.

  c. Finally, the Ombudsman also requests that the Court authorize the Ombudsman and her professionals to retain, dispose of or destroy any documents provided by the Hospitals and various third parties to the Ombudsman, if any, in the course of her evaluation, in accordance with their respective document retention policies or applicable law, if any.

Granting the foregoing relief will provide for an appropriate and orderly termination of the Ombudsman's responsibilities with respect to a Case and will avoid the need for this Court to address issues that are otherwise likely to recur in the future.

## BASIS FOR RELIEF REQUESTED

10.   "On motion of the United States trustee or a party in interest, the court may terminate the appointment of a patient care ombudsman if the court finds that the appointment is not necessary to protect patients."  Bankruptcy Rule 2007.2(d).  Once a Hospital is sold, the Ombudsman believes that she will have fulfilled her duties.  Accordingly, the Ombudsman requests that the Court enter an order terminating the Ombudsman upon the closing of such a sale.  Additionally, the Ombudsman seeks further relief from the Court as provided herein.

### A. Exculpation in Connection with the Ombudsman's Evaluation

11. As noted previously, the Ombudsman is a court-appointed fiduciary to the Court and not to any particular party or the debtors' estates. The Ombudsman has been appointed solely to investigate the quality of patient care and speak on behalf of patients. Just like a bankruptcy examiner, an ombudsman should be "considered a quasi-judicial officer similar to a trustee, receiver, referee, conservator, special master, magistrate or prosecutor — and thus is protected by absolute immunity." *Kovalevsky v. Carpenter*, No. 95 CIV. 3700 (SAS), 1997 WL 630144 at *4 (S.D.N.Y. Oct. 9, 1997). Such immunity serves an important purpose in that it allows the Ombudsman's evaluation to proceed unhampered by the threat of collateral litigation.

12. The Ombudsman respectfully submits that any order discharging the Ombudsman and her professionals should provide for exculpation of the Ombudsman and her professionals so as to preclude wasteful, collateral litigation involving the evaluation process. Accordingly, the Ombudsman respectfully requests that the order granting the requested relief provide that neither the Ombudsman nor her professionals shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in any way, the Cases, the Ombudsman's evaluation, her reports or any pleadings or other writings filed by the Ombudsman in connection with the Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct or a violation of applicable disciplinary or ethical rules.

### B. Discovery-Related Relief

13. As a general matter, ombudsmen, like examiners, should not be subject to civil discovery during the course of their evaluation. Ombudsmen are charged with investigatory powers and represent the interests of patients in their cases. In this regard, the Ombudsman is analogous to an examiner, and examiners have long been held immune from discovery. *See*

*Kovalevsky v. Carpenter*, 1997 WL 630144 at *3; *see also In re Big Rivers Electric Corp.*, 213 B.R. 962, 977 (Bankr. W.D. Ky. 1997) (recognizing that an examiner is an independent third party and an officer of the court); *In re Interco Inc.*, 127 B.R. 633, 638 (Bankr. E.D. Mo. 1991) (an examiner's role is by its nature disinterested and nonadversarial). Given this nonadversarial role, an ombudsman, like an examiner, is a fiduciary to the Court and is amenable to no other purpose or interested party. *See In re Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985); *In re Hamiel & Sons*, 20 B.R. 830, 832 (Bankr. S.D. Ohio 1982); *see also* Harvey R. Miller, *et al.*, *Overview of Chapter 11 of the Bankruptcy Code in Directors' and Officers' Liability Insurance 1993: Impact of the Bankruptcy Laws*, 97, 166 (available at Westlaw, 659 PLI/COMM 97) (Courts have held that "given the limited, solely investigative functions of the examiner, the examiner is a fiduciary only to the court and not to the estate or its creditors"). Accordingly, an examiner does not "act as a conduit of information to fuel the litigation fires of third-party litigants." *Baldwin United*, 46 B.R. at 316. Except to the extent filed with the court, an ombudsman's documents, like an examiner's documents, are not judicial records and there should be no right to public access to such documents. *See Air Line Pilots Ass's, Int'l v. Am Nat'l Bank & Tr. Co. (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). "A contrary rule would allow the parties to use a bankruptcy examiner [or ombudsman] as a discovery short-cut and would only invite further demands on such officers, potentially leading to substantial encroachment on judicial integrity and efficiency." *Vietnam Veterans Found. v. Erdman*, No. 84-0940, 1987 WL 9033 at *2 (D.D.C. Mar. 19, 1987).

