UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY #1, ) | |
| LLC, d/b/a WASHINGTON COUNTY ) | Chapter 11 |
| HOSPITAL, ) | |
| ) | |
| Debtor. ) | |
| ) | |

**TRUSTEE'S OMNIBUS MOTION FOR AUTHORITY TO
REJECT PRE-PETITION EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

**NOW COMES** Thomas W. Waldrep, Jr., trustee (the "Trustee") for CAH Acquisition Company #1, LLC d/b/a Washington County Hospital (the "Debtor"), by and through undersigned counsel, and pursuant to Sections 365 and 1107 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and hereby moves the Court for entry of an order authorizing the Trustee to reject certain pre-petition executory contracts or unexpired leases between the Debtor and the various counterparties detailed in this Motion at Paragraph 16 (the "Executory Contracts," and each individually, an "Executory Contract"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to entertain the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3. The statutory predicates for the relief requested herein are Bankruptcy Code Sections 365 and 1107, and Bankruptcy Rule 6006.

## FACTUAL BACKGROUND

*Procedural Background*

4. On February 19, 2019 (the "Petition Date"), Washington County, North Carolina, Medline Industries, Inc., and Dr. Robert Venable (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against the Debtor [Dkt. No. 1].

5. On February 20, 2019, the Petitioning Creditors filed an *Emergency Motion for Order Appointing Trustee Pursuant to 11 U.S.C. § 303(g)* [Dkt. No. 5].

6. On February 22, 2019, the Court entered an Order approving the appointment of the Trustee [Dkt. No. 14]. The Trustee is the duly appointed, qualified, and acting trustee of the Debtor's estate.

7. On February 25, 2019, the Trustee filed his *Emergency Ex Parte Motion for Order for Authority to Operate Washington County Hospital Pursuant to 11 U.S.C. § 303(g)* [Dkt. No. 18].

8. On February 26, 2019, the Court entered an Order authorizing the Trustee to operate the business of the Debtor during the period of time that the Trustee remains in place, to the exclusion of any other parties [Dkt. No. 19].

9. On March 14, 2019, the Debtor filed an *Emergency Motion for Entry of Order for Relief and to Convert Involuntary Chapter 7 Case to Chapter 11 Case and Consent to Appointment of Chapter 11 Trustee* [Dkt. No. 27].

10. On March 15, 2019, the Court entered an Order for Relief in the Debtor's Chapter 7 case and simultaneously converted the Debtor's case from one under Chapter 7 to one under Chapter 11 of the Bankruptcy Code [Dkt. No. 28].

### *The Sale of the Debtor's Assets*

11. On November 6, 2019, the Trustee filed the *Trustee's Motion for (I) an Order (A) Establishing Bidding Procedures, (B) Approving Stalking Horse Bidder, (C) Approving Form and Manner of Notices, (D) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief; and (II) an Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "Sale Motion") [Dkt. No. 519] seeking the entry of an Order approving the sale of substantially all of the Debtor's assets pursuant to the terms of a stalking horse asset purchase agreement (the "APA," in its original form and as subsequently modified) by and between the Trustee and Affinity Health Partners, LLC ("Affinity").

12. On December 6, 2019, the Trustee filed the *Notice of Executory Contracts and Unexpired Leases Subject to Possible Assumption and Assignment and Proposed Cure Amounts* (the "First Executory Contract Notice") [Dkt. No. 576]. The First Executory Contract Notice was sent to all then-known Executory Contract counterparties, less and except any counterparties to contracts or leases for which the Trustee had already sought and received authority to reject.

13. As noted in the *Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (the "Sale Order") [Dkt. No. 686], the First Executory Contract Notice was premature, as Affinity had not yet reviewed nor

3

confirmed its intent to assume or reject any of the Executory Contracts. Additionally, following the filing and service of the First Executory Contract Notice, the Trustee was contacted by additional parties to Executory Contracts omitted from the Debtor's Schedules and Statement of Financial Affairs.

14. Pursuant to the APA attached to the Sale Order, Affinity intended to assume only the Debtor's Medicare and Medicaid provider agreements with the Centers for Medicare and Medicaid Services as well as certain "payer contracts"—contracts under which the Debtor is the beneficiary of a receivable—at the closing of the sale of the Debtor's assets.

15. The sale of the Debtor's assets to Affinity closed on April 20, 2020 (the "Closing Date"), and thereafter Affinity confirmed its intent to only assume the Debtor's provider agreements.

16. Accordingly, the Trustee submits that the below listed Executory Contracts should be deemed rejected as of the Closing Date:

| **Executory Contract Counterparty** | **Contract Name, If Known, or Subject Matter** | **Proof of Claim ("POC") Number or Schedules Reference** |
|---|---|---|
| Airgas USA, LLC | Lease of Gas Cylinders | POC No. 35 |
| Baxter Healthcare | Lease of Spectrum Pump | POC No. 1 |
| Blue Cross Blue Shield of North Carolina | Insurance Provider Agreement | POC No. 79 |
| Beckman Coulter, Inc. | IDN Master Agreement | POC No. 6 |
| Cigna Healthcare of North Carolina, Inc. | Insurance Provider Agreement | POC Nos. 20, 23 |
| Laureen C. Koehler | Nurse Practitioner PRN Employment Agreement | Schedule G, 2.3 |
| M2 Lease Funds, LLC | Lease of Copiers | POC No. 38 |
| MedCost | Insurance Provider Agreement | N/A[1] |
| Lois Roberson | Nurse Practitioner Employment Agreement | Schedule G, 2.4 |

---

[1] Referenced as a then-current or former contracted insurance provider on disclosures provided to the Trustee by the Debtor's pre-petition manager, iHealthcare LLC.

| | | |
|---|---|---|
| Optima Health | Insurance Provider Agreement | N/A[2] |
| Siemens Financial Services | "Equipment Lease Agreement #: 33056-47615" of DX CA 620 and Related Equipment | POC No. 66 |
| Cameron B. Smith | Nurse Practitioner Employment Agreement | Schedule G, 2.1 |
| Chrystie L. Stowe | Advanced Practice Registered Nurse Employment Agreement | Schedule G, 2.2 |
| United Healthcare | Insurance Provider Agreement | N/A[3] |
| Robert L. Venable, M.D. | Physician Employment Agreement | Schedule G, 2.5 |

17. The above-listed Executory Contracts are the only such contracts or unexpired pre-petition agreements known to the Trustee at this time.

