UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY 1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL, | ) ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | Case No. 19-01298-5-JNC |
| CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL, | ) ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | Case No. 19-01697-5-JNC |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL, | ) ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | Case No. 19-01227-5-JNC |
| CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL, | ) ) ) | Chapter 11 |
| | ) | |
| Debtor. | ) ) | |

**PAUL NUSBAUM AND STEVE WHITE'S RESPONSE TO TRUSTEE'S MOTION FOR (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER**

## ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS

NOW COME Paul Nusbaum and Steve White ("Nusbaum/White"), and respond to the *Trustee's Motion for (I) An Order Confirming that (A) Certain Stimulus Funds were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer any Remaining Stimulus Funds to Purchasers; And (II) An Order Eliminating Any Liability Of Trustee And Debtors' Estates For Use Of Stimulus Funds* [Case No. 19-00730, Dkt. No. 791] (the "Stimulus Funds Motion"), as follows:

1. Nusbaum/White support the Stimulus Funds Motion and believe it should be granted. Nusbaum/White file this Response solely to ensure that their lien rights asserted in the Used Funds, granted under prior cash collateral orders of this Court, are protected and preserved.

2. Nusbaum/White, as successors-in-interest to a loan originally made by Gemino Healthcare Finance, LLC, are the current owners of that certain Second Amended and Restated Revolving Note dated as of September 16, 2010, in the original principal amount of $6,000,000.00 (the "Gemino Note"),[1] made by, *inter alia*, CAH Acquisition Company # 2, LLC d/b/a Oswego Community Hospital ("CAH 2 (Oswego)"), CAH Acquisition Company # 3, LLC d/b/a Horton Community Hospital ("CAH 3 (Horton)"), CAH Acquisition Company 7, LLC d/b/a Prague Community Hospital ("CAH 7 (Prague)"), CAH Acquisition Company 12, LLC d/b/a Fairfax Community Hospital ("CAH 12 (Fairfax)"), and CAH Acquisition Company 16, LLC

---

[1] A copy of the Gemino Note and all other loan documents referenced herein are attached to Nusbaum/White's proofs of claim filed in the above-captioned cases on April 24, 2019.

d/b/a Haskell County Community Hospital ((("CAH 16 (Haskell)," and together with CAH 3 (Horton), CAH 7 (Prague), and CAH 12 (Fairfax), the "Borrowers"). The secured claims asserted by Nusbaum/White are cross-collateralized and are collectively referred to herein as the "Gemino Secured Claim."

3. The balance of the Gemino Secured Claim, as of the petition date in each of the Debtors' respective bankruptcy cases, was as follows:

| Debtor | Case Number | Petition Date | Total Claim |
|---|---|---|---|
| CAH 2 (Oswego) | 19-01230 | 3/17/2019 | $3,764,938.28 |
| CAH 3 (Horton) | 19-01180 | 3/14/2019 | $3,763,031.63 |
| CAH 7 (Prague) | 19-01298 | 3/21/2019 | $3,767,480.47 |
| CAH 12 (Fairfax) | 19-01697 | 4/1/2019 | $3,774,471.52 |
| CAH 16 (Haskell) | 19-01227 | 3/17/2019 | $3,764,938.28 |

4. As set forth in the various cash collateral orders of this Court, challenge periods were established in each of the five cases, which set a deadline for the Trustee or any party in interest to object to the Gemino Secured Claim. *See, e.g.,* Dkt No. 227 in the case of CAH 2 (Oswego), Dkt No. 328 in the case of CAH 2 (Horton), Dkt. No. 331 in the case of CAH 7 (Prague), Dkt. No. 319 in CAH 12 (Fairfax), and Dkt. No. 298 in CAH 16 (Haskell). These challenge periods have now expired, and therefore "(i) the claims, liens, and security interests of Nusbaum/White shall be deemed to be allowed for all purposes in this case and shall not be subject to challenge by any party in interest as to extent, validity, priority or otherwise, and (ii) the bankruptcy estate shall be deemed to have waived any claim or cause of action related to the indebtedness at issue in Nusbaum/White's proof of claim." This provision is subject

only to the rights of a Chapter 7 Trustee in the event that the case is converted to Chapter 7. Therefore, the Gemino Secured Claim is now conclusively allowed for all purposes in the Debtors' cases and is not subject to challenge by any party in interest as to extent, validity, priority or otherwise.

5. Under the various cash collateral orders[2] in the Debtors' cases, Nusbaum/White hold post-petition liens in the Debtors cash and post-petition accounts receivable, to the extent that cash collateral existing on the petition dates has been used.

