**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

IN RE:

| | | |
|---|---|---|
| CAH ACQUISITION COMPANY #1, LLC, | ) | CASE NO. 19-00730-JNC |
| d/b/a WASHINGTON COUNTY | ) | |
| HOSPITAL, | ) | CHAPTER 11 |
| ⸻⸻⸻⸻⸻⸻⸻ | ) | |

## EX PARTE MOTION FOR PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004

Thomas W. Waldrep, Jr., Chapter 11 Trustee in the above-captioned cases (the "Trustee"), hereby files this Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004 (the "Motion"). This Motion seeks entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina, directing EmpowerHMS LLC ("EmpowerHMS"); Empower H.I.S. LLC ("Empower H.I.S."); and iHealthcare, Inc., iHealthcare Management Company; iHealthcare Management II Company; and iHealthcare Software Services, Inc. (all iHealthcare entities being collectively referred to as "iHealthcare") to produce documents as set forth herein, and directing representatives of EmpowerHMS, Empower H.I.S., and iHealthcare to appear for deposition upon oral examination. In support of its Motion, the Trustee respectfully states as follows:

### I. JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2.        On February 19, 2019 (the "Petition Date"), Washington County, North Carolina, Medline Industries, Inc., and Dr. Robert Venable (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against CAH Acquisition Company LLC, d/b/a Washington County Hospital ("CAH 1").

3.        On February 22, 2019, the Court entered an order approving the Trustee as interim trustee for CAH 1's bankruptcy estate [Dkt. No. 14].

4.        On March 15, 2019 CAH 1's bankruptcy case was converted from Chapter 7 to Chapter 11, and the Trustee was appointed as the Chapter 11 trustee for CAH 1 pursuant to section 1104 of the Bankruptcy Code.

5.        In March and April 2019, six of CAH 1's affiliates, CAH Acquisition Company #2, LLC (Case No. 19-01230), CAH Acquisition Company #3, LLC (Case No. 19-01180), CAH Acquisition Company 6, LLC (Case No. 01300), CAH Acquisition Company 7, LLC (Case No. 19-01298), CAH Acquisition Company 12, LLC (Case No. 19-01697), and CAH Acquisition Company 16, LLC (Case No. 19-01227) (collectively with CAH 1, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Trustee has also been appointed as the Chapter 11 trustee in each of the Bankruptcy Cases. The Bankruptcy Cases are being jointly administered by the Court.

6.        On April 24, 2020, the Trustee filed its *Application for Authority to Retain and Employ McDonald Hopkins LLC as Special Counsel* [Dkt. No. 756], which the Court granted on May 12, 2020 [Dkt. No. 784].

7.        Prior to the Petition Date, the Debtors owned and operated for-profit, critical access hospitals (collectively, the "Hospitals") that provided acute care, swing bed, emergency

medicine, imaging, rehabilitation, laboratory, and related outpatient ancillary services in small rural areas in North Carolina, Kansas, Missouri, and Oklahoma. As the Court is aware, some of the Hospitals are still operating and others have been closed.

8.     The Debtors' estates appear to have been victims of an allegedly fraudulent and unlawful laboratory specimen billing scheme. Certain details of this scheme are described in more detail in the Disclosure Statement for Amended Chapter 11 Plan of Orderly Liquidation Pursuant to Section 1125 of the Bankruptcy Code filed in the Bankruptcy Cases for CAH 1 [Dkt. No. 481] and in other documents filed in the Bankruptcy Cases. The facts and circumstances of the billing scheme are collectively referred to herein as the "Billing Scheme."

9.     A prompt investigation of the Billing Scheme is an essential component of confirming a successful plan of liquidation in this case, as, upon information and belief, millions of dollars were illicitly paid out from CAH 1 to outside clinical reference labs, consultants, marketing entities and other third parties in the two-year period leading up to the Petition Date. However, much of the records necessary for completion of the Trustee's examination lie in the hands of third parties, including, without limitation, EmpowerHMS and/or its successor entity, iHealthcare, or Empower H.I.S.  In particular, amongst those directing the Debtors' activities during the period of the Billing Scheme were Jorge Perez (one of the indirect owners of the Hospitals), EmpowerHMS (a management company owned by Mr. Perez and others that managed the Hospitals from 2017 forward), Empower H.I.S. (an affiliated entity of EmpowerHMS owned by Mr. Perez and others), and certain other third parties. In or around the last quarter of 2018, EmpowerHMS allegedly transferred its management responsibilities of the

Hospitals, which would include laboratory billing, to an entity known as iHealthcare, which continued to provide management services to CAH 1 until the appointment of the Trustee.

