**SO ORDERED.**

**SIGNED this 8 day of July, 2020.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No. 19-00730-5-JNC** |
| **CAH ACQUISITION COMPANY #1, LLC, d/b/a** ) | |
| **WASHINGTON COUNTY HOSPITAL,** ) | **Chapter 11** |
| ) | |
| **Debtor.** ) | |

**CONSENT ORDER REGARDING PAYMENT TO
<u>SHERWOOD PARTNERS, INC. SALES AGENT FOR THE TRUSTEE</u>**

This matter came before the Court upon the Motion to Approve Consent Order (the "Motion") filed by Sherwood Partners, Inc. ("Sherwood"), and pursuant to which Thomas W. Waldrep, Jr., Chapter 11 Trustee (the "Trustee," and together with Sherwood, the "Parties") for CAH Acquisition Company #1, LLC, d/b/a Washington County Hospital (the "Debtor") and Sherwood, as Sales Agent for the Trustee. The Parties hereby agree that Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the Consent Order Allowing Motion to Employ Sherwood Partners, Inc. as Sales Agent to the Trustee [Doc No. 498] entered in this case on October 23, 2019 ("Employment Order"). The Employment Order provides for Sherwood to be paid in accordance with the terms

of that order and the Engagement Agreement between Sherwood and the Trustee, which was attached to the Motion to Employ Sherwood Partners, Inc. as Sales Agent to the Trustee [Doc No. 433]. Additionally, Sherwood was employed pursuant to 11 U.S.C. § 328(a); and, payment to Sherwood is exempted the standards of review set forth in 11 U.S.C. § 330 per the Employment Order. Nevertheless, out of an abundance of caution the Trustee and Sherwood hereby submit this Consent Order to state on the record the distributions the Trustee will make to Sherwood for its services in this case. The Trustee and Sherwood intend to seek similar relief at the closing of each sale of assets owned by the Affiliated Debtors.[1] On this basis, and with the consent of Sherwood and Trustee, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 327(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On September 23, 2019, the Trustee filed his Motion to Employ Sherwood Partners, Inc. as Sales Agent to the Trustee [Doc. No. 433].

4. On October 23, 2019 the Court approved the Employment Order [Doc. No. 498], which provides for the following fee structure to Sherwood:

   a. $75,000 due upon the signing of the Engagement Agreement, allocated among the respective estates as set out on Exhibit B to the Engagement Agreement;
   b. $27,500 paid to Sherwood within 30 days of signing of the Engagement Agreement;
   c. An additional $27,500 paid to Sherwood within 60 days after the signing of the Engagement Agreement;
   d. An additional $27,500 paid to Sherwood within 90 days after the signing of the Engagement Agreement (the fees to be paid to Sherwood in the first 90 days after its employment shall be referred to as the "Consulting Fees");

---

[1] The Affiliated Debtors include the Debtor and its affiliates, CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital (Case No. 19-01230-5-JNC); CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital (Case No. 19-01180-5-JNC); CAH Acquisition Company 6, LLC, d/b/a I-70 Community Hospital (Case No. 19-01300-5-JNC); CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital (Case No. 19-01298-5-JNC); CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital (Case No. 19-01697-5-JNC); and CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital (Case No. 19-01227-5-JNC).

  e. In addition to the foregoing Consulting Fees, Sherwood is entitled to a Transaction Fee of $25,000 or $50,000 from the sale proceeds of the sale of each Affiliated Debtor's assets depending on whether the buyer is a party listed on Exhibit C of the Engagement Agreement ("Transaction Fees");

  f. In addition to the Consulting Fees and Transaction Fees, Sherwood is also entitled to a Success Fee equal to 5% of the combined Transactions' Sales Gross Value for all Affiliated Debtors in excess of $8,000,000.00; and

  g. Reimbursement of all necessary out-of-pocket business expenses incurred in connection with this matter up to $50,000.00.

