**SO ORDERED.**

**SIGNED this 10 day of September, 2020.**



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**CAH ACQUISITION COMPANY #1, LLC**<br>**d/b/a WASHINGTON COUNTY HOSPITAL**<br><br>Debtor. | Case No. 19-00730-5-JNC<br><br>Chapter 11 |

**SECOND AMENDED CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND AFFINITY HEALTH PARTNERS, LLC RESOLVING, IN PART, MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS**

This matter is before the Court on that certain MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS [ECF No. 791] (the "**CARES Act Fund Motion**") and the stipulation contained herein. Thomas W. Waldrep, Jr., the duly appointed trustee (the "**Trustee**") for the

1

bankruptcy estate of CAH Acquisition Company #1, LLC d/b/a Washington County Hospital (the "Washington Debtor"), and Affinity Health Partners, LLC ("**Affinity**") hereby agree and stipulate as follows:

    A.    The Trustee is administering the bankruptcy estate of the Washington Debtor.

    B.    On February 7, 2020, this Court entered the "Order (A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances, (B) Authorizing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief" [ECF No. 686] (the "**Sale Order**").  Pursuant to the Sale Order, this Court authorized the Trustee to sell to Affinity and Affinity to acquire substantially all of the assets of the Washington Debtor, including assignment of certain assumed executory contracts.

    C.    The sale closed on April 20, 2020, and since that date Affinity has been operating the 25-bed hospital known as the Washington County Hospital (the "**Washington Hospital**") in Plymouth, North Carolina.

    D.    The Trustee has received certain stimulus Provider Relief Fund payments through United States Department of Health and Human Services ("**DHHS**") under the Coronavirus Aid, Relief, and Economic Security Act, P.L. 116-136 [HR 748], 134 Stat. 281 (signed into law Mar. 27, 2020) (the "**CARES Act**"), which is administered by DHHS.

    E.    Specifically, the Trustee has received $3,612,661.01 cash in CARES Act fund payments on account of the Washington Hospital (the "**Washington Fund Payments**").

    F.    The Trustee received the Washington Fund Payments because the Trustee holds the tax identification number (the "**TIN**") that, under the CARES Act, is the mechanism by which a recipient of CARES Act funds receives such funds and can attest to the use of such funds.

G. The TIN and the bank account into which the Washington Fund Payments were received constitute property of the Washington Debtor's estate and using Washington Fund Payments is subject to 11 U.S.C. § 363.

H. On May 15, 2020, the Trustee filed the CARES Act Fund Motion.

I. Pursuant to the CARES Act Fund Motion, the Trustee contends that $903,778.27 of the Washington Fund Payments (the "**Used Funds**") represent lost "revenue due to the coronavirus between February 1, 2020 and the Washington Closing Date." Motion at ¶ 29. The Trustee further contends that he should be permitted to transfer to Affinity $2,708,882.74 of the Washington Fund Payments (the "**Unused Funds**"). Affinity joined in and consented to the CARES Act Motion.

J. On June 5, 2020, the Trustee filed the *Trustee's Motion for Approval of Consent Order and Stipulation By and Between The Trustee and Affinity Health Partners, LLC Resolving, in Part, Motion Seeking (I) an Order Confirming That (A) Certain Stimulus Funds Were Used in Accordance with Applicable Terms and Conditions and (B) Trustee May Transfer Any Remaining Stimulus Funds to Purchasers; and (II) an Order Eliminating any Liability of Trustee and Debtors' Estates For Use of Stimulus Funds* (the "**Original Consent Motion**") [ECF No. 845] pursuant to which the Trustee sought this Court's authority to transfer to Affinity the Unused Funds so that such funds could be used by the Washington Hospital to address the COVID-19 crisis and establish a procedure for resolving disputes regarding the Used Funds.

K. On June 22, 2020, DHHS filed a response to the Original Consent Motion, contending that transferring funds from the Washington Debtor's estate to Affinity, as purchaser, would purportedly "violate DHHS's express nationwide policy prohibiting the transfer of payments received from the Provider Relief Fund ('PRF') to a third party." [ECF No. 611 at 2].

L.    At the Trustee's request, the Court continued the hearing on the Original Consent Motion and did not rule on DHHS's response.

