**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #1, LLC, | ) | Case No. 19-00730-5-JNC |
| d/b/a WASHINGTON COUNTY | ) | Chapter 11 |
| COMMUNITY HOSPITAL, | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | Case No. 19-01230-5-JNC |
| d/b/a OSWEGO COMMUNITY HOSPITAL, | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #3, LLC, | ) | Case No. 19-01180-5-JNC |
| d/b/a HORTON COMMUNITY HOSPITAL, | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 6, LLC, | ) | Case No. 19-01300-5-JNC |
| d/b/a I-70 HOSPITAL, | ) | Chapter 7 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 7, LLC, | ) | Case No. 19-01298-5-JNC |
| d/b/a PRAGUE COMMUNITY HOSPITAL, | ) | Chapter 11 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 12, LLC, | ) | Case No. 19-01697-5-JNC |
| d/b/a FAIRFAX COMMUNITY HOSPITAL, | ) | Chapter 11 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 16, LLC, | ) | Case No. 19-01227-5-JNC |
| d/b/a HASKELL COMMUNITY HOSPITAL, | ) | Chapter 11 |
| _____ | ) | |

1

### TRUSTEE'S SECOND MOTION TO EXTEND DEADLINE TO FILE ADVERSARY PROCEEDINGS

NOW COMES the Trustee Thomas W. Waldrep, Jr. (the "Trustee"), in his capacity as Litigation Trustee of the above-captioned cases (with the exception of the case of CAH Acquisition Company 6, LLC, where he acts in his capacity as Chapter 7 Trustee, and CAH Acquisition Company 16, LLC, where he acts in his capacity as Chapter 11 Trustee), by and through undersigned counsel, and respectfully requests a second extension of the statutes of limitation to commence adversary proceedings under Sections 546 and 108 of Title 11 of the United States Code (the "Bankruptcy Code") in each of the above-captioned bankruptcy cases (the "Second Motion to Extend"). In support of the Second Motion to Extend, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL AND PROCEDURAL BACKGROUND

3.     On February 19, 2019 (the "Petition Date"), Washington County, North Carolina, Medline Industries, Inc., and Dr. Robert Venable (collectively, the "Petitioning Creditors") filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against CAH Acquisition Company #1, LLC ("CAH 1"). On February 22, 2019, the Court entered an order approving the Trustee as interim trustee for CAH 1's bankruptcy estate [Dkt. No. 14].

4.     On March 15, 2019, CAH 1's bankruptcy case was converted from Chapter 7 to Chapter 11, and the Trustee was appointed as the Chapter 11 trustee for CAH 1 pursuant to section 1104 of the Bankruptcy Code.

5.    In March and April 2019, six of CAH 1's affiliates, CAH Acquisition Company #2, LLC ("CAH 2," Case No. 19-01230), CAH Acquisition Company #3, LLC ("CAH 3," Case No. 19-01180), CAH Acquisition Company 6, LLC ("CAH 6," Case No. 19-01300), CAH Acquisition Company 7, LLC ("CAH 7," Case No. 19-01298), CAH Acquisition Company 12, LLC ("CAH 12," Case No. 19-01697), and CAH Acquisition Company 16, LLC ("CAH 16," Case No. 19-01227) (collectively with CAH 1, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases").[1]

6.    On October 19, 2020, the Court entered an Order of Conversion in which CAH 6 was converted from a case under Chapter 11 to a Chapter 7 Case. The Trustee serves as Chapter 7 Trustee in the CAH 6 Case. On that same date, the Court confirmed CAH 1's Amended Chapter 11 Plan of Orderly Liquidation (the "Washington Plan").  The Effective Date (as defined in the Washington Plan) occurred on November 3, 2020.

