**SO ORDERED.**

**SIGNED this 24 day of February, 2022.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #1, LLC, | ) | Case No. 19-00730-5-JNC |
| d/b/a WASHINGTON COUNTY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | Case No. 19-01230-5-JNC |
| d/b/a OSWEGO COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #3, LLC, | ) | Case No. 19-01180-5-JNC |
| d/b/a HORTON COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 6, LLC, | ) | Case No. 19-01300-5-JNC |
| d/b/a I-70 HOSPITAL, | ) | Chapter 7 |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 7, LLC, | ) | Case No. 19-01298-5-JNC |
| d/b/a PRAGUE COMMUNITY HOSPITAL, | ) | Chapter 11 |

1

| | |
|---|---|
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 12, LLC, ) <br> d/b/a FAIRFAX COMMUNITY HOSPITAL, ) <br> _____ ) | Case No. 19-01697-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 16, LLC, ) <br> d/b/a HASKELL COMMUNITY HOSPITAL, ) <br> _____ ) | Case No. 19-01227-5-JNC <br> Chapter 11 |

### ORDER GRANTING TRUSTEE'S SECOND MOTION TO EXTEND DEADLINE TO FILE ADVERSARY PROCEEDINGS

THIS MATTER came before the Court for hearing on February 17, 2022 (the "Hearing") upon the *Trustee's Second Motion to Extend Deadline to File Adversary Proceedings* (the "Second Motion to Extend") filed on February 1, 2022 by Thomas W. Waldrep, Jr., in his capacity as Trustee[1] of the estates of the above-captioned Debtors; and Nusbaum and White[2] having filed *Paul Nusbaum and Steve White's Objection to Trustee's Second Motion to Extend Deadline to File Adversary Proceedings* (the "Nusbaum/White Objection") on February 15, 2022; and appearing at the Hearing were Thomas W. Waldrep, Jr. and John Van Swearingen on behalf of the Trustee and John Paul H. Cournoyer on behalf of Nusbaum and White;[3] and this Court, having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having considered the Second Motion to Extend and the Nusbaum/White Objection and having found that the relief requested in the Second Motion to Extend is in the best interests of the Trust Estates, creditors, and other parties in interest; and this Court having reviewed the Second Motion to Extend and determined that the legal and factual bases set forth in the Second Motion to Extend establish just

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Second Motion to Extend.
[2] Paul Nusbaum, one of the two individuals that held the "Gemino Note" claim as reflected in the record in certain of the above-captioned bankruptcy cases, passed away after the filing of the Nusbaum/White Objection but prior to the Hearing.
[3] Mr. Cournoyer's representation or nonrepresentation of Mr. Nusbaum's interests, due to the short notice of Mr. Nusbaum's passing, was noted as an open and unresolved issue on the record at the Hearing.

cause for the relief granted in this Order; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY ORDERED THAT**:

1. The Second Motion to Extend is **GRANTED**, except as modified below in Paragraph 2.

2. The Nusbaum/White Objection is **SUSTAINED** as to Nusbaum and White only in the following respect: concerning causes of action against Nusbaum or White, the issues related to any statute of limitations defense, equitable tolling, or any other issue relevant to the extension of statutes of limitations will be addressed on a case-by-case, count-by-count basis within the context of the adversary proceedings currently pending against Nusbaum and White. No legal conclusions or factual findings are made with respect to these issues with respect to the causes of action against Nusbaum or White, including with respect to the facts set forth in the Second Motion to Extend or the declaration of the Trustee submitted in support thereof.

3. The decretal provisions of this Order referring to Mr. Nusbaum shall inure to the benefit of Mr. Nusbaum's estate or other applicable successor in interest.

4. The deadline for the Trustee to file actions under 11 U.S.C. §§ 108 and 546 on behalf of the Debtors is extended through and including **September 1, 2022**.

**END OF DOCUMENT**