**SO ORDERED.**

**SIGNED this 1 day of September, 2022.**



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #1, LLC, | ) | Case No. 19-00730-5-JNC |
| WASHINGTON COUNTY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | Case No. 19-01230-5-JNC |
| d/b/a OSWEGO COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #3, LLC, | ) | Case No. 19-01180-5-JNC |
| d/b/a HORTON COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 6, LLC, | ) | Case No. 19-01300-5-JNC |
| d/b/a I-70 COMMUNITY HOSPITAL, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

| | |
|---|---|
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 7, LLC, ) <br> d/b/a PRAGUE COMMUNITY HOSPITAL, ) <br> ) <br>            Debtor. ) | Case No. 19-01298-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 12, LLC, ) <br> d/b/a FAIRFAX COMMUNITY HOSPITAL, ) <br> ) <br>            Debtor. ) | Case No. 19-01697-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 16, LLC, ) <br> d/b/a HASKELL COUNTY COMMUNITY ) <br> HOSPITAL, ) <br> ) <br>            Debtor. ) | Case No. 19-01227-5-JNC <br> Chapter 11 |

## ORDER GRANTING TRUSTEE'S THIRD MOTION TO EXTEND DEADLINE TO FILE ADVERSARY PROCEEDINGS

The matter before the Court for hearing on August 30, 2022 (the "Hearing") in each of the identified above is the *Trustee's Third Motion to Extend Deadline to File Adversary Proceedings* (the "Third Motion to Extend"), filed August 12, 2022, by Thomas W. Waldrep, Jr., in his capacity as Trustee of the estates of the above-captioned Debtors, along with his Declaration of the Trustee filed in support on August 17, 2022. Interested parties were served Notice of the Third Motion to Extend per the certificate of service filed in each case on August 15, 2022 (see, e.g., Dkt. 1525 in case 19-00730-5-JNC). Only the Estate of Paul Nusbaum[1] and Steve White, individually and derivatively on behalf of Health Acquisition Company, LLC ("HAC") and Rural Community Hospitals of America ("RCHA"), filed an *Objection to Trustee's Third Motion to Extend Deadline to File Adversary Proceedings* (the "Nusbaum/White Objection") on August 22, 2022. No other interested parties

---

[1] Paul Nusbaum passed away during the pendency of these cases. The term "Nusbaum" consequently refers equally to Mr. Nusbaum and the Estate of Paul Nusbaum (administratrix, Harriet F. Nusbaum) as applicable for the relevant time period.

2

objected or otherwise responded to the Third Motion to Extend.

Appearing and arguing for the parties at the Hearing were Thomas W. Waldrep, Jr. and John Van Swearingen for the Trustee and John Paul H. Cournoyer for Nusbaum, White, and RCHA and HAC (collectively, the "Objecting Parties"). At the conclusion of the Hearing, having considered the relevant pleadings and argument of counsel, the Court determined and held that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; known parties in interest were duly served; the relief requested in the Third Motion to Extend is in the best interests of the debtors, bankruptcy estates, creditors, and other parties in interest in each of the cases; and good cause was shown to support the grant of relief the Third Motion to Extend, subject to the reservation of rights granted the Objecting Parties set forth in the decretal section below.

**THEREFORE, IT IS HEREBY ORDERED AND DECREED**:

1. The Third Motion to Extend is **GRANTED,** except as limited and modified below.

2. The Nusbaum/White Objection is **SUSTAINED** as to the Objecting Parties only in the following respect: concerning any causes of action against the Objecting Parties (or any one of them), issues related to any statute of limitations defense, equitable tolling, opposition to equitable tolling, and any other issue or aspect relevant to the extensions, limitations, or similar defenses are deemed preserved by all parties. All positions and defenses thereto of the Trustee are deemed preserved as well.  Those issues will be addressed on a case-by-case, count-by-count basis, within the context of the existing adversary proceedings filed by the Trustee pending against the Objecting Parties, and for subsequent claims made, if any.  No legal conclusions or factual findings are made herein with respect to any issues noted in the foregoing paragraph or otherwise contained in causes of action brought by the Trustee pending against the Objecting Parties, including with respect to the facts set forth in the Third Motion to Extend or the Declaration of the Trustee submitted in support thereof.

3. The decretal provisions of prior extension orders obtained by the Trustee in these cases continue to inure to the benefit of the Trustee and Objecting Parties, and all existing or future successors in interest thereof.

4. The deadline for the Trustee to file actions under 11 U.S.C. §§ 108 and 546 on behalf of the Debtors against any parties is extended through and including **March 1, 2023**.

**END OF DOCUMENT**