**SO ORDERED.**

**SIGNED this 21 day of February, 2023.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #1, LLC, | ) | Case No. 19-00730-5-JNC |
| WASHINGTON COUNTY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #2, LLC, | ) | Case No. 19-01230-5-JNC |
| d/b/a OSWEGO COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY #3, LLC, | ) | Case No. 19-01180-5-JNC |
| d/b/a HORTON COMMUNITY HOSPITAL, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| CAH ACQUISITION COMPANY 6, LLC, | ) | Case No. 19-01300-5-JNC |
| d/b/a I-70 COMMUNITY HOSPITAL, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

| | |
|---|---|
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 7, LLC, ) <br> d/b/a PRAGUE COMMUNITY HOSPITAL, ) <br> ) <br>                 Debtor. ) | Case No. 19-01298-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 12, LLC, ) <br> d/b/a FAIRFAX COMMUNITY HOSPITAL, ) <br> ) <br>                 Debtor. ) | Case No. 19-01697-5-JNC <br> Chapter 11 |
| In re: ) <br> ) <br> CAH ACQUISITION COMPANY 16, LLC, ) <br> d/b/a HASKELL COUNTY COMMUNITY ) <br> HOSPITAL, ) <br> ) <br>                 Debtor. ) | Case No. 19-01227-5-JNC <br> Chapter 11 |

## ORDER GRANTING TRUSTEE'S FOURTH MOTION TO EXTEND DEADLINE TO FILE ADVERSARY PROCEEDINGS

The matter before the Court for hearing on February 21, 2023 (the "Hearing") in each of the identified above is the *Trustee's Fourth Motion to Extend Deadline to File Adversary Proceedings* (the "Fourth Motion to Extend"), filed February 15, 2023, by Thomas W. Waldrep, Jr., in his capacity as Trustee of the estates of the above-captioned Debtors, along with his Declaration of the Trustee filed in support on February 17, 2023. Interested parties were served Notice of the Fourth Motion to Extend per the certificate of service filed in each case on February 16, 2023 (see, e.g., Dkt. 1567 in case 19-00730-5-JNC). Only the Estate of Paul Nusbaum[1] and Steve White, individually and derivatively on behalf of Health Acquisition Company, LLC ("HAC") and Rural Community Hospitals of America ("RCHA"), filed an *Objection to Trustee's Fourth Motion to Extend Deadline to File Adversary Proceedings* (the "Nusbaum/White Objection") on February 16, 2023. No other

---

[1] Paul Nusbaum passed away during the pendency of these cases. The term "Nusbaum" consequently refers equally to Mr. Nusbaum and the Estate of Paul Nusbaum (Michael Nusbaum as the Administrator of the Nusbaum Estate) as applicable for the relevant time period.

interested parties objected or otherwise responded to the Fourth Motion to Extend.

Appearing and arguing for the parties at the Hearing were Thomas W. Waldrep, Jr. for the Trustee and John A. Northen for Nusbaum, White, and RCHA and HAC (collectively, the "Objecting Parties"). At the conclusion of the Hearing, having considered the relevant pleadings and argument of counsel, the Court determined and held that all known parties in interest were duly served; the relief requested in the Fourth Motion to Extend is in the best interests of the debtors, bankruptcy estates, creditors, and other parties in interest in each of the cases; and good cause was shown to support the grant of relief requested in the Fourth Motion to Extend, subject to the reservation of rights granted the Objecting Parties set forth in the decretal section below.

**THEREFORE, IT IS HEREBY ORDERED AND DECREED**:

1. The Fourth Motion to Extend is **GRANTED,** except as limited and modified below.

2. The Nusbaum/White Objection is **SUSTAINED** as to the Objecting Parties, but only in the following respect:

Concerning any causes of action against the Objecting Parties (or any one of them), issues related to any statute of limitations defense, equitable tolling, opposition to equitable tolling, and any other issue or aspect relevant to the extensions, limitations, or similar defenses are deemed preserved by all parties. All positions and defenses thereto of the Trustee are deemed preserved as well. Those issues will be addressed on a case-by-case, count-by-count basis, within the context of the existing adversary proceedings filed by the Trustee pending against the Objecting Parties, and for subsequent claims made, if any. No legal conclusions or factual findings are made herein with respect to any issues noted in the foregoing paragraph or otherwise contained in causes of action brought by the Trustee pending against the Objecting Parties, including with respect to the facts set forth in the Fourth Motion to Extend or the Declaration of the Trustee submitted in support thereof.

3. The decretal provisions of prior extension orders obtained by the Trustee in these cases continue to inure to the benefit of the Trustee and Objecting Parties, and all existing or future successors in interest thereof.

4. The deadline for the Trustee to file actions under 11 U.S.C. §§ 108 and 546 on behalf of the Debtors against any parties is extended through and including **March 1, 2024**.

**END OF DOCUMENT**