**SO ORDERED.**

**SIGNED this 17 day of May, 2023.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CAH ACQUISITION COMPANY #1, LLC ) | CASE NO. 19-00730-5-JNC |
| d/b/a WASHINGTON COUNTY ) | |
| HOSPITAL, ) | CHAPTER 11 |
| Debtor. ) | |

## ORDER GRANTING EX PARTE MOTION FOR PRODUCTION OF DOCUMENTS AND EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004

THIS MATTER came before the Court upon the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004 (the "Motion") filed by Thomas W. Waldrep, Jr., Trustee[1] in the above-captioned case. Based upon the Motion, consideration of the record before the Court, and for good cause otherwise shown, this Court is of the opinion that the Motion should be GRANTED.

It is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. U.S. Bank National Association shall produce the documents, as described in Exhibit A attached hereto, for inspection and copying on or before June 8, 2023, at such place as the Trustee and U.S. Bank National Association may mutually agree.

**END OF DOCUMENT**

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

# EXHIBIT A

**TRUSTEE'S REQUEST FOR PRODUCTION OF DOCUMENTS BY US BANK[2]**

## DEFINITIONS

1. The term "accounts" means all checking, saving, money market, investment or other deposit account (as that term is defined by Section 4-104(a)(1) of the Uniform Commercial Code).

2. The terms "and" as well as "or" shall be construed conjunctively or disjunctively, and the singular shall be deemed to include the plural and vice-versa, as necessary to bring within the scope of this request all documents and information that might otherwise be construed to be outside its scope.

3. The terms "all" and "any" shall include any and all.

4. The term "Applicable Period" means the period from January 1, 2015 through the present.

5. "Bankruptcy Cases" shall mean the voluntary chapter 11 or chapter 7 bankruptcy cases of CAH 1 (Case No. 19-00730) and its affiliates, currently pending in the Bankruptcy Court.

6. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of North Carolina.

7. "CAH 1" means CAH Acquisition Company #1 LLC, d/b/a Washington County Hospital, or any variation thereof.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Ex Parte Motion for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004.

8. The terms "communicate," "communicating," "communication" or "communications" means the transmittal of information, whether written or oral, in the form of facts, ideas, inquiries or otherwise, as well as any oral or written utterance, notation, statement or transmittal of any information of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, facsimile, correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understanding between or among two or more persons.

9. The term "concerning" shall mean related to, referring to, with respect to, pertaining to, concerning, in connection with, describing, mentioning, evidencing, or constituting.

10. The term "document" means any written, recorded or graphic materials of any kind, form or shape whether prepared by you or other persons, that are in your possession, custody or control including, but not limited to, documents in the physical possession of your accountants, attorneys, or others but which you have the legal or practical right to obtain). This definition includes the front and back of a tangible writing if information appears on both (e.g., cancelled check) and includes drafts and copies which vary in any way from originals as well as all information stored in machine readable form or accessible through computer or other information retrieval systems, including electronic mail, together with instructions and all other materials necessary to access, use or interpret such information. As such, a document includes, but is not limited to, the original and all copies, regardless of origin or location, of any paper, letter, memorandum, facsimile, telegram, telex, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, printed circuit, canceled check, other bank record, ledger, bill,

invoice, computation, schedule, contract, lease, analysis, appraisal, summary, instruction, computer memory bank, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access to which may be in your possession, custody or control.

11. The term "financial record" means, with respect to a person, any document which pertains in any way to the financial condition, business, or business operations of that person, including, without limitation, the cash flows, profit-making operations, revenues, or overall financial condition of such person. For the avoidance of doubt, Financial Records shall include, but not be limited to, any income statements, balance sheets, cash-flow statements, profit-and-loss statements, audit reports, account statements, tax returns, and reports on or reflecting any of the Debtors' business operations, whether in draft or final form.

12. The term "person" shall mean (without limitation) any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body, or agency.

13. The term "representative" shall mean, with respect to a person, any past or present officer, director, employee, agent, attorney, financial advisor, investment banker or accountant of that person, including (without limitation) a representative acting or purporting to act on such person's behalf or at the request or instruction of such person.

14. The terms "Respondent" or "you" mean you and any agents, representatives, attorneys, or other person responding to these requests on your behalf..

15. The term "referring to or relating to" means containing, constituting, evidencing, showing or relating or referring to in any way, directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

16. The terms "possession," "custody" and "control," as used with respect to a document or other requested material, shall include, in addition to all documents in the actual possession of Respondent, or its attorneys or agents, any materials, the location or proprietor of which is known to Respondent, its attorneys or agents.

17. Except as otherwise specified herein, terms which are not defined in these Requests shall have the definitions given to those terms by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure (including the Federal Rules of Civil Procedure to the extent they are made applicable by the Bankruptcy Rules), and/or any applicable Local Rules.

## INSTRUCTIONS FOR THE REQUESTS

1. In responding to the requests, furnish all documents available to you, including documents in the possession of your attorneys or anyone acting on your behalf.

2. You are not being asked to produce any documents subject to the attorney-client privilege or attorney work product doctrine. If you object to any request and/or any document responsive to any request is withheld based on any claim of privilege or protection from discovery of any kind, describe generally the document or information withheld and state the privilege upon which you rely in withholding such document or information.

3. You shall produce all documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the documents to correspond with the categories in this request. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

4. If and to the extent documents are maintained in a database or other electronic format, you shall produce along with the document(s) software that will enable access to the

electronic document(s) or database as you would access such electronic document(s) or database in the ordinary course of your business.

5. Documents attached to each other should not be separated.

6. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

7. In the event that you claim that a request is unduly burdensome, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is unduly burdensome.

8. In the event that you claim that a request is overbroad, you shall respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is overbroad.

9. The past tense shall include the present tense and vice versa.

10. Singular nouns shall include plural forms and vice versa.

11. When a document request refers to a person or entity and seeks any communications to or from, or documents related to, said person or entity, the request includes documents or communications to and from (and documents related to) representatives, agents, counsel and any other party communicating on behalf of such person or entity.

## **REQUESTS**

1. Any and all SAR's reports for the following bank accounts by CAH 1 and its affiliates from January 1, 2015 through the Petition Date:

| Bank Name | Account Name | Account Number |
|---|---|---|
| US Bank | Health Acquisition Company LLC Operating Account | 145592868759 |
| US Bank | HMC/CAH Consolidated Inc. | 145592399904 |
| US Bank | Health Acquisition Company Payroll Account | 145592868742 |
| US Bank | Empower HMS LLC Payroll | 145592867256 |

5

| US Bank | Empower HMS LLC Payroll | 145592868726 |