**EXHIBIT C**



McDonald Hopkins LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654

P (312) 280-0111
F (312) 280-8232

Direct Dial: (312) 642-1484
E-mail: mcarmel@mcdonaldhopkins.com

**Confidential**
**Attorney-Client Communication**

May 17, 2022

**VIA EMAIL DELIVERY:**
Thomas W. Waldrep, Jr., solely in his capacity as Trustee (as defined herein)

Re: Supplement to Retention of McDonald Hopkins LLC

Tom:

This engagement letter will serve to confirm that Thomas W. Waldrep, Jr., solely in his capacity as "Litigation Trustee" appointed in the chapter 11 cases of CAH Acquisition Company #1, LLC, CAH Acquisition Company #2, LLC, CAH Acquisition Company #3, LLC, CAH Acquisition Company 7, LLC, and CAH Acquisition Company 12, LLC, the "Chapter 11 Trustee" appointed in the chapter 11 case of CAH Acquisition Company 16, LLC, and the "Chapter 7 Trustee" appointed in the chapter 7 case of CAH Acquisition Company 6, LLC (collectively, "**Trustee**" or "**Client**"), has engaged McDonald Hopkins LLC ("**McDonald Hopkins**") to assist with advice related to the marketing, documentation, approval, and maintenance of one or more litigation finance arrangements (the "**Matter**"). We appreciate the confidence you have shown in us and the opportunity to work with you.

Trustee and McDonald Hopkins acknowledge and agree that this engagement letter supplements the prior engagement of McDonald Hopkins in the bankruptcy cases in which the Trustee has been appointed, as documented by orders entered by the Bankruptcy Court or otherwise. This engagement letter supersedes any such engagement solely with respect to fees incurred for the Matter and shall remain as agreed and approved for all other matters.

At the outset of a new matter, we believe it is important to have a mutual understanding of how we will work together to accomplish our objectives. To do this, we customarily prepare an engagement letter that generally utilizes the following format. The purpose of this engagement letter is to memorialize in writing the identity of our client and the scope and nature of services that we have been asked to provide (including any limitations in that regard) and to agree with you on the terms for the provision of our services. This engagement letter will also explain McDonald Hopkins' fees, expenses charged to clients, billing policies, and payment terms.

I trust you will accept my use of this relatively standard form letter. McDonald Hopkins wishes to be sure that all of our clients receive comparable information regarding new engagements. We are committed to providing legal representation and services customized to meet the needs of each client, and we very much look forward to working with you. If you have any questions about the provisions of this engagement letter, or if you want to discuss possible modifications,

{10348947:2 }

Thomas W. Waldrep, Jr., solely in his capacity as Trustee
May 17, 2022
Page 2

please call me immediately. This engagement letter sets forth our entire agreement for rendering professional services for the Matter, as well as for all other existing or future matters, except where we otherwise agree in writing.

### Our Team

Along with Micah Marcus, I will be the McDonald Hopkins attorney primarily responsible for managing the engagement with respect to the Matter. I can be reached on my direct line at (312) 642-1484 or on my mobile phone at (773) 615-1599. I will be assisted by attorneys and paralegals selected as having the experience, availability, and hourly rates to meet Client's needs efficiently. I will introduce key attorneys to Client as they begin to provide services.

### Our Fees and Expenses

McDonald Hopkins will charge for services on an hourly basis, in increments of one-tenth of an hour. My rate for this engagement with respect to the Matter will be $775 per hour. The hourly rates include, but are not limited to, time spent for conferences, telephone calls, drafting documents, negotiations, travel to and from locations away from our office, court time, and legal and policy research. One of McDonald Hopkins' goals in the management of our workload is to have specific services performed by an attorney or paralegal whose experience level and billing rate matches the complexity of the task. To the extent that associate attorneys' or paralegals' time is utilized, your overall periodic billing will be lower. Client will not be billed for secretarial or clerical time, except when they are required to work overtime specifically on account of the Matter.

Trustee and McDonald Hopkins acknowledge and agree that McDonald Hopkins will be compensated for fees incurred for the Matter only if (1) the Trustee (with respect to any or all of the entities that is a Client) consummates an arrangement for litigation funding, however structured (a "**Litigation Finance Consummation**") and (2) it is approved by the United States Bankruptcy Court for the Eastern District of North Carolina (the "Court"). Upon a Litigation Finance Consummation and approval by the Court, McDonald Hopkins will be entitled to the amount of all fees incurred on the Matter multiplied by two, and Trustee and McDonald Hopkins acknowledge and agree that such adjustment shall reasonably compensate McDonald Hopkins for the risk that there may be no Litigation Finance Consummation. Trustee will use his best efforts to seek any Bankruptcy Court approvals that are necessary or appropriate to facilitate or effectuate such payments. Trustee and McDonald Hopkins acknowledge and agree that McDonald Hopkins will be entitled to any expenses incurred with respect to the Matter under the prior arrangements for the engagement of McDonald Hopkins.

