EXHIBIT D



370 KNOLLWOOD STREET, SUITE 600
WINSTON-SALEM, NC 27103 USA
PHONE: (336) 722-6300 | FAX: (336) 722-1993

3600 GLENWOOD AVENUE, SUITE 210
RALEIGH, NC 27612 USA
PHONE: (919) 589-7985 | FAX: (984) 263-0466

May \_\_\_, 2023

Thomas W. Waldrep, Jr., as Chapter 11 Trustee
Waldrep Wall Babcock & Bailey PLLC
370 Knollwood Street, Suite 600
Winston Salem, Nc 27103

Dear Tom:

  This Engagement Letter confirms in writing our agreement regarding the terms of representation by Waldrep Wall Babcock & Bailey PLLC ("the Firm") in representing you, in your capacity as Chapter 11 Trustee and Chapter 7 Trustee of the following cases captioned: (a) *In re CAH Acquisition Company # 1, LLC d/b/a Washington County Hospital*, Case No. 19-00730 (the "*CAH1 Case*"), (b) *In re CAH Acquisition Company # 2, LLC*, *d/b/a Oswego Community Hospital*, Case No. 19-01230 (the "*CAH2 Case*"), (c) *In re CAH Acquisition Company # 3, LLC, d/b/a Horton Community Hospital*, Case No. 19-01180 (the "*CAH3 Case*"), (d) *In re CAH Acquisition Company 7, LLC*, *d/b/a Prague Community Hospital*, Case No. 19-01298 (the "*CAH7 Case*"), (e) *In re CAH Acquisition Company 12, LLC*, *d/b/a Fairfax Community Hospital*, Case No. 19-01697 (the "*CAH12 Case*"), and (f) *In re CAH Acquisition Company 16, LLC*, *d/b/a Haskell County Community Hospital*, Case No. 19-01227 (the "*CAH16 Case*"), and the Chapter 7 case captioned In re CAH Acquisition Company # 6, LLC, Case No. 19-01300 (the "CAH6 Case"), each pending in the United States Bankruptcy Court for the Eastern District of North Carolina, Greenville Division (the "*Bankruptcy Court*") from and after April 15, 2023 ("Effective Date"). This representation agreement (i) is expressly subject to the approval of the Bankruptcy Court; (ii) is intended to be consistent with that certain Litigation Funding Agreement dated May\_\_\_, 2023 ("LFA") between you and Omni Bridgeway (Fund 4) Invt. 9 L.P. ("Omni"); and (iii) constitutes a hybrid between hourly compensation and contingency compensation.

*<u>Client and Scope of Representation</u>*

  Our client in this matter will be you, as Chapter 11 Trustee and Chapter 7 Trustee of the above-referenced bankruptcy estates. We will continue our prior representation (under this new arrangement) to: investigation and prosecution of potential claims on behalf of the bankruptcy estates arising out of or relating to the Billing Scheme (as defined in that certain Disclosure Statement for Amended Chapter 11 Plan of Orderly Liquidation Pursuant to Section 1125 of the Bankruptcy Code filed in the Bankruptcy Cases for CAH 1 [Dkt. No. 481]). We will provide services of a strictly legal nature related to this matter and you will provide us with the factual

information and materials we require to perform the services identified in this letter and make such business or non-legal technical decisions and determinations as are appropriate.

### *Our Team*

The rates in which our timekeepers will bill at during the terms of this engagement are as follows:

| Professional | 2023 Rate |
|---|---|
| Waldrep, Thomas | $740.00 |
| Babcock, John | $600.00 |
| Bailey, J. Dennis | $600.00 |
| Wall, James | $600.00 |
| Sink, Kevin | $585.00 |
| Lanik, James | $555.00 |
| Cameron, Kelly | $555.00 |
| Lyday, Jennifer | $500.00 |
| Rogers, Ciara | $500.00 |
| Carruthers, Joe | $500.00 |
| Drye, Mike | $500.00 |
| Yarborough, Jan | $550.00 |
| Santos Johnson, Diana | $400.00 |
| Talbot, Natalia | $390.00 |
| Van Swearingen, John | $380.00 |
| Strong, Margaret | $245.00 |
| Ford, Marybeth | $235.00 |
| Carter, Brenda | $235.00 |
| Jones, Jackie | $235.00 |
| McMahan, Ann | $235.00 |
| Fischer, Mindy | $235.00 |
| Hayden, Katharine | $235.00 |
| Linville, Kelli | $170.00 |
| Naraidu, Tamara | $170.00 |

