# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY #1, LLC,** | ) | **Case No: 19-00730-5-JNC** |
| **d/b/a WASHINGTON COUNTY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY #2, LLC,** | ) | **Case No: 19-01230-5-JNC** |
| **d/b/a OSWEGO COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY #3, LLC,** | ) | **Case No: 19-01180-5-JNC** |
| **d/b/a HORTON COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY 6, LLC,** | ) | **Case No: 19-01300-5-JNC** |
| **d/b/a I-70 COMMUNITY HOSPITAL,** | ) | **Chapter 7** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY 7, LLC,** | ) | **Case No: 19-01298-5-JNC** |
| **d/b/a PRAGUE COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor** | ) | |
| | ) | |
| **IN RE:** | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY 12, LLC,** | ) | **Case No: 19-01697-5-JNC** |
| **d/b/a FAIRFAX COMMUNITY HOSPITAL,** | ) | **Chapter 11** |
| | ) | |
| **Debtor** | ) | |

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CAH ACQUISITION COMPANY 16, LLC,** | ) | **Case No: 19-01227-5-JNC** |
| **d/b/a HASKELL COUNT COMMUNITY** | ) | **Chapter 11** |
| **HOSPITAL,** | ) | |
| | ) | |
| Debtor | ) | |

**RESPONSE TO MOTION FOR ORDER AUTHORIZING AND APPROVING (I)
LITIGATION FUNDING AGREEMENT WITH OMNI BRIDGEWAY (FUND 4) INVT. 3
L.P.; (II) ENGAGEMENT AGREEMENT WIH MCDONALD HOPKINS LLP
RELATED TO LITIGATION FUNDING; AND (III) ENGAGEMENT AGREEMENTS
WITH WALDREP WALL BABCOCK & BAILEY PLLC AND MCDONALD HOPKINS
LLP RELATED TO LITIGATION EFFECTIVE FROM AND AFTER APRIL 15, 2023**

**NOW COMES** the United States Bankruptcy Administrator for the Eastern District of
North Carolina ("BA") who hereby files this response to Thomas W. Waldrep, Jr.'s motion for
entry of an order (i) approving the Litigation Funding Agreement; (ii) authorizing the Litigation
Trusts, the Chapter 7 bankruptcy estate of CAH Acquisition Company #6, LLC, and the Trustee
to take all actions necessary or appropriate to effectuate the Funding Agreement; (iii) approving
the engagement agreement for fees and expenses incurred by McDonald Hopkins LLP related to
the marketing, documentation, negotiation, and approval of one or more litigation finance
arrangements; (iv) approving the engagement agreements for fees and expenses incurred by
Waldrep Wall Babcock & Bailey PLLC and McDonald Hopkins in the Litigation, effective as of
April 15, 2023; and, (v) granting such other and further relief as may be just and proper ("Trustee's
Motion). In support of this response, the BA shows the following:

1.      On April 2, 2019, the above-captioned bankruptcy cases were jointly administered,
with CAH Acquisition Company #1, LLC serving as the lead bankruptcy case. Thomas W.
Waldrep, Jr. ("Mr. Waldrep" or "Trustee") serves as the Trustee for the above-captioned Chapter
11 cases.

2.      On October 19, 2020, the bankruptcy case of CAH Acquisition Company 6, LLC was converted to Chapter 7. Mr. Waldrep serves as the Chapter 7 trustee for CAH Acquisition Company 6, LLC.

3.      In each bankruptcy case with a confirmed plan, the plan and confirmation order established a Litigation Trust. In accordance with the terms of the confirmed plans, on the Effective Date, each estate's title to all assets would automatically pass to the Litigation Trust. Additionally, each Litigation Trust would be governed by a Litigation Trust Agreement.

4.      According to the Trustee's Motion, the Effective Date in each of the bankruptcy cases with a confirmed plan has now occurred. Each Litigation Trust has been established and all Litigation Trust Agreements are now in effect.

5.      The BA is generally supportive of the Trustee's Motion. The Bankruptcy Administrator believes the Trustee's request to enter into the Litigation Funding Arrangement is a proper exercise of the Trustee's business judgment and discretion.

6.      The BA requests that the Trustee provide additional information and evidence to support the reasonableness of the request to amend the Litigation Engagement Agreements.  While the BA does not necessarily oppose an "uplift fee" or some other enhancement to professional fees allowed in the case, the allowance of such a request should only be permitted upon a showing of extraordinary circumstances. See, *Blum v. Stenson*, 465 U.S. 886, 899, 104 S. Ct. 1541, 1549 (1984) ("The 'quality of representation,' however, generally is reflected in the reasonable hourly rate. It, therefore, may justify an upward adjustment only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was 'exceptional.'"); see also, *In re Kohl*, 421 B.R. 115, 131 (Bankr. S.D.N.Y. 2009) ("Enhancement of the lodestar calculation is only appropriate in exceptional and rare circumstances and must be supported by detailed evidence and specific findings.")

**WHEREFORE**, the Bankruptcy Administrator respectfully responds to the Trustee's Motion; requests the Court hold a hearing on the Trustee's Motion; and, requests that such other and further relief be granted by the Court.

Respectfully submitted this 13th day of June 2023.

By:  /s/ Brian C. Behr
Brian C. Behr
U.S. Bankruptcy Administrator
NC Bar #36616
Office of the Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3881
brian_behr@nceba.uscourts.gov

## CERTIFICATE OF SERVICE

I, Brian C. Behr, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, a representative of the U.S. Bankruptcy Administrator's Office served copies of the foregoing document electronically upon the following:

Thomas W. Waldrep, Jr.          *served via: CM/ECF*
Waldrep LLP

Jason L. Hendren                *served via: CM/ECF*
Hendren, Redwine & Malone, PLLC

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 13th day of June 2023.

By:  /s/ Brian C. Behr
Brian C. Behr
U.S. Bankruptcy Administrator
NC Bar #36616
Office of the Bankruptcy Administrator
434 Fayetteville Street, Suite 640
Raleigh, NC 27601
(919) 334-3881
brian_behr@nceba.uscourts.gov