**SO ORDERED.**

**SIGNED this 22 day of August, 2023.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-00730-5-JNC |
| CAH ACQUISITION COMPANY #1, LLC, d/b/a WASHINGTON COUNTY HOSPITAL,[1] | CHAPTER 11 |
| IN RE: | CASE NO. 19-01230-5-JNC |
| CAH ACQUISITION COMPANY #2, LLC, d/b/a OSWEGO COMMUNITY HOSPITAL, | CHAPTER 11 |
| | (Jointly Administered) |
| IN RE: | CASE NO. 19-01180-5-JNC |
| CAH ACQUISITION COMPANY #3, LLC, d/b/a HORTON COMMUNITY HOSPITAL, | CHAPTER 11 |
| | (Jointly Administered) |
| IN RE: | CASE NO. 19-01300-5-JNC |
| CAH ACQUISITION COMPANY 6, LLC, d/b/a I-70 COMMUNITY HOSPITAL, | CHAPTER 7 |
| | (Jointly Administered) |

---

[1] The Court has entered orders directing the procedural consolidation and joint administration of the debtors' cases.

| | |
|---|---|
| IN RE:<br><br>CAH ACQUISITION COMPANY 7, LLC, d/b/a PRAGUE COMMUNITY HOSPITAL, | CASE NO. 19-01298-5-JNC<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| IN RE:<br><br>CAH ACQUISITION COMPANY 12, LLC, d/b/a FAIRFAX COMMUNITY HOSPITAL, | CASE NO. 19-01697-5-JNC<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| IN RE:<br><br>CAH ACQUISITION COMPANY 16, LLC, d/b/a HASKELL COUNTY COMMUNITY HOSPITAL, | CASE NO. 19-01227-5-JNC<br><br>CHAPTER 11<br><br>(Jointly Administered) |
| THOMAS W. WALDREP, JR., as Litigation Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RAMPEY ENTERPRISES INC.,<br><br>Defendant. | Adv. Proc. Nos. 22-00125-5-JNC; 22-00126-5-JNC; 22-00127-5-JNC; 22-00128-5-JNC; 22-00129-5-JNC; 22-00130-5-JNC; and 22-00131-5-JNC |

**ORDER GRANTING MOTION FOR ORDER TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT PURSUANT TO RULE 9019**

THIS MATTER came before the Court for consideration upon the *Motion for Order to Approve Compromise and Settlement Pursuant to Rule 9019* (the "Motion") filed by Thomas W. Waldrep, Jr., as Plaintiff and Litigation Trustee (the "Trustee")[2] in the above-captioned adversary proceeding, seeking approval of the Settlement Agreement, attached to the Motion as Exhibit A,

---

[2] Capitalized terms not defined herein shall have the meaning scribed to them in the Motion.

2

by and between the Trustee and RAMPEY ENTERPRISES INC. ("REI", the "Defendant" and together with Plaintiff, the "Parties").

Based upon the statements in the Motion (which are adopted and incorporated as if set forth herein), after sufficient notice and opportunity for hearing being provided, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought in this Motion is based upon Rule 9019 of the Bankruptcy Rules.

2. Plaintiff filed the above-captioned Adversary Proceedings against Defendant alleging that REI caused harm to the Debtors' businesses and alleging that REI received fraudulent transfers in connection with the Verifi Scheme, and Defendants filed its answers, in which, among other things, denied any wrongdoing by Defendants.

3. The Parties have reached a global settlement resolution as to all issues set forth in the above-captioned Adversary Proceedings.

4. The Plaintiff and the Defendant have entered into the settlement agreement, attached to the Motion as <u>Exhibit A</u> and incorporated herein by reference (the "<u>Settlement Agreement</u>").

5. The Court finds and orders that the terms of the Settlement Agreement evidenced in the Motion and incorporated herein are hereby approved in their entirety as being fair, equitable, and in the best interests of the Debtor's estate as required by Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ACCORDINGLY, the Court further FINDS AND ORDERS as follows:

1. The Motion and all terms and conditions of the Settlement Agreement are hereby granted and approved in all respects.

2. The Plaintiff and the Defendant are hereby authorized to execute and documents or take any actions as necessary to implement the Settlement Agreement without further order of the Court.

3. This Court shall retain the jurisdiction to resolve any disputes that may arise as the terms or implementation of the Settlement Agreement.

4. Upon entry of this order, the Plaintiff shall file a Notice of Dismissal after which this matter may be closed.

**END OF DOCUMENT**