14. The Ombudsman is concerned that as a result of her activities in these Cases, she could be called upon, or compelled to testify, either as an expert or fact witness in the event of future litigation relating to any of the Hospitals. The Ombudsman does not believe that her reports

or the opinions stated therein constitute "expert testimony." On the contrary, the Ombudsman was charged with the responsibility to investigate the quality of patient care. In making determinations as to the quality of patient care, the Ombudsman was in no way acting as an expert witness.

15. Further, the Ombudsman is not a fact witness to any of the acts, conduct or transactions which formed the subject of her reports. Rather, she has analyzed documents and records and interviewed third parties, who may themselves be competent to testify.

16. Finally, relief similar to that sought by the Ombudsman in this Motion has been granted in other cases either by order of the court or as part of a confirmed plan. *See*, *e.g.*, *In re Upland Surgical Institute*, Case No. 06-11298 (Bankr. C.D. Cal.) (Order dated February 27, 2007; Docket No. 84); *In re Bayonne Medical Center*, Case No. 07-15195 (Bankr. D.N.J.) (Order dated October 15, 2008; Docket No. 1636); *In re Illinois Skin, Inc.*, Case No. 06-16098 (Bankr. N.D. Ill.) (Order dated August 2, 2007; Docket No. 59); *In re Brotman Medical Center, Inc.*, Case No. 07-19705 (Bankr. C.D. Cal.) (Order dated July 29, 2009; Docket No. 1399); *In re Johnny Kumar Jain, M.D.*; Case No. 10-24550 (Bankr. C.D. Cal.) (Plan dated January 19, 2012; Docket No. 192; see Section IV (B)); *In re Meridian Behavioral Health, LLC*; Case No. 11-10860 (Bankr. S.D.N.Y.) (Plan dated November 10, 2011; Docket No. 253, see Exhibit A, Section 12.7); and *In re Christ Hospital*; Case No. 12-12906 (Bankr. D.N.J.) (Order dated August 27, 2012; Docket No. 706). Greenberg Traurig will provide copies of the referenced orders and plans upon request of the Court or any parties in interest.

**WHEREFORE**, the Ombudsman seeks the entry of an order (in substantially in the form attached as "**Exhibit A**").

Dated: April 1, 2020

By: /s/ Brian R. Anderson
Brian R. Anderson
N.C. State Bar No. 37989
BRAnderson@FoxRothschild.com
300 N. Greene St., Suite 1400
Greensboro, NC 27401
(336) 378-5205

and

Nancy A. Peterman
IL ARDC #6208120
petermann@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60642
(312) 456-8400

*Counsel to Suzanne Koenig, the Patient Care Ombudsman*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | Case No. 19-01227-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL** | Case No. 19-01298-5-JNC<br><br>Chapter 11 |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,**<br><br>**Debtors.** | Case No. 19-00730-5-JNC<br><br>Chapter 11 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2020, a true and correct copy of the **PATIENT CARE OMBUDSMAN'S MOTION FOR ENTRY OF ORDER (A) EXTENDING THE DEADLINE TO FILE REPORTS AND (B) TERMINATING AND DISCHARGING THE PATIENT CARE OMBUDSMAN UPON A SALE CLOSING and NOTICE OF MOTION** was sent via this Court's ECF notification system to the Bankruptcy Administrator, counsel who have filed a Notice of Appearance, and any party directly affected by the pleading via ECF notification:

| | |
|---|---|
| Marjorie K. Lynch (via ECF)<br>Brian Behr (via ECF)<br>Kirstin E. Gardner (via ECF)<br>434 Fayetteville St.<br>Suite 640<br>Raleigh, NC 27601<br>*Bankruptcy Administrator* | Terri L. Gardner (via ECF)<br>Nelson Mullins Riley & Scarborough, LLP<br>4140 Parklake Avenue, Suite 200<br>Raleigh, NC 27612<br>*Counsel for Petitioning Creditors* |
| Katherine M. McCraw (via ECF)<br>Assistant Attorney General<br>N.C. Department of Justice<br>Post Office Box 629<br>Raleigh, NC 27602-0629<br>*Counsel for NC DHHS/DHB* | Thomas W. Waldrep, Jr. (via ECF)<br>Waldrep LLP<br>101 S Stratford Road, Suite 210<br>Winston-Salem, NC 27104<br>*Trustee* |
| **Ryan J. Adams** (via ECF)<br>Adams, Howell, Sizemore & Lenfestey, PA | **Felton E. Parrish** (via ECF)<br>Hull & Chandler, P.A. |

ACTIVE 49766826v1

109156920.v1

| | |
|---|---|
| 1600 Glenwood Ave., Suite 101<br>Raleigh, NC 27608 | 1001 Morehead Square Drive, Suite 450<br>Charlotte, NC 28203 |
| **Nicholas Zluticky** (via ECF)<br>Stinson Leonard Street LLP<br>1201 Walnut Street, Suite 2900<br>Ste 2700<br>Kansas City, MI 64106-2150 | **Rayford K. Adams, III** (via ECF)<br>Spilman Thomas & Battle, PLLC<br>110 Oakwood Dr., Suite 500<br>Winston-Salem, NC 27103 |
| **E. Franklin Childress** (via ECF)<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103 | **M. Ruthie Hagan** (via ECF)<br>Baker, Donelson, Bearman, Caldwell<br>165 Madison Avenue, Suite 2000<br>Memphis, TN 38103 |
| **David J Haidt** (via ECF)<br>Ayers & Haidt, P.A.<br>PO Box 1544<br>307 Metcalf Street<br>New Bern, NC 28563 | **Tyler E. Heffron** (via ECF)<br>Triplett Woolf Garretson, LLC<br>2959 N. Rock Road, Suite 300<br>Wichita, KS 67226 |
| **Brian H. Smith** (via ECF)<br>Complete Business Solutions Group, Inc.<br>20 N. 3rd Street<br>Philadelphia, PA 19106 | **W. Tyler Chastain** (via ECF)<br>Bernstein, Stair & McAdams, LLP<br>116 Agnes Road<br>Knoxville, TN 37919 |
| **Eric L. Johnson** (via ECF)<br>**Matthew A.Petersen** (via ECF)<br>Spencer Fane LLP<br>1000 Walnut Street, Suite 1400<br>Kansas City, MO 64106 | **Stephen W. Petersen** (via ECF)<br>**Jeffrey R. Whitley** (via ECF)<br>Fox Rothschild, LLP<br>Post Office Box 27525<br>Raleigh, NC 27611 |
| **Patricia E. Hamilton** (via ECF)<br>Stevens & Brand, LLP<br>917 S.W. Topeka Boulevard<br>Topeka, KS 66612 | **Wesley F. Smith** (via ECF)<br>Stevens & Brand, LLP<br>900 Massuchusetts Street, Suite 500<br>Lawrence, KS 66044 |
| **Sharon L. Stolte** (via ECF)<br>Sandberg Phoenix & von Gontard P.C.<br>4600 Madison Avenue, Suite 1000<br>Kansas City, MO 64112 | **Katherine Montgomery McCraw** (via ECF)<br>North Carolina Department of Justice<br>PO Box 629<br>Courier Number 51-41-22<br>Raleigh, NC 27602-0629 |
| **John Paul H. Cournoyer** (via ECF)<br>Northen Blue, LLP<br>PO Box 2208<br>Chapel Hill, NC 27515-2208 | **Christopher A. McElgunn** (via ECF)<br>Klenda Austerman LLC<br>1600 Epic Center<br>301 N Main<br>Wichita, KS 67202-4816 |