## RELIEF REQUESTED

*Authority to Reject the Executory Contracts*

18. The Trustee seeks authority from this Court, pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, to reject the Executory Contracts, each an executory contract or unexpired lease, because each Executory Contract (i) is no longer necessary or appropriate in connection with the operation of WCH's business, (ii) offers no economic value to the Debtor's estate, and (iii) will impede the goal of achieving a successful reorganization.

19. Section 365(a) authorizes a trustee or debtor-in-possession to reject any executory contract or unexpired lease, subject to bankruptcy court approval. 11 U.S.C. § 365(a).

---

[2] Referenced as a then-current or former contracted insurance provider on disclosures provided to the Trustee by the Debtor's pre-petition manager, iHealthcare LLC.
[3] Referenced as a then-current or former contracted insurance provider on disclosures provided to the Trustee by the Debtor's pre-petition manager, iHealthcare LLC.

20. Although Section 365(a) does not provide a standard for determining when rejection is appropriate, bankruptcy courts have traditionally applied the "business judgment standard in determining whether to permit the rejection of any executory contract or unexpired lease." See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); Lubrizol Enters., Inc. v. Richmond Metal Finishes, Inc., 756 F.2d 1043, 1046-47 (4th Circ. 1985); In re Minges, 602 F. 2d 38, 42 (2d Cir. 1979). The decision to reject a lease or executory contract is to be accepted unless it is shown that the debtor's decision was one taken in bad faith or in gross abuse of the debtor's retained business discretion. Lubrizol, supra.

21. The Executory Contracts have been reviewed by Affinity, the purchaser of the Debtor's assets pursuant to the Sale Order and APA, and Affinity has expressed its intent to replace any such leased equipment or contracts for services with leases and contracts that it, Affinity, has negotiated. As a result, the Trustee sees no economic benefit to the Debtor's estate or the creditors thereof to assume the Executory Contracts, and thus, the Executory Contracts must be rejected.

22. For the reasons stated herein, the Trustee has satisfied the business judgment standard in seeking rejection of the Executory Contracts and requests authority from this Court to do so effective as of the Petition Date.

23. No statements or representation herein shall serve as a stipulation to or admission of the amounts or characterizations of the Executory Contract counterparties' asserted claims against the Debtor's estate, if any. The Trustee reserves all rights with respect to Executory Contract counterparties' claims as asserted and as may be subsequently modified.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order:

1. Authorizing the Trustee to reject the Executory Contracts, each of which is an executory contract or unexpired lease, by and between the Executory Contract counterparties and the Debtor effective as of the Closing Date, pursuant to Section 365(a) of the Bankruptcy Code;

2. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted, this the 8th day of May, 2020.

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com

*Attorneys for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 19-00730-5-JNC** |
| CAH ACQUISITION COMPANY #1, ) | |
| LLC, d/b/a WASHINGTON COUNTY ) | **Chapter 11** |
| HOSPITAL, ) | |
| ) | |
| **Debtor.** ) | |
| ) | |

**NOTICE OF TRUSTEE'S OMNIBUS MOTION FOR AUTHORITY TO
REJECT PRE-PETITION EXECUTORY CONTRACTS OR UNEXPIRED LEASES**

NOTICE IS HEREBY GIVEN that the Trustee has filed a **TRUSTEE'S OMNIBUS MOTION FOR AUTHORITY TO REJECT PRE-PETITION EXECUTORY CONTRACTS OR UNEXPIRED LEASES** (the "Motion").

FURTHER NOTICE IS HEREBY GIVEN that the Motion filed by the Trustee may be allowed provided no responses and request for hearing is made by a party-in-interest in writing to the Clerk, United States Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602, **within FOURTEEN (14) DAYS** from the date of this notice, and,

FURTHER NOTICE IS HEREBY GIVEN that any responses to the Motion shall also be mailed to the Trustee at the address given below.

FURTHER NOTICE IS HEREBY GIVEN that, if a response and request for hearing is filed by a party-in-interest in writing within the time indicated, a hearing will be conducted on the Motion and Response thereto at a date, time, and place to be later set by the Court, and all interested parties will be notified accordingly. If no request for hearing is timely filed, the Court may rule on the Motion and any Response thereto *ex parte* without further notice.

DATE OF NOTICE: May 8th, 2020

**WALDREP LLP**

/s/ *Jennifer B. Lyday*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440

      Telefax: 336-717-1340
      Email: notice@waldrepllp.com

**- and –**

**HENDREN, REDWINE & MALONE, PLLC**

Jason L. Hendren (NC State Bar No. 26869)
Rebecca F. Redwine (NC Bar No. 37012)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: 919-420-7867
Telefax: 919-420-0475
Email: jhendren@hendrenmalone.com
       rredwine@hendrenmalone.com

*Attorneys for the Trustee*