6. Additionally, to the extent that these replacement liens are insufficient to protect Nusbaum/White, they hold a lien on all assets of the Debtors' estates and a super-priority administrative expense claim, as follows:

> (a) "an allowed claim under 11 U.S.C. § 507(b) in the amount of any such insufficiency (i.e., the post-petition diminution in Cash Collateral), with priority over (i) all costs and expenses of administration in this case that are incurred under any provision of the Bankruptcy Code, with the sole exception of [a carve-out for court fees and certain professional fees covered by the applicable cash collateral orders], and (ii) the claims of any other party in interest under 11 U.S.C. § 507(b)"

---

[2] *See, e.g.,* Dkt. No. 227 in the case of CAH 2 (Oswego); Dkt. No. 328 the case of CAH 3 (Horton); Dkt. No. 331 in the case of CAH 7 (Prague); Dkt. No. 319 in the case of CAH 12 (Fairfax); and Dkt. No. 298 in the case of CAH 16 (Haskell).

(b) "a junior lien on all encumbered assets of the Debtor's bankruptcy estate, and a first-priority lien on all unencumbered assets of the Debtor's bankruptcy estate (with the sole exception of causes of action under Chapter 5 of the Bankruptcy Code), equivalent to a lien granted under Sections 364(c)(2) and (3) of the Bankruptcy Code, in the amount of any such insufficiency (i.e., the postpetition diminution in Cash Collateral)."

7. As the record in this case establishes, there is a risk of administrative insolvency in the cases of CAH 7 (Prague), CAH 12 (Fairfax), and CAH 16 (Haskell).

8. Nusbaum/White, the Trustee, Cohesive Hospital Management and Consulting, LLC, and Complete Business Solutions Group, Inc., are in the midst of a mediation process to attempt to resolve their competing claims and interests.

9. The Used Funds (as that capitalized term is defined in the Stimulus Funds Motion) consist of (i) direct expenses related to COVID-19 that have already been disbursed, and (ii) reimbursable lost revenues caused by COVID-19.

10. Nusbaum/White agree that the direct expenses previously disbursed were necessary and appropriate. The purpose of this Response is to request that this Court direct that the unexpended portions of the Used Funds attributable to lost revenues in the cases of CAH 7 (Prague), CAH 12 (Fairfax), and CAH 16 (Haskell) be preserved and not expended pending further order of this Court.

11. In the cases of CAH 7 (Prague), CAH 12 (Fairfax), and CAH 16 (Haskell), the Used Funds are subject to the replacement liens granted under the cash collateral

orders of this Court. *See, e.g.,* Case No. 19-01298, Dkt. No. 526, Decretal Para. B.b (granting Cash Collateral Creditors a continuing post-petition lien and security interests . . . in all property and categories of property of the Debtor in which, and of the same priority as, said creditor held a similar, unavoidable lien as of the Petition Date"). Nusbaum/White's collateral as of the Petition Date included "all accounts, payment intangibles, instruments and other rights to receive payments."

12. Additionally, even if the estates' rights to receive stimulus payments under the CARES Act were not rights to payment, they would be subject to the "all assets" liens granted under the Court's cash collateral orders, which apply to the extent of any post-petition diminution in collateral value. *See, e.g.,* Case No. 19-01298, Dkt. No. 526, Decretal Para. B.d.ii (granting cash collateral creditors "a junior lien on all encumbered assets of the Debtor's bankruptcy estate, and a first-priority lien on all unencumbered assets of the Debtor's bankruptcy estate (with the sole exception of causes of action under Chapter 5 of the Bankruptcy Code), equivalent to a lien granted under Sections 364(c)(2) and (3) of the Bankruptcy Code, in the amount of any such insufficiency (i.e., the post- petition diminution in Cash Collateral)").

13. The hospitals in CAH 7 (Prague), CAH 12 (Fairfax), and CAH 16 (Haskell) have now been sold. Upon information and belief, there is are no continuing operations being conducted by the Trustee in these cases.

14. The authority to use cash collateral in CAH 12 (Fairfax) expired on March 31, 2020.

15. The authority to use cash collateral in CAH 7 (Prague) expired on April 30, 2020.

16. The authority to use cash collateral in CAH 16 (Haskell) expires on May 31, 2020. However, in light of the sale of that hospital, there is not any continuing need to use cash collateral in connection with operations.