10.     Undertaking the discovery sought herein with respect to the Billing Scheme will assist the Trustee's understanding of the scope and nature of potentially avoidable transfers made from CAH 1's estate as well as assist in identifying potential claims that may be brought on its behalf.

### III. RELIEF REQUESTED

11.     By this Motion, pursuant to Bankruptcy Rule 2004, the Trustee requests entry of an order (a) compelling EmpowerHMS, Empower H.I.S., and iHealthcare to each designate and to produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are the most able to testify with regard to the subjects set forth in Exhibit A attached hereto and (b) compelling the production of documents as described in Exhibits B and C attached hereto. The Trustee requests (i) that EmpowerHMS, Empower H.I.S., and iHealthcare each appear for deposition upon oral examination on or before July 10, 2020, at places and times to be agreed upon between the Trustee, EmpowerHMS, Empower H.I.S., and iHealthcare or as the Court may order and (ii) that such documents be produced for inspection and copying on or before June 19, 2020 at a place to be determined by mutual agreement of the Trustee, EmpowerHMS, Empower H.I.S., and iHealthcare or as the Court may order.

### IV. BASIS FOR RELIEF

12.     Bankruptcy Rule 2004 provides that any party in interest may examine any entity, including a debtor, on matters that relate to:

the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. Pro. 2004(b).

13.     The scope of a Bankruptcy Rule 2004 examination is "unfettered and broad," as the wording of the rule indicates. See 9 Collier on Bankruptcy ¶ 2004.02[1], at 2004-6 (15th ed. rev.) (quoting In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985)). "The scope of a Rule 2004 examination 'has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct.'" In re Mattera, No. 05-39171, 2007 WL 1813763, at *2 (Bankr. D.N.J. June 13, 2007); see also In re Whitley, Case No. 10-10426C-7G, 2011 WL 6202895, at *2 (Bankr. M.D.N.C. Dec. 13, 2011) (noting that Rule 2004 is to be interpreted broadly and can be used to "unearth claims and causes of action for the estate").

14.     The Trustee seeks information from EmpowerHMS, Empower H.I.S., and iHealthcare regarding the Billing Scheme, including information regarding laboratory testing services performed at the CAH 1 (and/or at reference laboratories but billed to patients or insurers through CAH 1), billings, reimbursements, and revenues associated with such services, and agreements between CAH 1, EmpowerHMS, Empower, H.I.S., and/or iHealthcare on the one hand and third-party reference laboratories, vendors or marketers on the other in connection with those services. Such information is clearly within the scope of Bankruptcy Rule 2004 as it

pertains to "the acts, conduct, or property or to the liabilities and financial condition of [CAH 1 and its affiliates] . . . ."  Fed. R. Bankr. Pro. 2004(b).

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

(A)    requiring that EmpowerHMS, Empower H.I.S., and iHealthcare designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and who are the most able to testify with regard to the subjects set forth in Exhibit A attached hereto;

(B)    requiring that EmpowerHMS, Empower H.I.S., and iHealthcare, by their designee(s), appear for deposition on or before July 10, 2020, at places and times to be set by the mutual agreement of the Trustee, EmpowerHMS, Empower H.I.S., and iHealthcare or as the Court may order;

(C)    compelling the production of documents, as described in Exhibits B, C, and D attached hereto, for inspection and copying on or before June 19, 2020, at such place as the Trustee, EmpowerHMS, Empower H.I.S., and iHealthcare may mutually agree or as the Court may order; and

(D)    providing for such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this the 26th day of May, 2020.