5. Sherwood is owed and should be paid certain fees and expenses for the work that it has performed as Sales Agent pursuant to the terms of the Employment Order in this case and Orders Allowing Motion to Employ Sherwood Partners, Inc. as Sales Agent to the Trustee entered in the cases of the Affiliated Debtors.[2] The Employment Orders provide for Sherwood to be employed in accordance with the terms of the Engagement Agreement between Sherwood and the Trustee and pursuant to 11 U.S.C. §§ 327(a) and 328(a), which exempted Sherwood from the standards of review set forth in 11 U.S.C. § 330 per the Employment Orders.

6. Sherwood has provided great benefit to the Debtor's estate, as well as the estates of the other Affiliated Debtors[3], through its role as Sales Agent. More specifically, Sherwood created and distributed a comprehensive brochure describing each of the properties, identified additional potential interested parties, disseminated the brochure to 618 individuals in 409 companies

---

[2] An order was entered in each Debtors' case: CAH Acquisition Company #2, LLC, Case No. 19-01230, Docket No. 217, entered October 22, 2019; CAH Acquisition Company #3, LLC, Case No. 19-01180, Docket No. 258, entered on October 22, 2019; CAH Acquisition Company 6, LLC, Case No. 19-01300, Docket No. 338, entered on October 17, 2019; CAH Acquisition Company 7, LLC, Case No. 19-01298, Docket No. 315, entered on October 17, 2019; CAH Acquisition Company 12, LLC, Case No. 19-01697, Docket No. 301, entered on October 17, 2019; and CAH Acquisition Company 16, LLC, Case No. 19-01227, Docket No. 299, entered on October 17, 2019. Collectively, referred to as the "Employment Orders."

[3] The Affiliated Debtors include the Debtor and its affiliates, CAH Acquisition Company #2, LLC, d/b/a Oswego Community Hospital (Case No. 19-01230-5-JNC); CAH Acquisition Company #3, LLC, d/b/a Horton Community Hospital (Case No. 19-01180-5-JNC); CAH Acquisition Company 6, LLC, d/b/a I-70 Community Hospital (Case No. 19-01300-5-JNC); CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital (Case No. 19-01298-5-JNC); CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital (Case No. 19-01697-5-JNC); and CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital (Case No. 19-01227-5-JNC).

operating in the health care space, as well as 277 law firms, 140 hospitals in and around Oklahoma and Kansas, and 5,250 contacts of the National Rural Health Association. Sherwood also assembled and provided an online diligence room and enlisted a professional photographer to photograph the properties

7. After widely disseminating the marketing material, Sherwood received over thirty executed non-disclosure agreements from interested parties. Sherwood spoke to other parties who ultimately decided not to execute non-disclosure agreements. The parties that executed the non-disclosure agreement were granted access to the online diligence room, introduced to the local management companies, and, if requested, attended tours of the properties. All of these activities were managed by Sherwood.

8. With the assistance of the marketing efforts of Sherwood, Trustee identified and selected a stalking horse bidder and filed the Motion for (i) an Order (A) Establishing Bidding Procedures, (B) Approving Stalking Horse Bidder, (C) Approving Form and Manner of Notices (D) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief; and (ii) an Order (a) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (b) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (c) Granting Related Relief (the "Sale and Bidding Procedures Motion").

9. On November 27, 2019 the Court entered an order approving the bidding procedures provisions of the Sale and Bidding Procedures Motion (the "Bidding Procedures Order"). On February 7, 2020, the Court entered an order authorizing the sale of the Debtor's assets to the stalking horse bidder (the "Sale Order").

10. The sale prices for substantially all the Affiliated Debtors' assets are as follows:

| Affiliated Debtor | Sales Price |
|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $3,500,000 |
| CAH Acquisition Company #2, LLC (Oswego) | $75,000 |
| CAH Acquisition Company #3, LLC (Horton) | $275,000 |
| CAH Acquisition Company 7, LLC (Prague)[4] | $2,509,767 |
| CAH Acquisition Company 12, LLC (Fairfax)[3] | $2,841,931 |
| CAH Acquisition Company 16, LLC (Haskell)[3] | $1,532,661 |
| Total: | $10,734,359 |