M.    As set forth in Exhibit "A" hereto, the parties hereto desire to settle and resolve all matters relating to the CARES Act Fund Motion and amend the Original Consent Motion so as to permit the Unused Funds to be used to address COVID-19 matters at the Washington Hospital in a manner that does not violate the CARES Act or the details for the requirements for receipt, acceptance and usage of payments from PRF as has been published by DHHS on its website at www.hhs.gov/coronavirus/cares-act-provider-relief-fund/index.html (the "**Washington Hospital Resolution**").

N.    The CARES Act, with regards to the PRF, states "[t]hat 'eligible health care providers' means public entities, Medicare or Medicaid enrolled suppliers and providers, and such for-profit entities and not for profit entities not otherwise described in this proviso as the Secretary may specify, within the United States (including territories), that provide diagnoses, testing, or care for individuals with possible or actual cases of COVID-19." Consistent with the CARES Act's definition of an eligible health care provider, Washington Hospital continues to be a Medicare and Medicaid enrolled supplier and provider.

O.    The CARES Act also states that payments shall be made in consideration of the most efficient payment systems practicable to provide emergency payment. The terms and conditions concerning acceptance of PRF funds discusses use of such funds by subrecipients and subgrantees. The Trustee and Affinity intend for Washington Hospital to serve as a subrecipient and/or subgrantee that continues to provide diagnoses, testing, or care for individuals with possible or actual cases of COVID-19 to the same patient population, consistent with the applicable terms and conditions existing at the time of the CARES Act Fund Motion.

In light of the foregoing, the Trustee and Affinity, whose representatives have signed below, do stipulate and agree as follows, and based upon this stipulation **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. Pursuant to 11 U.S.C. §§ 541(a), 363(b), and 105(a) and Federal Rule of Bankruptcy Procedure 9019(a), the Trustee is authorized to agree to and implement the settlement and use of the TIN and Washington Fund Payments, as set forth on Exhibit "A" hereto.

2. Granting the relief requested is not barred by any provision of the CARES Act or any regulation adopted by DHHS concerning the PRF, but furthers the purpose of the CARES Act and the PRF.

3. For purposes of use of Unused Funds, Washington Hospital shall be a subrecipient and/or subgrantee within the meaning of the terms and conditions governing using of such Unused Funds.

4. Any and all objections to the Amended Consent Motion are overruled.

5. For the Used Funds, only the Trustee can attest to their use under the CARES Act, applicable regulations, and sub-regulatory guidance; and Affinity and the Washington Hospital shall have no liability for any attestation made by the Trustee, and no party shall be entitled to setoff or recoup monies owed to the Washington Hospital on account of or relating to the Used Funds.

6. Subject to the terms and conditions of the Washington Hospital Resolution, for any Unused Funds, only the Trustee can attest to their use under the CARES Act, applicable regulations, and sub-regulatory guidance.

7. All parties in interest with notice and opportunity to object, including DHHS, shall be bound by and shall comply with the provisions of this Consent Order.

8. Subject to the terms and conditions of Exhibit "A" hereto, nothing herein shall affect the jurisdiction or regulatory authority of DHHS in respect of the use, monitoring, and enforcement of the rights of DHHS under and in connection with the CARES Act.

SO STIPULATED AND AGREED to today, August 31, 2020.

| **AFFINITY HEALTH PARTNERS, LLC** | **TRUSTEE OF CAH ACQUISITION COMPANY #1, LLC** |
|---|---|
| */s/ Rebecca Lindahl* | */s/ Thomas W. Waldrep, Jr.* |
| Rebecca Lindahl | Thomas W. Waldrep, Jr. |
| NC Bar No. 35378 | NC Bar No. 11135 |
| Katten Muchin Rosenman LLP | Waldrep LLP |
| 401 South Tryon St, Ste 2600 | 101 S. Stratford Road, Suite 210 |
| Charlotte, NC 28202-1935 | Winston-Salem, NC 27104 |
| Telephone: 704-344-3141 | Telephone: 336-717-1440 |
| Fax: 704-344-2277 | Fax: 336-717-1340 |
| Email: rebecca.lindahl@katten.com | Email: notice@waldrepllp.com |
| *Counsel for Affinity Health Partners, LLC* | *Chapter 11 Trustee of CAH Acquisition Company #1, LLC* |