7.    On December 7, 2020, the Court confirmed Chapter 11 plans for each of CAH 2, CAH 3, CAH 7, CAH 12 and CAH 16.  The Effective Dates for each such plan (as defined in the respective plans) was: (i) December 22, 2020 for CAH 7 and CAH 12; and (ii) February 20, 2021 for CAH 2 and CAH 3. The Effective Date has not been called in the CAH 16 Case, and the Trustee remains appointed as the Chapter 11 Trustee in that case. With respect to all cases except for CAH 6 and CAH 16, the Trustee is the Litigation Trustee under each of the Debtors' confirmed plans, vested with the authority to pursue all claims on behalf of the Debtors' estates.

8.    On December 31, 2020, the Trustee filed motions to extend the statutes of limitation in each of the bankruptcy cases (the "Extension Motions") on December 31, 2020. (*See* Case No.

---

[1] The Trustee was appointed as the Chapter 11 trustee in each of the Bankruptcy Cases. The Bankruptcy Cases are being jointly administered by the Court.

19-00730-5-JNC, D.I. 1044; Case No. 19-01230-5-JNC, D.I. 514; Case No. 19-01180-5-JNC, D.I. 573; Case No. 19-01300-5-JNC, D.I. 671; Case No. 19-01298-5-JNC, D.I. 802; Case No. 19-01697-5-JNC, D.I. 758; Case No. 19-01227-5-JNC, D.I. 709.) In the Extension Motions, the Trustee asked the Court to exercise its authority under Rule 9006(b) to extend the deadlines for the Trustee to commence adversary proceedings under Sections 546 and 108.

9.      On January 5, 2021, the Court entered orders in each of the Bankruptcy Cases granting the Extension Motions and extending the time for the Trustee to commence adversary proceedings in each of the bankruptcy cases to March 1, 2022 (the "Extension Orders") (*See* Case No. 19-00730-5-JNC, D.I. 1071; Case No. 19-01230-5-JNC, D.I. 516; Case No. 19-01180-5-JNC, D.I. 575; Case No. 19-01300-5-JNC, D.I. 672, Case No. 19-01298-5-JNC, D.I. 804; Case No. 19-01697-5-JNC, D.I. 760; and Case No. 19-01227-5-JNC, D.I. 711.)  On January 13, 2020, the Trustee published notice of the Extension Orders and the deadline to seek appeal in the New York Times.

10.      On August 13, 2021, the Trustee filed adversary complaints[2] against Jorge A. Perez (the owner and controlling shareholder of the Empower entities), Paul Nusbaum and Steve White (together, "Nusbaum/White") in each of the bankruptcy cases asserting claims, *inter alia*, for breach of fiduciary duty, fraudulent transfer, and aiding and abetting conversion based on Nusbaum/White's formulation and implementation of the Billing Schemes (as defined in the adversary proceeding complaint). See Adv. Pro. No. 21-00078-5-JNC, Adv. Pro. No. 21-00079-

---

[2] On September 9, 2021, the Trustee filed an amended complaint against Nusbaum/White in the CAH 1 case, which added a claim for breach of the North Carolina Unfair and Deceptive Trade Practices Act. (*See* Adv. Pro. No. 21-00078-5-JNC, D.I. 6.)

5-JNC, Adv. Pro. No. 21-00080-5-JNC, Adv. Pro. No. 21-00081-5-JNC, Adv. Pro. No. 21-00082-5-JNC, Adv. Pro. No. 21-00083-5-JNC, Adv. Pro. No. 21-00084-5-JNC.[3]

11.     On November 18, 2021, Nusbaum/White filed their *Motion to Set Aside Orders Granting Litigating Trustee's Motion to Extend Deadline to File Adversary Proceedings* (the "Motions to Set Aside Extension Orders"), arguing that the Court should set aside the Extension Orders for the reasons detailed therein. See Case No. 19-00730-5-JNC, D.I. 1371; Case No. 19-01230-5-JNC, D.I. 634; Case No. 19-01180-5-JNC, D.I. 712; Case No. 19-01300-5-JNC, D.I. 741, Case No. 19-01298-5-JNC, D.I. 952; Case No. 19-01697-5-JNC, D.I. 963; and Case No. 19-01227-5-JNC, D.I. 777.