The hourly rates quoted above are subject to increase on October 1st, to reflect changes in an individual's skill or experience and in McDonald Hopkins' cost of operation. Prior to October 1st, McDonald Hopkins will discuss with you any changes in McDonald Hopkins' billing rates. Changes in hourly rates are effective for time charged after the effective date of the change.

Thomas W. Waldrep, Jr., solely in his capacity as Trustee
May 17, 2022
Page 3

McDonald Hopkins may make cash advances on Client's behalf for such items, as, for example, telecopies, special postage, photocopies, out-of-town travel expenses (including meals and lodging while out of town), court costs (such as filing fees, service of process, subpoena costs, witness fees, etc.), and computerized legal research.

All air travel within the continental United States will be at coach fare unless prior approval is obtained from Client. Automotive travel will be subject to reimbursement at the IRS guideline amount or the direct out-of-pocket cost.

McDonald Hopkins invites Client to discuss freely with us any questions that Client may have with regard to a fee or cost charged for any matter. McDonald Hopkins wants our clients to be satisfied with both with the quality of our services and the reasonableness of the fees and costs that McDonald Hopkins charges for those services.

**Payment**
All statements for services rendered are payable upon receipt on the terms set forth herein, unless other arrangements have been made with McDonald Hopkins in advance. McDonald Hopkins reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner.

**Potential Conflicts of Interest**
McDonald Hopkins has reviewed our client database and determined that McDonald Hopkins does not represent any party in any matter adverse to Client in the Matter. It is possible that McDonald Hopkins may have represented, in unrelated matters, parties that are adverse to Client. To the extent McDonald Hopkins has, and McDonald Hopkins later determines that such representation represents a conflict of interest, McDonald Hopkins may ask that Client waive such conflict. McDonald Hopkins will periodically update our conflicts search and inform Client if McDonald Hopkins learns of any actual or potential conflicts of interest after the date of this engagement letter. Client agrees that McDonald Hopkins' representation is solely of Client and that no affiliate, agent, representative, or employee of Client has the status of a client for conflict of interest purposes.

**Waiver of Conflicts**
As discussed, McDonald Hopkins has been retained in the past, may currently be retained, and may in the future be retained by one or more sources of litigation funding to perform work unrelated to the Matter. In addition, McDonald Hopkins routinely assists other clients in seeking litigation funding from various sources of litigation funding. As a condition to McDonald Hopkins undertaking this representation, Client agrees that McDonald Hopkins may continue to: (a) perform services for sources of litigation funding; and (b) assist other clients of McDonald Hopkins in seeking litigation funding from various sources of litigation funding. Client further confirms that it will not seek to disqualify me or McDonald Hopkins from representing any such sources of litigation funding or other clients of McDonald Hopkins seeking litigation funding, and Client expressly waives all potential or future conflicts relating to the foregoing. Notwithstanding the foregoing, in the absence of Client's consent, McDonald Hopkins shall

Thomas W. Waldrep, Jr., solely in his capacity as Trustee
May 17, 2022
Page 4

undertake no representation if such representation both (a) has a substantial relationship to the Matter and (b) is adverse to Client's interests. The Trustee acknowledges the potential conflict of interest relating to the Trustee's and McDonald Hopkins' representation of the multiple estates set forth herein, and the Trustee hereby reaffirms his waiver of any conflict of interest between and among such jointly represented clients.

**Electronic Communication**
McDonald Hopkins communicates from time to time with our clients using electronic mail (e-mail), mobile telephones, and facsimile machines. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication because they do not ensure the confidentiality of their contents. If Client objects to McDonald Hopkins using any one or more of these forms of communication, or if Client wishes to institute a system to encode all e-mail between McDonald Hopkins and Client or its professionals or agents, please let me know immediately, and McDonald Hopkins will attempt to honor that request.

**Client Responsibilities**
By agreeing to and accepting McDonald Hopkins' representation as described in this engagement letter, Client agrees to cooperate fully with McDonald Hopkins and to provide promptly all information known or available to Client relevant to McDonald Hopkins' representation. Client will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and Client agrees to stay fully informed on all developments relating to all matters as to which McDonald Hopkins has been engaged. Client agrees to pay McDonald Hopkins' statements for services rendered and charges in accordance with the terms of this engagement letter.