Our rates are subject to increase as of January 1, 2024 and for subsequent years.

### *Our Expenses and Compensation Arrangement*

In addition to our fees, our firm may make cash advances on behalf of you, as client, for such items as filing fees and court costs. In addition we will likely incur travel costs, copying costs, etc.

We will bill any charge for these advances and expenses monthly and payment is due upon receipt of each invoice subject to the terms of the LFA. We invite you to discuss freely with us any questions that you may have with regard to a cost charged for any matter. We want our clients to be satisfied with the quality of our services and the reasonableness of the fees and costs incurred.

As stated above, from and after the Effective Date, our compensation arrangement shall be subject to and consistent with the LFA. In that regard, we have agreed to the following terms:

(i) Litigation fees incurred shall be paid currently (subject to the terms and the caps contained in the LFA) in the amount of 65% of the fees incurred. Any fees not paid currently, which includes the remaining 35% of the fees incurred and any other prior unpaid fees ("Deferred Fees") shall be compensated as set forth in subparagraph (iii) below;

(ii) Litigation Costs shall be paid currently (subject to the terms and the caps contained in the LFA); and

(iii) Deferred Fees shall be paid as follows:

(a) If payment is received by the Firm on or before twelve (12) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one-half times (0.5x) the Deferred Fees;

(b) If payment is received by the Firm after twelve (12) months but on or before twenty-four (24) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one times (1.0x) the Deferred Fees;

(c) If payment is received by the Firm after twenty-four (24) months but on or before thirty-six (36) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one and one-half times (1.5x) the Deferred Fees;

(d) If payment is received by the Firm after thirty-six (36) months but on or before forty-eight (48) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) two times (2.0x) the Deferred Fees; and

(e) If payment is received by the Firm after forty-eight (48) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) two and one-half times (2.5x) the Deferred Fees, plus (c) five percent (5%) annual interest, compounding annually, applied to the return as calculated under subsections (a) through (b) of this subsection (e).

*Electronic Communication*

We communicate from time to time with our clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If

you object to our using any one or more of these forms of communication, please let me know immediately, and we will attempt to honor that request.

### *Billing*

Statements for services rendered and costs advanced by the firm are rendered to clients monthly. In addition, the firm often sends its clients a monthly statement of account, itemizing amounts outstanding as of the date the statement is prepared.

### *Payment and Withdrawal*

All statements for services rendered are payable upon receipt, unless other arrangements have been made with the firm in advance. The Firm reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner in accordance with the provisions of this Agreement and the LFA; however, in the event of any withdrawal as counsel, the Firm will forfeit any "uplift" of fees as set forth in subsection (b) of sections (iii)(a), (iii)(b), (iii)(c), (iii)(d) and (iii)(e) under the above section of "***Our Expenses and Compensation Arrangement***".

### *Client Responsibilities*

By agreeing to and accepting our representation as described in this letter, you agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation. You will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and you agree to stay fully informed on all developments relating to all matters as to which we have been engaged. You also agree to pay our statements for services rendered and charges in accordance with the terms of this letter and the LFA.

### *Term of Engagement*

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable Rules of Professional Conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and we will assist you as you may desire to engage successor counsel to represent you.