*ACTIVE 49766826v1*

109156920.v1

| | |
|---|---|
| **John M. Sperati** (via ECF)<br>SmithDebnamNarronDrakeSaintsing&Myers<br>4601 Six Forks Road, Suite 400<br>Raleigh, NC 27609 | **Jerry P. Spore** (via ECF)<br>Spragins, Barnett & Cobb, PLC<br>312 E. Lafayette Street<br>Jackson, TN 38301 |
| **Jonathan O. Steen** (via ECF)<br>Spragins, Barnett & Cobb, PLC<br>213 E. Lafayette Street<br>Jackson, TN 38301 | **Jason L. Hendren** (via ECF)<br>**Rebecca F. Redline** (via ECF)<br>Hendren Redwine & Malone, PLLC<br>4600 Marriott Drive, Suite 150<br>Raleigh, NC 27612 |
| **James C. Lanik** (via ECF)<br>**Jennifer B. Lyday** (via ECF)<br>**Francisco T. Morales** (via ECF)<br>Waldrep LLP<br>101 S. Stratford Road, Suite 210<br>Winston-Salem, NC 27104 | |

/s/ *Brian R. Anderson*
Brian R. Anderson
N.C. State Bar No. 37989
Fox Rothschild LLP
BRAnderson@FoxRothschild.com
300 N. Greene St., Suite 1400
Greensboro, NC 27401
(336) 378-5205
*Counsel to the Suzanne Koenig, the Patient Care Ombudsman*

<u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL** | **Case No. 19-01227-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL** | **Case No. 19-01298-5-JNC**<br><br>**Chapter 11** |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,**<br><br>**Debtors.** | **Case No. 19-00730-5-JNC**<br><br>**Chapter 11** |

**ORDER EXTENDING THE DEADLINE TO FILE
REPORTS AND TERMINATING AND DISCHARGING
THE OMBUDSMAN UPON A SALE CLOSING**

THIS MATTER came before the Court upon the *Patient Care Ombudsman's Motion for Entry of Order (A) Extending the Deadline to File Reports and (B) Terminating and Discharging the Patient Care Ombudsman Upon A Sale Closing* (the "**Motion**"); capitalized terms used herein and not otherwise defined shall have those meanings set forth in the Motion; due and adequate

notice of the Motion having been given and it appearing that no other or further notice need be given; and this Court having determined that based upon the representations in the Motion; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED** as set forth herein.

2. The Court extends the deadline for the Ombudsman to file reports in the Cases by sixty days to and including **June 15, 2020**; *provided that* if the sale of a Hospital closes prior to such date in a particular Case, the Ombudsman shall have no obligation to file any further reports in such Case.

3. The Ombudsman shall be terminated and discharged from her duties as patient care ombudsman in any one or more of the Cases as of the date of closing the sale of the Hospital at issue in such Case(s).

4. Upon such termination and discharge, neither the Ombudsman nor her professionals shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in anyway, the Cases, the Ombudsman's evaluation, the reports or any pleadings or other writings filed by the Ombudsman in connection with the Cases other than acts or omissions involving or arising out of gross negligence, willful misconduct or a violation of applicable disciplinary or ethical rules.

5. Prior to issuing or serving upon the Ombudsman or her professionals any formal or informal discovery request, including, but not limited to, any subpoena, request for production of documents, requests for admissions, interrogatories, subpoenas duces tecum, requests for testimony or any other discovery of any kind whatsoever in any way related to the Hospitals, the Cases, the Ombudsman's evaluation or her reports (the "**Discovery**"), any creditor or party-in

interest in these Cases must first file an appropriate pleading with this Court to request permission to initiate the Discovery.

6. Upon termination and discharge, the Ombudsman and her professionals are authorized to retain, dispose of or destroy any documents provided by the Hospitals and various third parties to the Ombudsman, if any, in the course of her evaluation, in accordance with their respective document retention policies or applicable law, if any.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[END OF DOCUMENT]