17. Therefore, Nusbaum/White request that (i) the Stimulus Funds Motion be granted and (ii) this Court direct that the unexpended portions of the Used Funds be placed in escrow pending further order(s) of this Court.

NOW, THEREFORE, Nusbaum/White hereby request that the Court enter an order:

1. Granting the Stimulus Funds Motion; and

2. Direct that the unexpended portions of the Used Funds be placed in escrow pending further order(s) of this Court.

RESPECTFULLY SUBMITTED this the 19th day of May 2020.

NORTHEN BLUE, LLP

/s/ John Paul H. Cournoyer
John Paul H. Cournoyer, NCSB #42224
1414 Raleigh Road, Suite 435
Chapel Hill, NC 27517
Telephone No. (919) 968-4441
Email: jpc@nbfirm.com

*Counsel for Nusbaum/White*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 19-00730-5-JNC** |
| CAH ACQUISITION COMPANY 1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL, | ) ) ) | **Chapter 11** |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01298-5-JNC** |
| CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL, | ) ) ) | **Chapter 11** |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01697-5-JNC** |
| CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL, | ) ) ) | **Chapter 11** |
| | ) | |
| Debtor. | ) ) | |
| IN RE: | ) | |
| | ) | **Case No. 19-01227-5-JNC** |
| CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL, | ) ) ) | **Chapter 11** |
| | ) | |
| Debtor. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by automatic ECF notice upon the following on this date as follows:

**Case No. 19-00730-5-JNC:**

| | |
|---|---|
| Marjorie K. Lynch / Brian Behr / Kirstin E. Gardner<br>US Bankruptcy Administrator | Rayford K. Adams, III<br>Obo Debtors |
| Thomas W. Waldrep, Jr.<br>Trustee | Jason L. Hendren / Rebecca F. Redwine / Benjamin E.F.B. Waller<br>Obo Trustee |
| Francisco T. Morales / James C. Lanik / Jennifer B. Lyday<br>Obo Trustee | Ryan J. Adams<br>Obo Aspirar Medical Lab, LLC |
| William Walt Petit<br>Obo Complete Business Solutions Group | W. Tyler Chastain<br>Obo ERx, LLC |
| E. Franklin Childress / M. Ruthie Hagan<br>Obo CAH Acquisition Co. 11, LLC | Terri L. Gardner<br>Obo Medline Industries, Inc.; Washington County, NC; Robert Venable, MD |
| David J. Haidt<br>Obo City of Drumright, Oklahoma; FairFax Healthcare Authority; Brent King | Patricia E. Hamilton / Wesley F. Smith<br>Obo Brent King |
| Tyler E. Heffron<br>Obo City of Hillsboro, KS and the Public Building Commission of Hillsboro, KS | Eric L. Johnson / Mathew A. Petersen<br>Obo First Capital Corp. |
| Katherine Montgomery McCraw<br>Obo NC Dept. of Health and Human Servs. | Christopher A. McElgunn<br>Obo Security Bank of Kansas City |
| Felton E. Parrish<br>Obo Brent King; Bank of Hays; City of Hillsboro, KS and the Public Building Commission of Hillsboro, KS; Security Bank of Kansas City | Stephen W. Petersen / Jeffrey R. Whitley<br>Obo First Capital Corp. |
| Jerry P. Spore / Jonathan O. Steen<br>Obo Stone Bank | Nicholas Zluticky<br>Obo Bank of Hays |
| John M. Sperati<br>Obo Somerset Capital Group, Ltd. | Sharon L. Stolte<br>Obo Brent King |
| Brian R. Anderson<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC | Jonathan E. Friesen<br>Obo Wendy C. Phillips |
| Byron L. Saintsing<br>Obo Siemens Financial Services, Inc. | Brian H. Smith<br>Obo Complete Business Solutions Group, Inc. |
| Thomas E. Austin, Jr.<br>Obo Cigna Health and Life Insurance Company; Cigna HealthCare of North Carolina, Inc. | Joseph Samuel Dowdy<br>Obo Blue Cross Blue Shield of North Carolina |
| Dennis M. Duffy<br>Obo Dept. of Health and Human Services; Internal Revenue Service | Paul A. Fanning<br>Obo Cohesive Healthcare Management and Consulting, LLC |

| | |
|---|---|
| Nancy A. Peterman<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC | Ross A. Plourde<br>Obo Cohesive Healthcare Management and Consulting, LLC |
| Ciara L. Rogers<br>Obo Sherwood Partners, Inc. | Marc S. Sacks<br>Obo Dept. of Health and Human Services |