**MCDONALD HOPKINS LLC**

/s/  Micah E. Marcus
Micah E. Marcus {admitted *pro hac vice*)
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Telephone:  (312) 280-0111

Facsimile:  (312) 280-8232
mmarcus@mcdonaldhopkins.com

*Special Counsel for the Chapter 11 Trustee*

- **and** -

**WALDREP LLP**

/s/ <u>*Thomas W. Waldrep, Jr.*</u>
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
Jennifer B. Lyday (NC Bar No. 39871)
Francisco T. Morales (NC Bar No. 43079)
101 S. Stratford Road, Suite 210
Winston-Salem, NC 27104
Telephone: 336-717-1440
Telefax: 336-717-1340
Email: notice@waldrepllp.com

*Co-Counsel for the Trustee*

# EXHIBIT A

## BANKRUPTCY RULE 2004 EXAMINATION TOPICS[1]

1.      The Billing Scheme;

2.      CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.      Reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.      Amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.      Agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.      Reference Labs provision of laboratory testing service billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.      Amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.      Contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors and marketers on the other in existence from March 1, 2017 to March 15, 2019; and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

9.      Payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT B

### THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO EMPOWERHMS[1]

### DEFINITIONS

A.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.      The terms "all" and "any" shall include any and all.

C.      "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.      The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.      The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004**.**

{8853399: }

G.     The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.     The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.     The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

{8853399: }

J.      The terms "you" and "your" shall mean EmpowerHMS and its agents, representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client privilege or attorney work product doctrine.  If you object to any request and/or any document responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the document or information withheld and state the privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

4.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

7.      In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.      In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.      The past tense shall include the present tense and vice versa.

10.     Singular nouns shall include plural forms and vice versa.

11.     When  a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to)  representatives,  agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.      All documents and communications regarding the Billing Scheme;

2.      All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.      All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.      All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.      All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.    All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.    All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.    All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.    All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT C

**THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO EMPOWER H.I.S.[1]**

**DEFINITIONS**

A.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.      The terms "all" and "any" shall include any and all.

C.       "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.      The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.      The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

G.      The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.      The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.      The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

{8853399: }

J.      The terms "you" and "your" shall mean Empower H.I.S. and its agents, representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client privilege or attorney work product doctrine.  If you object to any request and/or any document responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the document or information withheld and state the privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

4.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

{8853399: }

7.      In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.      In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.      The past tense shall include the present tense and vice versa.

10.    Singular nouns shall include plural forms and vice versa.

11.    When  a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to)  representatives,  agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.      All documents and communications regarding the Billing Scheme;

2.      All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.      All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.      All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.      All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.    All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.    All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.    All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.    All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT D

## THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO iHEALTHCARE INC.[1]

### DEFINITIONS

A.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.      The terms "all" and "any" shall include any and all.

C.       "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.      The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.      The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

{8853397: }

G.     The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.     The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.     The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

J.      The terms "you" and "your" shall mean iHealthcare and its agents,

representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including

documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client

privilege or attorney work product doctrine.  If you object to any request and/or any document

responsive to any request is withheld based on any claim of privilege or protection from

discovery of any kind, describe generally the document or information withheld and state the

privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in

the usual course of your business or you shall organize and label the documents to correspond

with the categories in this request.  A request for a document shall be deemed to include a

request for any and all file folders within which the document was contained, transmittal sheets,

cover letters, exhibits, enclosures, or attachments to the document in addition to the document

itself.

4.      If and to the extent documents are maintained in a database or other electronic

format, you shall produce along with the document(s) software that will enable access to the

electronic document(s) or database as you would access such electronic document(s) or database

in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the

obligation to produce your copy of the same document, even if the two documents are identical.

7.      In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.      In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.      The past tense shall include the present tense and vice versa.

10.     Singular nouns shall include plural forms and vice versa.

11.     When  a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to)  representatives,  agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.      All documents and communications regarding the Billing Scheme;

2.      All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.      All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.      All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.      All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

{8853397: }

6.      All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.      All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.      All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.      All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT E

### THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO iHEALTHCARE MANAGEMENT COMPANY[1]

### DEFINITIONS

A.       The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.       The terms "all" and "any" shall include any and all.

C.        "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.       "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.       The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.       The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

{8853397: }

G.      The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.      The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.      The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

J.      The terms "you" and "your" shall mean iHealthcare and its agents, representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client privilege or attorney work product doctrine.  If you object to any request and/or any document responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the document or information withheld and state the privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

4.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

7.     In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.     In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.     The past tense shall include the present tense and vice versa.

10.    Singular nouns shall include plural forms and vice versa.

11.    When  a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to)  representatives,  agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.     All documents and communications regarding the Billing Scheme;

2.     All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.     All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.     All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.     All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

{8853397: }

6.      All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.      All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.      All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.      All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT F

## THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO iHEALTHCARE MANAGEMENT II COMPANY[1]

## DEFINITIONS

A.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.      The terms "all" and "any" shall include any and all.