11.     Based on the sale prices, Sherwood is currently entitled to the following fees:

| Affiliated Debtor | Consulting Fees[5] | Transaction Fees | Total |
|---|---|---|---|
| CAH Acquisition Company #1, LLC (Washington) | $37,500 | $25,000 | $62,500 |
| CAH Acquisition Company #2, LLC (Oswego) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company #3, LLC (Horton) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 6, LLC (I-70) | $5,000 | -- | $5,000 |
| CAH Acquisition Company 7, LLC (Prague) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 12, LLC (Fairfax) | $0 | $50,000 | $50,000 |
| CAH Acquisition Company 16, LLC (Haskell) | $0 | $50,000 | $50,000 |

12.     The sum total of the outstanding Consulting Fees and Transaction Fees owed to Sherwood by all Affiliated Debtors' estates, as of the date of this filing, is $317,500. Of that sum, and as indicated in the foregoing table, $62,500 is attributable to the sale of the Debtor's assets.

13.     As of this filing, Sherwood has incurred expenses totaling $17,447.81, which have not been reimbursed.

14.     The Sale Order provides that, following the closing of the Sale of the Debtor's assets, the Trustee shall (i) pay all pre- and post-petition amounts owed to First Capital Corporation

---

[4] The sales of these Affiliated Debtors' assets do not include the sale of any accounts receivable owed to the Affiliated Debtors. Trustee will collect the accounts receivable and remit the fees to Sherwood related to those collections as the accounts receivable are collected.

[5] These fees were owed to Sherwood within 90 days of its employment; however, they were not paid and remain outstanding.

("First Capital"), (ii) fund a reserve account for First Capital's legal fees, and then (iii) pay Sherwood's fees and expenses, as well as any past-due ad valorem taxes listed in Schedule 7 of the Asset Purchase Agreement between the Trustee and the stalking horse bidder, prior to making further disbursements pursuant to later Court orders. [Doc No. 686, p.14] The rights of First Capital under the Employment Order are expressly preserved thereunder.

15. Sherwood has performed its duties as agreed by the Parties and authorized by this Court pursuant to the Employment Order, the Bidding Procedures Order, and the Sale Order.

16. The Trustee is very pleased with the performance of Sherwood in this case and believes Sherwood should be paid according to the terms of the Engagement Agreement, the Employment Order, and the Sale Order.

**NOW, THEREFORE,** based upon the foregoing, the Court concludes the above statements are supported by the record in this case, the relief requested is appropriate, and for other food and sufficient reasons appearing it is hereby **ORDERED** as follows:

A. The Trustee is authorized and shall reimburse the expenses owed to Sherwood in the amount of $17,447.81 using the same procedure it has made previous reimbursements;

B. Sherwood has an allowed administrative claim against the Debtor's estate for the sum of $62,500;

C. The Trustee is authorized, without further order of the Court, to pay Sherwood the full amount of its allowed administrative claim from the proceeds of the closing of the sale of the Debtor's assets, as directed in the Sale Order, after all pre-and post-petition amounts owed to First Capital have been paid and the reserve account has been funded; and

D. The rights of First Capital under the Employment Order are expressly preserved thereunder and shall not be prejudiced by the entry of this Order.

**AGREED TO BY:**

| **WALDREP LLP** | **Law Offices of Oliver & Cheek, PLLC** |
|---|---|
| *s/ Jennifer B. Lyday* | *s/ Ciara L. Rogers* |
| Jennifer B. Lyday (NC State Bar No. 39871) | Ciara L. Rogers |
| 101 S. Stratford Road, Suite 210 | N.C. State Bar No. 42571 |
| Winston-Salem, NC 27104 | P.O. Box 1548 |
| Telephone: 336-717-1440 | New Bern, NC 28563 |
| Telefax: 336-717-1340 | Telephone: (919) 987-2024 |
| Email: notice@waldrepllp.com | Facsimile: (252) 633-1950 |
| *Co-Counsel for the Chapter 11 Trustee* | Email: ciara@olivercheek.com |
| | *Attorney for Sherwood Partners, Inc.* |

**END OF DOCUMENT**