**END OF DOCUMENT**

# AMENDED CONSENT ORDER EXHIBIT "A'

## WASHINGTON HOSPITAL RESOLUTION AGREEMENT

Thomas W. Waldrep, Jr., Chapter 11 trustee (the "Trustee") for CAH Acquisition Company 12, LLC d/b/a Washington Community Hospital (the "Washington Debtor") and Affinity Health Partners, LLC ("Affinity") agree and settle in full and complete resolution of the "TRUSTEE'S AMENDED MOTION PURSUANT TO 11 U.S.C. §§ 363 AND 105(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a) FOR APPROVAL OF CONSENT ORDER AND STIPULATION BY AND BETWEEN THE TRUSTEE AND AFFINITY HEALTH PARTNERS, LLC RESOLVING MOTION SEEKING (I) AN ORDER CONFIRMING THAT (A) CERTAIN STIMULUS FUNDS WERE USED IN ACCORDANCE WITH APPLICABLE TERMS AND CONDITIONS AND (B) TRUSTEE MAY TRANSFER ANY REMAINING STIMULUS FUNDS TO PURCHASERS; AND (II) AN ORDER ELIMINATING ANY LIABILITY OF TRUSTEE AND DEBTORS' ESTATES FOR USE OF STIMULUS FUNDS" (the "**Amended Consent Motion**").  All terms not otherwise defined herein have the same meanings as defined in the Amended Consent Motion.

1. Within two (2) business days after entry of a final, non-appealable order approving the Amended Consent Motion (the "**Agreement Effective Date**"), the Trustee shall transfer, to a segregated account maintained at and under the control of the Washington Hospital, all of the Unused Funds; *provided, however*, that notwithstanding entry of an order approving the Amended Consent Motion, prior to the expiration of any time for appealing such order, Affinity shall have the sole and absolute discretion to terminate this Agreement, and shall have no liability to the Trustee, the Washington Debtor's estate, or any creditor of the Washington Debtor' estate for any matter arising from or relating to this Agreement.

2. Upon the Agreement Effective Date:

1

a. The Trustee shall direct Washington Hospital to use the Unused Funds solely for allowed purposes under the CARES Act;

b. Washington Hospital shall provide all documentation and assistance so that the Trustee could attest to the use of the Unused Funds by Washington Hospital; and

c. In the event of any audit, challenge or dispute to the Trustee's attestation or use of the Unused Funds ("**Attestation Challenge**"), the Washington Hospital shall be directed to respond to such Attestation Challenge. The Trustee shall cooperate with Washington Hospital in responding to such Attestation Challenge; *provided, however*, that the Trustee shall not object to or oppose any resolution to such Attestation Challenge proposed by the Washington Hospital.

3. Affinity and the Trustee shall endeavor in a Security Agreem ent pursuant to which Affinity agrees to reim burse the Trustee for direct costs actually incurred, including reasonable attorney's fees, in connection with an order to return of DHHS any Unused Funds which either (i) Washington Hospital does not use, or (ii) is the subject of an Attestation Challenge. As security for the performance of Affinity's obligations under the Security Agreement, Affinity shall assign and grant to the Trustee a security interest in Washington Hospital's deposit account, accounts receivable and equipment.

4. Washington Hospital waives and releases any claim to the Used Funds. Washington Hospital shall provide the Trustee any information reasonably requested and reasonable cooperation that the Trustee requires in order to attest for and report to DHHS regarding the use of the Unused Funds; *provided, however*, for avoidance of doubt neither Washington Hospital nor Affinity shall be obligated to support the Trustee's attestation in respect of the Used Funds. The Trustee shall name Affinity and Washington Hospital as beneficiaries under the

2

trustee's bond to the extent of any liability either incur in connection with the Trustee's use of Used Funds.

5. In exchange for the Trustee's agreement to administer the subgrant and the Trustee's attestation and to compensate the estate for professional fees related to the Trustee's attestation efforts and any future audit thereof, Washington Hospital shall, within 30 days of the transfer of the Unused Funds in accordance with paragraph 1 hereof, transfer to the Washington Debtor's estate cash equal to two percent (2%) of the Unused Funds.

6. To the extent the Trustee receives any future CARES Act funds on account of the Washington Hospital, such funds will be transferred to the Washington Hospital as Unused Funds under the same procedures as set forth herein, and Washington Hospital shall transfer to the Washington Debtor's estate cash equal to the percentage of such funds provided for in paragraph 5 hereof. The parties will cooperate with one another if DHHS requires an application process for such funds.