12.     On December 27, 2021, the Trustee filed his response opposing the Motion to Set Aside the Extension Orders (the "Opposition"). See Case No. 19-00730-5-JNC, D.I. 1405; Case No. 19-01230-5-JNC, D.I. 677; Case No. 19-01180-5-JNC, D.I. 741; Case No. 19-01300-5-JNC, D.I. 771, Case No. 19-01298-5-JNC, D.I. 979; Case No. 19-01697-5-JNC, D.I. 999; and Case No. 19-01227-5-JNC, D.I. 806.

13.     At the January 27, 2022 hearing on the Motions to Set Aside Extension Orders, the Court indicated that the Extension Orders were interlocutory in nature and therefore not ripe to be set aside. The Court also said that it believed it had authority to extend the applicable statutes of limitation and that the Eleventh Circuit's decision to that effect in In re Int'l Admin. Servs., Inc., 408 F.3d 689, 699 (11th Cir. 2005), was correctly decided. However, the Court also stated that it would preserve Nusbaum/White's opportunity to challenge the Extension Orders at a later date.

---

[3] On November 1, 2021, Nusbaum/White filed motions to dismiss the adversary proceedings. At the hearing before the Court on January 27, 2022, the Court indicated that it would grant motions to dismiss the adversary proceedings in CAH 2, CAH 3, CAH 7, CAH 12, and CAH 16, with such orders to be stayed for thirty (30) days and providing leave to amend.  In the adversary proceedings for CAH 1 and CAH 6, the Court dismissed the fraudulent transfer claims with leave to amend.

## INVESTIGATION OF THE BILLING SCHEMES

14.     Prior to the Petition Date, the Debtors owned and operated for-profit, critical access hospitals (collectively, the "Hospitals") that provided acute care, swing bed, emergency medicine, imaging, rehabilitation, laboratory, and related outpatient ancillary services in small rural areas in North Carolina, Kansas, Missouri, and Oklahoma. As the Court is aware, some of the Hospitals are still operating and others have been closed.

15.     The Debtors' estates were the victims of not one, but two, fraudulent and unlawful laboratory specimen billing schemes, details of which are described in the *Disclosure Statement for Amended Chapter 11 Plan of Orderly Liquidation Pursuant to Section 1125 of the Bankruptcy Code filed in the Bankruptcy Cases for CAH 1* [Case No, Dkt. No. 481] and in many other documents filed in the Bankruptcy Cases. The facts and circumstances of the billing schemes are collectively referred to herein as the "Billing Schemes."

16.     In February of 2019, when the Trustee was notified of the potential for his appointment, he conducted a site visit to CAH 1.  There, he was informed by Curtis Potter, the attorney for Washington County, regarding pending investigations by federal and state entities into the Empower H.I.S., LLC, Empower HMS, and related entities ("Empower"), who served as pre-petition management for CAH 1 and its other affiliated Debtors.  On the same trip, the Trustee was informed by Melanie Perry, then serving as the CEO of CAH 1, that (i) Empower removed all local control over and access to the facility's financial operations when it assumed control, and (ii) Empower had recently shut down substantially all local access to the facility's computer system.

17.     Following his appointment, the Trustee was able to obtain access to a network of servers in Kansas City, Missouri, which had served as the nerve center for the Debtors' operations. The Trustee engaged information technology service providers to mirror the servers and protect

the integrity of the servers from unauthorized third-party access or record deletion, occurrences of compelled the Trustee to file the *Trustee's Emergency Motion for Authority to Access and Preserve Data Located at or Managed by Onpar Technologies, to Authorize Onpar Technologies to Maintain Its Litigation Hold on Such Data, and to Enjoin All Persons and Entities from Accessing, Deleting, or Modifying any Such Data*.  See Case No. 19-00730, D.I. 244.

18.     The Trustee subsequently utilized Relativity e-Discovery software to analyze the Kansas City servers for evidence or other records related to the Billing Scheme, but the Trustee found that the servers contained little actual financial information.  The servers did, however, facilitate the Trustee's ability to reopen and operate, through new management companies, the hospitals at CAH 1, CAH 7, CAH 12, and CAH 16.