**Term of Engagement**
Either of us may terminate the engagement at any time for any reason by written notice, subject on McDonald Hopkins' part to applicable Rules of Professional Conduct. In the event that McDonald Hopkins terminates the engagement, McDonald Hopkins will take such steps as are reasonably practicable to protect Client's interests in the Matter and, if Client so requests, McDonald Hopkins will suggest to Client possible successor counsel and provide it with whatever papers Client has provided to McDonald Hopkins. If permission for withdrawal is required by a court, McDonald Hopkins will promptly apply for such permission, and McDonald Hopkins will assist Client as it may desire to engage successor counsel to represent Client.

Unless previously terminated, McDonald Hopkins' representation of Client as to this engagement will terminate upon McDonald Hopkins sending Client our final statement for services rendered. During McDonald Hopkins' representation and following such termination, any otherwise nonpublic information Client has supplied to McDonald Hopkins that is retained by McDonald Hopkins will be kept confidential in accordance with applicable Rules of Professional Conduct. At Client's request, Client's papers and property will be returned to Client. McDonald Hopkins' own files, including lawyer work product, pertaining to the Matter

Thomas W. Waldrep, Jr., solely in his capacity as Trustee
May 17, 2022
Page 5

will be retained by McDonald Hopkins. All such documents retained by McDonald Hopkins will be transferred to the person responsible for administering our records retention program. To minimize unnecessary storage expenses, McDonald Hopkins reserves the right to destroy or otherwise dispose of any such documents or other materials retained within a reasonable time after the termination of the engagement or the completion of the Matter.

Upon cessation of McDonald Hopkins' active involvement in a particular matter (even if McDonald Hopkins continues to be active in other matters on behalf of Client), McDonald Hopkins will have no further duty to inform Client of future developments or changes in law as may be relevant to such matter. Further, unless we mutually agree in writing, McDonald Hopkins shall have no obligation to monitor renewal or notice dates or similar deadlines that may arise for the matters for which McDonald Hopkins had been retained.

It is impossible to provide any promise or guarantee about the outcome of the Matter. Nothing in this engagement letter or any statement by our staff or attorneys employed by McDonald Hopkins constitutes a promise of guarantee.

This engagement letter sets forth the entire agreement for McDonald Hopkins rendering professional services for the Matter on the terms set forth herein. It can be amended or modified only in writing and not orally or by course of conduct. This engagement letter may be signed in one or more counterparts and binds each party countersigning below. If any provision of this engagement letter or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect the other provisions or applications of this engagement letter that can be given effect without such provisions or application, and, to this end, the provisions of this engagement letter are declared to be severable.

Thomas W. Waldrep, Jr., solely in his capacity as Trustee
May 17, 2022
Page 6

**Questions**

Please discuss with me any questions you have about any of McDonald Hopkins' services or any statements rendered to Client. The purpose of this engagement letter is to avoid any misunderstanding with respect to the terms of McDonald Hopkins' engagement and the rendering of legal services by McDonald Hopkins. If the terms of this engagement letter are acceptable to Client, please sign the enclosed copy and return it to me.

McDonald Hopkins looks forward to working with Client.

Very truly yours,

*[signature]*

Marc J. Carmel

The terms of this engagement letter are hereby acknowledged, accepted, and agreed to by **Thomas W. Waldrep, Jr., solely in his capacity as Trustee**

Litigation Trustee appointed in the chapter 11 case of CAH Acquisition Company #1, LLC

By: _____*[signature]*_____
Name: _Thomas W. Waldrep, Jr._____

Litigation Trustee appointed in the chapter 11 case of CAH Acquisition Company #3, LLC

By: _____*[signature]*_____
Name: _ Thomas W. Waldrep, Jr._____

Litigation Trustee appointed in the chapter 11 case of CAH Acquisition Company 12, LLC

By: _____*[signature]*_____
Name: __ Thomas W. Waldrep, Jr._____

Chapter 7 Trustee appointed in the chapter 7 case of CAH Acquisition Company 6, LLC

By: _____*[signature]*_____
Name: __ Thomas W. Waldrep, Jr._____

Litigation Trustee appointed in the chapter 11 case of CAH Acquisition Company #2, LLC

By: _____*[signature]*_____
Name: _ Thomas W. Waldrep, Jr._____

Litigation Trustee appointed in the chapter 11 case of CAH Acquisition Company7, LLC

By: _____*[signature]*_____
Name: ____ Thomas W. Waldrep, Jr._____

As the Chapter 11 Trustee appointed in the chapter 11 case of CAH Acquisition Company 16, LLC

By: _____*[signature]*_____
Name: _ Thomas W. Waldrep, Jr._____