Unless previously terminated, our representation of you as to this matter will terminate upon our sending you our final statement for services rendered. During our representation and following such termination, any otherwise nonpublic information you have supplied to us that is retained by us will be kept confidential in accordance with applicable Rules of Professional Conduct. At your request, your papers and property will be returned to you. Our own files, including lawyer work product, pertaining to the matter will be retained by the firm. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. In order to minimize unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained within a reasonable time after the termination of the engagement or the completion of the particular matter.

You are engaging our firm to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you actually engage us after the completion to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal or other developments.

## *Conflicts*

We previously conducted a conflict examination and determined that no disqualifying conflict exists.

Under our profession's Rules of Professional Conduct, we must have undivided loyalty to our clients. This requirement means that a lawyer must refuse to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. In this regard, the Firm represents many other companies and individuals. It is possible that during the time we are representing you in this matter, some of our present or future clients will have disputes or transactions with you. As a result of these disputes or transactions, conflicts of interest may arise, and, when they do, we will address them with you in a manner consistent with our obligations under the Rules.

## *Questions*

Please discuss with me any questions you have about any of our services or any statements rendered to you.

We truly appreciate this opportunity to represent you. We look forward to working with you.

**WALDREP WALL BABCOCK & BAILEY PLLC**

_____
Kevin L. Sink, Partner


**The terms of this engagement letter are hereby acknowledged, accepted and agreed to by Thomas W. Waldrep Jr., solely in his capacity as Trustee:**


| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #1, LLC | Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #2, LLC |
|---|---|
| By:_____ Name: Thomas W. Waldrep, Jr. | By:_____ Name: Thomas W. Waldrep, Jr. |

| | |
|---|---|
| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #3, LLC | Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company 7, LLC |
| By:_____<br>Name: Thomas W. Waldrep, Jr. | By:_____<br>Name: Thomas W. Waldrep, Jr. |
| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #1, LLC | Chapter 11 Trustee appointed in the chapter 11 case of CAH Acquisition Company 16, LLC |
| By:_____<br>Name: Thomas W. Waldrep, Jr. | By:_____<br>Name: Thomas W. Waldrep, Jr. |
| Chapter 7 Trustee appointed in the Chapter 7 case of CAH Acquisition Company 6, LLC | |
| By:_____<br>Name: Thomas W. Waldrep, Jr. | |

**McDonald Hopkins**
A business advisory and advocacy law firm®

McDonald Hopkins LLC
300 North LaSalle Street
Suite 1400
Chicago, IL 60654

P 1.312.280.0111
F 1.312.280.8232

May ___, 2023

Thomas W. Waldrep, Jr., as Chapter 11 Trustee
Waldrep Wall Babcock & Bailey PLLC
370 Knollwood Street, Suite 600
Winston Salem, Nc 27103

Dear Tom:

This Engagement Letter confirms in writing our agreement regarding the terms of representation by McDonald Hopkins LLC ("the Firm") in representing you, in your capacity as Chapter 11 Trustee and Chapter 7 Trustee of the following cases captioned: (a) *In re CAH Acquisition Company # 1, LLC d/b/a Washington County Hospital*, Case No. 19-00730 (the "*CAH1 Case*"), (b) *In re CAH Acquisition Company # 2, LLC, d/b/a Oswego Community Hospital*, Case No. 19-01230 (the "*CAH2 Case*"), (c) *In re CAH Acquisition Company # 3, LLC, d/b/a Horton Community Hospital*, Case No. 19-01180 (the "*CAH3 Case*"), (d) *In re CAH Acquisition Company 7, LLC, d/b/a Prague Community Hospital*, Case No. 19-01298 (the "*CAH7 Case*"), (e) *In re CAH Acquisition Company 12, LLC, d/b/a Fairfax Community Hospital*, Case No. 19-01697 (the "*CAH12 Case*"), and (f) *In re CAH Acquisition Company 16, LLC, d/b/a Haskell County Community Hospital*, Case No. 19-01227 (the "*CAH16 Case*"), and the Chapter 7 case captioned In re CAH Acquisition Company # 6, LLC, Case No. 19-01300 (the "CAH6 Case"), each pending in the United States Bankruptcy Court for the Eastern District of North Carolina, Greenville Division (the "*Bankruptcy Court*") from and after April 15, 2023 ("Effective Date"). This representation agreement (i) is expressly subject to the approval of the Bankruptcy Court; (ii) is intended to be consistent with that certain Litigation Funding Agreement dated May ___, 2023 ("LFA") between you and Omni Bridgeway (Fund 4) Invt. 9 L.P. ("Omni"); and (iii) constitutes a hybrid between hourly compensation and contingency compensation.