**Case No. 19-01298-5-JNC:**

| | |
|---|---|
| Marjorie K. Lynch / Kirstin E. Gardner<br>US Bankruptcy Administrator | Rayford K. Adams, III<br>Obo Debtor |
| Thomas W. Waldrep, Jr.<br>Trustee | James C. Lanik / Jennifer B. Lyday<br>Obo Trustee |
| Jason L. Hendron / Rebecca F. Redwine / Benjamin E.F.B. Waller<br>Obo Trustee | William P. Janvier<br>Obo Boa Vida Foundation, Inc. |
| Brian R. Anderson<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC | Thomas E. Austin, Jr.<br>Obo Cigna Health and Life Insurance Company; Cigna HealthCare of North Carolina, Inc. |
| Dennis M. Duffy<br>Obo Dept. of Health and Human Services; Internal Revenue Service | Paul A. Fanning<br>Obo Cohesive Healthcare Management and Consulting, LLC |
| David J. Haidt<br>Obo Cohesive Healthcare Management and Consulting, LLC | Nancy A. Peterman<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC |
| William Walt Petit<br>Obo Complete Business Solutions Group | Ross A. Plourde<br>Obo Cohesive Healthcare Management and Consulting, LLC |

**Case No. 19-01697-5-JNC:**

| | |
|---|---|
| Marjorie K. Lynch / Brian Behr / Kirstin E. Gardner<br>US Bankruptcy Administrator | Rayford K. Adams, III<br>Obo Debtor |
| Sam G. Bratton, II / J. Patrick Mensching<br>Obo Debtor | Thomas W. Waldrep, Jr.<br>Trustee |
| James C. Lanik / Jennifer B. Lyday<br>Obo Trustee | Jason L. Hendron / Rebecca F. Redwine / Benjamin E.F.B. Waller<br>Obo Trustee |

| Brian R. Anderson<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC | Thomas E. Austin, Jr.<br>Obo Cigna Health and Life Insurance Company; Cigna HealthCare of North Carolina, Inc. |
|---|---|
| Dennis M. Duffy<br>Obo Dept. of Health and Human Services; Internal Revenue Service | Paul A. Fanning<br>Obo Cohesive Healthcare Management and Consulting, LLC |
| Lara S. Martin<br>Obo Beckman Coulter Inc. | William P. Janvier<br>Obo Boa Vida Foundation, Inc. |
| William Walt Petit<br>Obo Complete Business Solutions Group | Ross A. Plourde<br>Obo Cohesive Healthcare Management and Consulting, LLC |
| Ethridge B. Ricks<br>Obo Rural Wellness Fairfax, Inc. | Kristina Marie Wesch<br>Obo First Physicians Capital Group |
| Eric Winston<br>Obo Rural Wellness Fairfax, Inc. | |

**Case No. 19-01227-5-JNC:**

| Marjorie K. Lynch / Kirstin E. Gardner<br>US Bankruptcy Administrator | Rayford K. Adams, III<br>Obo Debtor |
|---|---|
| Thomas W. Waldrep, Jr.<br>Trustee | James C. Lanik / Jennifer B. Lyday<br>Obo Trustee |
| Jason L. Hendren / Rebecca F. Redwine / Benjamin E.F.B. Waller<br>Obo Trustee | Brian H. Smith<br>Obo Complete Business Solutions Group |
| Brian R. Anderson<br>Obo Suzanne Koenig, Health Care Ombudsman; SAK Management Services, LLC | Thomas E. Austin, Jr.<br>Obo Cigna Health and Life Insurance Company; Cigna HealthCare of North Carolina, Inc. |
| Dennis M. Duffy<br>Obo Dept. of Health and Human Services; Internal Revenue Service | Paul A. Fanning<br>Obo Cohesive Healthcare Management and Consulting, LLC |
| William P. Janvier / Erin K. Duffy<br>Obo Boa Vida Foundation, Inc. | Nancy A. Peterman<br>Obo Suzanne Koenig |
| William Walt Petit<br>Obo Complete Business Solutions Group | Ross A. Plourde<br>Obo Cohesive Healthcare Management and Consulting, LLC |

This the 19th day of May 2020.

        NORTHEN BLUE, LLP

        <u>/s/ John Paul H. Cournoyer</u>
        John Paul H. Cournoyer, NCSB #42224
        1414 Raleigh Road, Suite 435
        Chapel Hill, NC  27517
        Telephone No. (919) 968-4441
        Email: jpc@nbfirm.com

        *Counsel for Nusbaum/White*