C.       "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.      The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.      The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

{8853397: }

G.      The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.      The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.      The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

{8853397: }

J.      The terms "you" and "your" shall mean iHealthcare and its agents,

representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including

documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client

privilege or attorney work product doctrine.  If you object to any request and/or any document

responsive to any request is withheld based on any claim of privilege or protection from

discovery of any kind, describe generally the document or information withheld and state the

privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in

the usual course of your business or you shall organize and label the documents to correspond

with the categories in this request.  A request for a document shall be deemed to include a

request for any and all file folders within which the document was contained, transmittal sheets,

cover letters, exhibits, enclosures, or attachments to the document in addition to the document

itself.

4.      If and to the extent documents are maintained in a database or other electronic

format, you shall produce along with the document(s) software that will enable access to the

electronic document(s) or database as you would access such electronic document(s) or database

in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the

obligation to produce your copy of the same document, even if the two documents are identical.

7.      In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.      In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.      The past tense shall include the present tense and vice versa.

10.     Singular nouns shall include plural forms and vice versa.

11.     When  a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to)  representatives,  agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.      All documents and communications regarding the Billing Scheme;

2.      All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.      All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.      All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.      All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.      All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.      All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.      All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.      All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.

# EXHIBIT G

**THE TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO iHEALTHCARE SOFTWARE SERVICES, INC.[1]**

**DEFINITIONS**

A.      The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

B.      The terms "all" and "any" shall include any and all.

C.       "Bankruptcy Cases" shall mean the voluntary chapter 11 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

D.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

E.      The term "communication" shall include (without limitation) any written, oral, electronic, verbal and non-verbal exchanges between any persons or entities, whether transmitted in meetings or by telephone, telegraph, telex, cable, tape records, computer or otherwise, and includes (without limitation) oral conversations, telephone calls, letters, memoranda, reports, telegrams, facsimiles, e-mails, exhibits, drawings, and any other documents (as defined herein) that conform, constitute, or relate to the communications.

F.      The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004**.**

G.      The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information.  As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill, invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

H.      The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

I.      The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

{8853397: }

J.      The terms "you" and "your" shall mean iHealthcare and its agents, representatives, attorneys, and any other person responding to these requests on its behalf.

## INSTRUCTIONS

1.      In responding to the requests, furnish all documents available to you, including documents in the possession of your attorneys or anyone acting on your behalf.

2.      You are not being asked to produce any documents subject to the attorney-client privilege or attorney work product doctrine.  If you object to any request and/or any document responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the document or information withheld and state the privilege upon which you rely in withholding such document or information.

3.      You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

4.      If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5.      Documents attached to each other should not be separated.

6.      The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

7.     In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8.     In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9.     The past tense shall include the present tense and vice versa.

10.    Singular nouns shall include plural forms and vice versa.

11.    When a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to) representatives, agents, counsel and any other party communicating on behalf of such person or entity.

## REQUEST FOR PRODUCTION

1.     All documents and communications regarding the Billing Scheme;

2.     All documents and communications regarding CAH 1's provision of laboratory testing services from March 1, 2017 to March 15, 2019;

3.     All documents and communications regarding reimbursement rates for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

4.     All documents and communications regarding amounts billed to patients and/or insurance companies for laboratory testing procedures at CAH 1 from March 1, 2017 to March 15, 2019;

5.     All documents and communications regarding agreements between CAH 1 and reference laboratories ("Reference Labs") existing between March 1, 2017 and March 15, 2019;

6.     All documents and communications regarding Reference Labs' provision of laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

7.     All documents and communications regarding amounts CAH 1, Reference Labs, EmpowerHMS, Empower H.I.S., and/or iHealthcare received for laboratory testing services billed through CAH 1 from March 1, 2017 to March 15, 2019;

8.     All documents and communications regarding contracts, agreements, or arrangements between CAH 1, EmpowerHMS, Empower H.I.S., or iHealthcare on the one hand, and third-party vendors or marketers on the other in existence from March 1, 2017 to March 15, 2019;

9.     All documents and communications regarding payments CAH 1, EmpowerHMS, Empower H.I.S., and/or iHealthcare made to third-party vendors or marketers on account of their participation in the Billing Scheme from March 1, 2017 to the present.