19.     The primary focus of the Trustee, from his initial appointment through December of 2020, was (i) returning health care services to those communities with facilities that could be reopened; (ii) organizing and conducting Section 363 sales of the Debtors' facilities; (iii) working to resolve a dispute between competing secured creditors asserting interests in the assets of CAH 2, CAH 3, CAH 7, CAH 12, and CAH 16; (iv) resolving payroll tax non-compliance issues; and (v) creating confirmable plans for each of the Chapter 11 Debtors.

20.     However, during this period, the Trustee continued to attempt to investigate the Billing Scheme.  In April of 2020, the Trustee sought authority to obtain special litigation counsel from the firm of McDonald Hopkins LLC in the case of CAH 1.  Case No. 19-00730, D.I. 756. On May 12, 2020, the Court approved such employment.  Case No. 19-00730, D.I. 784.

21.     In early June of 2020, the Court granted the Trustee's motions for Bankruptcy Rule 2004 examinations by depositions and production of documents from Empower and additional related entities, iHealthcare, Inc. and two affiliates thereof ("iHealthcare").  Empower did not

cooperate with the subpoenas and failed to designate an officer for deposition or produce documents.

22.    The Trustee identified potential accounts associated with Empower and its affiliates as recipients of payments from the Debtors on the Debtors' respective financial records.  In August of 2020, the Trustee sought and obtained authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to U.S. Bank National Association ("U.S. Bank"); TD Bank, N.A. ("TD Bank"); Branch Banking and Trust Company, now Truist Bank ("BB&T"); BankUnited, N.A. ("BankUnited"); and Bank of Hays to obtain financial records concerning the Debtors' transactions with Empower.

23.    In October of 2020, the Trustee sought and obtained authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to De la Hoz, Perez & Barbeito, P.A. (the accounting firm for Empower); Santiago "Sandy" Pique (the former CFO of Empower); and Ernesto Fesser (the former corporate controller for Empower and iHealthcare).

24.    On January 5, 2021, the Court entered the Extension Orders, providing the Trustee with an extension through March 1, 2022 to file adversary proceedings.

25.    Following the effective dates of the Plans of CAH 1, CAH 2, CAH 3, CAH 7, and CAH 12, the Trustee (in his capacity as Litigation Trustee) employed Forensic Strategic Solutions ("FSS"), a forensic accounting firm, to review and analyze the Debtors' financial records and documents to begin constructing the flow of transactions related to the Billing Schemes.

26.    In August of 2021, the Trustee filed complaints to commence the adversary proceedings referenced *supra* in Paragraph 10.

27.    In September of 2021, directed by the diligent efforts of FSS, the Trustee sought and obtained authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to several insurance

companies; the Centers for Medicare and Medicaid Services; Jose Salazar; JVS Billing Services, Inc.; and additional financial institutions.[4]

28.     As a result of FFS's review of financial records produced in response to the subpoenas, the Trustee determined that additional discovery was warranted on newly-identified bank accounts from which transfers were made to outside clinical reference labs, consultants, physicians, marketing entities, and other third parties that facilitated and/or benefitted from the Billing Schemes in the two years preceding the Petition Date.  In December of 2021, the Trustee sought and obtained authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to thirteen additional financial institutions that were determined to hold accounts for Empower and related entities.

29.     An extension of the deadline to file adversary proceedings is necessary and should be granted.  The Trustee requires additional time to investigate the Billing Schemes, including time for FSS to trace transactions and identify transferees—both direct and intermediate—who received the Debtors' funds.