*<u>Client and Scope of Representation</u>*

Our client in this matter will be you, as Chapter 11 Trustee and Chapter 7 Trustee of the above-referenced bankruptcy estates. We will continue our prior representation (under this new arrangement) to: investigation and prosecution of potential claims on behalf of the bankruptcy estates arising out of or relating to the Billing Scheme (as defined in that certain Disclosure Statement for Amended Chapter 11 Plan of Orderly Liquidation Pursuant to Section 1125 of the Bankruptcy Code filed in the Bankruptcy Cases for CAH 1 [Dkt. No. 481]). We will provide services of a strictly legal nature related to this matter and you will provide us with the factual information and materials we require to perform the services identified in this letter and make such business or non-legal technical decisions and determinations as are appropriate.

*<u>Our Team</u>*

The rates in which our timekeepers will bill at during the terms of this engagement are as follows:

    Micah Marcus:  $735 hour
    Jake Radecki:  $430 hour

Our rates are subject to increase as of October 1, 2023 and for subsequent years.

### *Our Expenses and Compensation Arrangement*

In addition to our fees, our firm may make cash advances on behalf of you, as client, for such items as filing fees and court costs.  In addition we will likely incur travel costs, copying costs, etc.

We will bill any charge for these advances and expenses monthly and payment is due upon receipt of each invoice subject to the terms of the LFA. We invite you to discuss freely with us any questions that you may have with regard to a cost charged for any matter.  We want our clients to be satisfied with the quality of our services and the reasonableness of the fees and costs incurred.

As stated above, from and after the Effective Date, our compensation arrangement shall be subject to and consistent with the LFA.  In that regard, we have agreed to the following terms:

(i)    Litigation fees incurred shall be paid currently (subject to the terms and the caps contained in the LFA) in the amount of 65% of the fees incurred.  Any fees not paid currently, which includes the remaining 35% of the fees incurred and any other prior unpaid fees ("Deferred Fees") shall be compensated as set forth in subparagraph (iii) below;

(ii)    Litigation Costs shall be paid currently (subject to the terms and the caps contained in the LFA); and

(iii)    Deferred Fees shall be paid as follows:

    (a)    If payment is received by the Firm on or before twelve (12) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one-half times (0.5x) the Deferred Fees;

    (b)    If payment is received by the Firm after twelve (12) months but on or before twenty-four (24) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one times (1.0x) the Deferred Fees;

    (c)    If payment is received by the Firm after twenty-four (24) months but on or before thirty-six (36) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) one and one-half times (1.5x) the Deferred Fees;

(d) If payment is received by the Firm after thirty-six (36) months but on or before forty-eight (48) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) two times (2.0x) the Deferred Fees; and

(e) If payment is received by the Firm after forty-eight (48) months from the date hereof, an amount equal to (a) the Deferred Fees, plus (b) two and one-half times (2.5x) the Deferred Fees, plus (c) five percent (5%) annual interest, compounding annually, applied to the return as calculated under subsections (a) through (b) of this subsection (e).

### *Electronic Communication*

We communicate from time to time with our clients using facsimile machines, mobile telephones, and e-mail. These forms of communication are not completely secure against unauthorized access. There is some risk of disclosure and loss of attorney-client privilege in using these forms of communication, because they do not ensure the confidentiality of their contents. If you object to our using any one or more of these forms of communication, please let me know immediately, and we will attempt to honor that request.