30.     Despite the best efforts of the Trustee and his professionals, these investigations have neither been fast nor simple.  The complete failure of Empower, its related entities, and related individuals to comply with the Trustee's discovery efforts has required the Trustee to reconstruct the Debtors' historical finances through multiple rounds of discovery.  These efforts have not been straightforward.  For example, U.S. Bank—which appears to have been the primary bank through which the proceeds from the Billing Schemes were distributed—informed the Trustee in December of 2021 that the bank could not use any automated process to pull records

---

[4] In November of 2021, the Trustee sought and obtained authority pursuant to Bankruptcy Rule 2004 to issue corrected subpoenas to Blue Cross and Blue Shield of North Carolina, Blue Cross and Blue Shield of Oklahoma, and Wells Fargo Bank, N.A.

for more than 11,000 bank transactions involving hundreds of millions of dollars in transfers to unknown third parties. At the Trustee's request, U.S. Bank pulled each transaction manually. U.S. Bank informed the Trustee that the manual process would take more than a month to complete, and the Trustee is still awaiting production of that information.[5]  Although the Trustee was able to access the data of the Debtors that was contained in the servers in Kansas City, no server for Empower records has been found or accessed, which considerably slowed and enlarged the investigative process.

## LEGAL BASIS FOR RELIEF REQUESTED

31.     "It is established that Bankruptcy Rule 9006(a) can extend a deadline established by another bankruptcy rule." In re Runkle, 333 B.R. 734, 736 (Bankr. D. Md. 2005). "The time-computation and time-extension provisions of Rule 9006 ... are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389, n.4, 113 S. Ct. 1489, 1495, 123 L. Ed. 2d 74 (1993)).

32.     Considerable authority exists to support the application of the time-enlargement provisions of Rule 9006(a) to deadlines established by statute, including Section 546. In re Int'l Admin. Servs., Inc., 408 F.3d 689, 699 (11th Cir. 2005) (finding that the provisions of Rule 9006(a) may extend deadlines prescribed by Section 546 and "[t]herefore, § 546 is indeed a statute of limitations, subject to waiver, equitable tolling, and equitable estoppel") (citing In re Rodriguez, 283 B.R. 112, 116–18 (Bankr. E.D.N.Y. 2001) (finding Section 546 to be a statute of limitations subject to enlargement by court order)); see also In re ThermoView Indus., Inc., 381 B.R. 225, 229

---

[5] As noted in the Opposition to the Motion to Set Aside the Extension Orders, the Trustee has reason to believe that many of those transfers were made in connection with the Billing Schemes and may assist the Trustee in identifying potential defendants. However, the Trustee has been unable to confirm all the recipients of those transfers and will not be able to do so until U.S. Bank's collection work is completed.

(Bankr. W.D. Ky. 2008) (finding "that the deadlines imposed by 11 U.S.C. § 546 are not jurisdictional and that the bankruptcy court has the discretion to extend the deadlines in appropriate circumstances"); In re Outboard Marine Corp., 299 B.R. 488, 500 (Bankr. N.D. Ill. 2003) (concluding that "[b]ased on the plain language of the Bankruptcy Code provision, the statutory scheme, the legislative history, and the decisions of other jurisdictions, the Court finds that § 546(a) is a true statute of limitations that can be waived or tolled by the parties").

33.     Notably, another bankruptcy court has granted similar extensions in a case involving a similar fraudulent billing scheme run by some of the same parties who operated the Billing Schemes. Specifically, in In re Campbellton-Graceville Hosp. Corp., 616 B.R. 177 (Bankr. N.D. Fla. 2019), a liquidating trustee sought an extension of the deadline to bring claims arising out of a fraudulent billing scheme for a critical access hospital whose billing services had been provided by Empower. The bankruptcy court granted an extension of the deadline for filing adversary proceedings for one year through and including May 6, 2020. Id. at 182.

34.     Prior to the expiration of that deadline, the liquidating trustee filed a motion to further extend the statute of limitations deadline for approximately six months.  As reasons for the request, the liquidating trustee explained that additional time was required due to "the nature of the … investigation into the Laboratory Program, and intervening events, including the government investigation, the current pandemic, and the fact that additional details and claims and causes of action have been uncovered over time only after continued and relentless efforts[.]" Case No. 17-40185-KKS, *Liquidating Trustee's Second Motion To Extend Deadline To File Adversary Proceedings*, ECF Doc. 1231, filed April 3, 2020.