### *Billing*

Statements for services rendered and costs advanced by the firm are rendered to clients monthly. In addition, the firm often sends its clients a monthly statement of account, itemizing amounts outstanding as of the date the statement is prepared.

### *Payment and Withdrawal*

All statements for services rendered are payable upon receipt, unless other arrangements have been made with the firm in advance. The Firm reserves the right to withdraw as counsel for any client that fails to pay bills in a timely manner in accordance with the provisions of this Agreement and the LFA however, in the event of any withdrawal as counsel, the Firm will forfeit any "uplift" of fees as set forth in subsection (b) of sections (iii)(a), (iii)(b), (iii)(c), (iii)(d) and (iii)(e) under the above section of "*Our Expenses and Compensation Arrangement*".

### *Client Responsibilities*

By agreeing to and accepting our representation as described in this letter, you agree to cooperate fully with us and to provide promptly all information known or available to you relevant to our representation. You will be available to attend meetings, conferences, hearings, and other proceedings on reasonable notice, and you agree to stay fully informed on all developments relating to all matters as to which we have been engaged. You also agree to pay our statements for services rendered and charges in accordance with the terms of this letter and the LFA.

### *Term of Engagement*

Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable Rules of Professional Conduct. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the

above matter and, if you so request, we will suggest to you possible successor counsel and provide it with whatever papers you have provided to us. If permission for withdrawal is required by a court, we will promptly apply for such permission, and we will assist you as you may desire to engage successor counsel to represent you.

Unless previously terminated, our representation of you as to this matter will terminate upon our sending you our final statement for services rendered. During our representation and following such termination, any otherwise nonpublic information you have supplied to us that is retained by us will be kept confidential in accordance with applicable Rules of Professional Conduct. At your request, your papers and property will be returned to you. Our own files, including lawyer work product, pertaining to the matter will be retained by the firm. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. In order to minimize unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained within a reasonable time after the termination of the engagement or the completion of the particular matter.

You are engaging our firm to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless you actually engage us after the completion to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal or other developments.

### *Conflicts*

We previously conducted a conflict examination and determined that no disqualifying conflict exists.

Under our profession's Rules of Professional Conduct, we must have undivided loyalty to our clients. This requirement means that a lawyer must refuse to accept or continue employment if the interests of another client may impair the independent professional judgment of the lawyer. In this regard, the Firm represents many other companies and individuals. It is possible that during the time we are representing you in this matter, some of our present or future clients will have disputes or transactions with you. As a result of these disputes or transactions, conflicts of interest may arise, and, when they do, we will address them with you in a manner consistent with our obligations under the Rules.

### *Questions*

Please discuss with me any questions you have about any of our services or any statements rendered to you.

We truly appreciate this opportunity to represent you. We look forward to working with you.

**MCDONALD HOPKINS LLC**

_____
Micah Marcus, Partner

**The terms of this engagement letter are hereby acknowledged, accepted and agreed to by Thomas W. Waldrep Jr., solely in his capacity as Trustee:**

| | |
|---|---|
| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #1, LLC | Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #2, LLC |
| By:_____ Name: Thomas W. Waldrep, Jr. | By:_____ Name: Thomas W. Waldrep, Jr. |
| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #3, LLC | Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company 7, LLC |
| By:_____ Name: Thomas W. Waldrep, Jr. | By:_____ Name: Thomas W. Waldrep, Jr. |
| Litigation Trustee appointed in the Chapter 11 Case of CAH Acquisition Company #1, LLC | Chapter 11 Trustee appointed in the chapter 11 case of CAH Acquisition Company 16, LLC |
| By:_____ Name: Thomas W. Waldrep, Jr. | By:_____ Name: Thomas W. Waldrep, Jr. |
| Chapter 7 Trustee appointed in the Chapter 7 case of CAH Acquisition Company 6, LLC | |
| By:_____ Name: Thomas W. Waldrep, Jr. | |