35.     Granting that motion, the bankruptcy court further extended the statute of limitations' deadline to December 31, 2020. Case No. 17-40185-KKS, *Order Granting*

*Liquidating Trustee's Second Motion To Extend Deadline To File Adversary Proceedings, [ECF No. 1231]*, ECF No. 1251, filed April 27, 2020.

36.     Prior to the expiration of that deadline, the liquidating trustee filed a third motion to extend, explaining that additional time was required due to, among other things, the recent discovery of additional individuals and entities that received funds from the debtor. Case No. 17-40185-KKS, *Liquidating Trustee's Third Motion To Extend Deadline To File Adversary Proceedings with Respect to Certain Subsequent Transferees*, ECF Doc. 1276, filed November 3, 2020. Upon this motion, the bankruptcy court further extended the liquidating trustee's deadline to file adversary proceedings through and including May 30, 2021. Case No. 17-40185-KKS, *Order Granting Liquidating Trustee's Third Motion to Extend Deadline to File Adversary Proceedings with Respect to Certain Subsequent Transferees [ECF No. 1276]*, ECF No. 1283, entered November 20, 2020.

37.     In sum, the bankruptcy court in Campbellton-Graceville extended the liquidating trustee's statute of limitations' deadline to file adversary proceedings a total of three times for more than two years, in light of the issues and impediments encountered by the liquidating trustee in investigating the fraudulent billing scheme presented in that case.

38.     The Trustee submits that the circumstances underlying this Second Motion to Extend are nearly identical to those considered by the Campbellton-Graceville bankruptcy court in the liquidating trustee's initial, second, and third extension motions, as described above. The Trustee has undertaken extensive and diligent efforts in this case to investigate and uncover the Billing Schemes since its inception and has successfully initiated seven adversary proceedings for causes of action related to the Billing Schemes.

39.     However, given the complex and fraudulent nature of the Billing Schemes, the difficulty in obtaining information from third parties, such as US Bank, and from uncooperative members of Empower, as well as from Nusbaum/White, the Trustee requires additional time to uncover additional details, claims, transfers, and causes of action through the continued and relentless investigative efforts described herein.

## REQUEST FOR RELIEF

40.     For the reasons discussed above, the Trustee respectfully requests a second extension of the statutory deadlines to commence litigation and adversary proceedings on behalf of the Debtors under Sections 108 and 546 of the Bankruptcy Code through and including September 1, 2022.

41.     The Trustee will serve the Motion to Extend on all creditors and third parties presently known to the Trustee as having any involvement in the Billing Scheme. As the Trustee expects that additional third parties presently unknown to the Trustee will be discovered during this investigation, the Trustee respectfully requests that an Order of the Court extending the deadlines set forth in Sections 108 and 546 of the Bankruptcy Code be extended to all third parties, including those who are presently unknown to the Trustee and do not receive notice of the Second Motion to Extend.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order extending the statutory deadlines to commence litigation and adversary proceedings under Sections 108 and 546 of the Bankruptcy Code to and including **September 1, 2022** and that this Order extend to all third parties, including those who are presently unknown to the Trustee and who do not receive notice of the Second Motion to Extend, and granting such other and further relief as is just and required.

Respectfully submitted, this the 1st day of February, 2022

**WALDREP WALL BABCOCK & BAILEY PLLC**

/s/  *Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
James C. Lanik (NC State Bar No. 30454)
Jennifer B. Lyday (NC State Bar No. 39871)
Natalia L. Talbot (NC State Bar No. 55328)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
Telefax: 336-717-1340
Email: notice@waldrepwall.com

-and-

/s/  *Micah E. Marcus*
Micah E. Marcus (*pro hac vice*) (IL Bar No. 6257569)
McDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Telephone:  (312) 280-0111
Facsimile:  (312) 280-8232
mmarcus@mcdonaldhopkins.com

*Attorneys for the Trustee*